IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

JUL 1 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| J.J., <br> A minor, by his mother <br> and next friend, <br> **LATONIA JENKINS** <br> 612 Franklin Street, N.E. <br> Washington, D.C. 20017 <br><br> and <br><br> **LATONIA JENKINS** <br> 612 Franklin Street, N.E. <br> Washington, D.C. 20017 <br>       Plaintiffs <br><br> v. <br><br> **GOV. OF DISTRICT OF COLUMBIA** <br> A municipal corporation, <br> 1350 Pennsylvania Ave., N.W. <br> Washington, D.C. 20004 <br><br>     Serve on: <br>     Attorney General of D.C. <br>     Attn: Janice Stokes or Darlene Fields <br>     One Judiciary Square <br>     441 4th Street, N.W., Suite 600 <br>     Washington, D.C. 20001 <br><br> and <br><br>     Mayor Adrian Fenty <br>     Office of the Secretary <br>     Attn: Gladys Herring or Designee <br>     1350 Pennsylvania Avenue, Ste. 419 <br>     Washington, DC 20004 | **Civil Action No:** <br><br><br><br> Case: 1:07-cv-01283 <br> Assigned To : Roberts, Richard W. <br> Assign. Date : 7/18/2007 <br> Description: Admn. Agency Review |

1

```
                                        *
CHANCELLOR                              *
The Chancellor, Michelle Rhee           *
District of Columbia Public Schools     *
825 North Capitol Street, NE            *
Washington, D.C. 20002                  *
                    Defendants(s)       *
****************************************
```

## COMPLAINT

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, the Individuals with Disabilities in Education Act, 20 U.S.C. §§1415 et seq., (herein IDEA); the Individuals with Disabilities Education Improvement Act of 2004, P.L. 108-446; the Rehabilitation Act of 1973 ("Section 504"); 29 U.S.C. §794; 42 U.S.C. §1983; 28 U.S.C. §§1331 and 1343. Declaratory relief is authorized by 28 U.S.C. §§2201 and 2202. The Court has pendent jurisdiction pursuant to 5 D.C.M.R. §§3000 et seq.

## PARTIES

2. J.J.. is an eleven-year old child with a disability in the custody of LaTonia Jenkins, in the District of Columbia. He has not yet been determined eligible as a child with a disability by DCPS pursuant to IDEIA and section 504. The mother brings this action on his behalf and in their own right.

3. The District of Columbia is a municipal corporation. As one of its governmental functions, Defendant operates the District of Columbia Public School System (DCPS). DCPS is responsible for affording children with disabilities in the District of Columbia all rights pursuant to IDEIA and section 504.

4. Michelle Rhee is the Chancellor of the District of Columbia Public Schools and is responsible for ensuring that all children in the District of Columbia receive a free, appropriate education (FAPE) and that their rights to equal protection of the law and due process of law are

## FACTS

5.  J.J. is an 11-year old student who has not yet been determined to need special education by DCPS.

6.  J.J. currently attends Noyes ES.

7.  On 03/28/06, the Mary Center issued a mental health progress report, diagnosing J.J. with a Conduct Disorder, and recommending that a psychosocial be performed, as well as further recommending that J.J. receive a placement in a highly-structured behavioral modification educational placement. The report also indicated that a psycho-educational evaluation was appropriate, considering the student's poor academic performance reflected learning disabilities.

8.  On 06/02/06, a Hearing Officer's Determination (HOD) was issued which ordered an independent psycho-educational evaluation and a comprehensive psychological evaluation (including a clinical) for J.J. The HOD further ordered DCPS to convene an MDT meeting within 15 business days of receipt of the independent evaluations to review the evaluations, determine eligibility and, if appropriate, develop an appropriate IEP, discuss and determine placement, and discuss and determine a compensatory education plan.

9.  On 08/17/06, an independent clinical psychological evaluation was completed. This evaluation stated that J.J. was below grade level in both reading and mathematics, and that his academic performance was impaired by his severe, negative social-emotional behavior. The clinical psychologist went on to diagnose J.J. with a Conduct Disorder, and subsequently recommended that he be placed in a small, structured classroom environment, that a Functional Behavioral Assessment should be performed, and that J.J. should receive both individual and group psychological therapy.

10. On 09/06/06, an independent psycho-educational evaluation was complete which categorized J.J.'s overall cognitive functioning as low, with low-average scores in both verbal and

nonverbal reasoning skills as well as spelling and math reasoning. His written expression and math calculation skills fell in the borderline range, and his reading comprehension was significantly delayed and deficient. Furthermore, the evaluation noted his history of disruptive behaviors and overall poor social-emotional conduct. The evaluation recommended that J.J. receive special education services as a student with the disability of Learning Disabled.

11.    On 10/02/06, the two independent evaluations were provided to DCPS via facsimile. Upon receipt of the evaluations, DCPS still failed to adhere to the 06/06/06 HOD by not convening the MDT / IEP meeting within the 15 business days to discuss J.J.'s eligibility or devise an IEP, discuss placement, or discuss and determine a compensatory education plan.

12.    On 12/19/06, a second HOD was issued. In this HOD, the hearing officer ruled that DCPS violated the 06/02/06 HOD, by failing to convene an MDT meeting within 15 days of receipt of the independent evaluations. The HOD then ordered DCPS to convene such a meeting before the beginning of the 2006 winter recess. However, despite a second HOD requiring DCPS to convene an MDT / IEP meeting, DCPS still neglected to schedule a meeting. No MDT meeting occurred before the winter recess, in violation of the 12/19/06 HOD. Additionally, no further evaluation of the student, such as a Functional Behavioral Assessment or a psychological consultation, both of which were recommended by the independent evaluations, was conducted.

13.    Pursuant to 34 CFR §300.304(c)(4), "each public agency must ensure that the child is assessed in all areas related to the suspected disability . . . " DCPS has demonstrated a continuous pattern of failure to evaluate J.J. for his suspected disabilities. The 06/02/06 HOD ordered that DCPS conduct a psycho-social and comprehensive psychological evaluation of J.J.; these evaluations were not completed until months later, when the parent obtained them independently. Furthermore, though the independent evaluations recommended that J.J. be further evaluated by conducting a Functional Behavioral Assessment and a psychological consultation, DCPS neglected to perform any additional tests to assess the student's poor social-

4

emotional functioning, even though he had been diagnosed with a conduct disorder, and deficient academic performance, indicative of a learning disorder.

14. Pursuant to 34 CFR §300.306(a)(1), upon the completion of evaluations, "a group of qualified professionals and the parent of the child determines whether the child is a child with a disability...." There have been two separate HODs issued which have ordered DCPS to convene an MDT meeting for J.J. to determine his eligibility, and if he is found to be disabled, to develop an IEP, discuss placement, and determine compensatory education plan. Nevertheless, DCPS has continued to engage in a denial of FAPE of J.J. by refusing to convene such an MDT meeting.

15. As a result of all the above violations and denials of appropriate services, the parent through counsel filed a due process complaint on 02/14/07. This complaint alleged that DCPS failed to comply with the 12/19/06 HOD, failed to provide J.J. with an appropriate placement, failed to provide him with an appropriate IEP or related services (including individual and group therapy), failed to complete a psychiatric consultation or a Functional Behavioral Assessment, and failed to provide J.J. with compensatory education for its denial of FAPE for the past two to three school years.

16. On 03/19/07, a resolution meeting was held between the parties. However as not all issues raised by the complaint could be resolved, parent, through counsel elected to move forward with the due process hearing.

17. On 04/05/07, a hearing was convened wherein parent through counsel disclosed the due process complaint, the 06/02/06 and 12/19/06 HODs, the 08/7/06 clinical evaluation, the 09/06/06 psycho-educational, the 10/02/06 facsimile confirmation to DCPS re: evaluations, the 03/28/06 Mary Center mental health progress report, J.J.'s 2006 SY grade report cards, suspension notices, an 03/23/06 letter from his school counselor, 03/29/06 document request letters, and 04/13/06 certificate of no records.

18. At the hearing, DCPS disclosed the 03/19/07 resolution meeting notes but did not disclose

any documentation to show attempts to adhere with the HODs or with IDEA.

19.  During the said hearing, DCPS did not provide any documentation to show that they had made any attempts to comply with the previous HODs, to convene the eligibility meeting.

20..  On 04/20/07, the hearing officer issued an HOD in which he dismissed the claim against DCPS, even though DCPS had yet to convene an MDT meeting for the student to discuss and determine his eligibility, develop an IEP, discuss placement or discuss and determine a compensatory education plan.

21  In the 04/20/07 HOD, the hearing officer made erroneous findings of fact and conclusions of law by finding that DCPS attempted to schedule MDT with parents counsel despite the evidence to the contrary which showed that DCPS only attempted to convene a resolution meeting as required by the IDEA upon the filing of the 02/14/07 due process complaint and not a MDT meeting as required by the HODs. Moreover, even though DCPS has been on notice of the student's continued poor academic performance and negative social-emotional behaviors, as evidenced by the 03/28/06 mental health progress report and independent evaluations, it has continuously failed to convene an MDT / IEP meeting for J.J., even upon request by the parent.

22.  Furthermore, the hearing Officer erred by relying on correspondence that predates the hearing officer's determination issued an HOD on 12/19/06 that formed the basis of the due process complaint. The 12/19/06 HOS ruled that DCPS had violated the 06/02/06 HOD in its failure to convene an MDT / IEP meeting upon receipt of the student's independent evaluations. The 12/19/06 HOD demonstrated proof that DCPS had not provided J.J. with an MDT / IEP meeting prior to the winter recess, and the facts on the record at the 04/05/07 hearing additionally revealed that DCPS did not convene, or offer to convene, an MDT meeting to discuss J.J.'s eligibility per the HODs.

## COUNT I

23. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

24. Defendants failure to provide plaintiff with free, appropriate education violates plaintiffs' rights under the IDEA and section 504.

## COUNT II

25. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

26. Defendants violated IDEIA and denied Plaintiff a FAPE when they failed to adhere to the 12/19/06 HOD and evaluate the student in all areas of suspected disability.

## COUNT III

27. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

28. The hearing officer erred in his decision to dismiss the case against DCPS without any credible evidence that DCPS complied or made any attempts to comply with the 12/19/06 HOD. Moreover, the record is replete with evidence that DCPS has continuously failed to comply with HODs and have failed to hold a MDT meeting to determine J.J.'s eligibility for special education.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray this Court to grant them the following relief:

1. Issue judgment for Plaintiffs and against defendants on all aforementioned counts;

2. Order that the April 20, 2007 Hearing Officer's Determination be reversed and the relief in the underlying due process complaint be granted;

3. Award Plaintiffs attorneys' fees and the costs of this action and of those relating to the due process hearing; and

4. Award any other and further relief the Court deems just and proper.

Respectfully submitted,
THE IWEANOGES' FIRM P.C.

By: _____
Jude C. Iweanoge, Bar #493241
IWEANOGE LAW CENTER
1026 Monroe Street, NE
Washington, D.C. 20017
Phone: (202) 347-7026
Fax: (202) 347-7108
Email: jci@iweanogesfirm.com

JS-44
(Rev.1/05 DC)

**CIVIL COVER SHEET**

07-1283
RWR

### I (a) PLAINTIFFS
J.J. et al.

11001

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Jude C. Iweanoge, Esq.
IWEANOGE LAW CENTER
1026 Monroe Street, NE
Washington, D.C. 20017

### DEFENDANTS
District of Columbia, et al.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF

Case: 1:07-cv-01283
Assigned To : Roberts, Richard W.
Assign. Date : 7/18/2007
Description: Admn. Agency Review

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
⊙ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

⊙ **C. Administrative Agency Review**
☐ 151 Medicare Act
Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)** OR ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(3)

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
IDEIA -- Denial of FAPE

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE July 18, 2007   SIGNATURE OF ATTORNEY OF RECORD  _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.