## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Latonia Jenkins, et al.,** | |
| **Plaintiffs,** | **Civil No. 07-1283 (RWR)** |
| **v.** | |
| **District of Columbia, et al.,** | |
| **Defendants.** | |

## DEFENDANTS' ANSWER TO COMPLAINT

Defendants, by counsel, hereby answer Plaintiffs' Complaint as follows (paragraph numbers below correspond to the paragraph numbers in the Complaint):

1.      Defendants admit that Plaintiffs have jurisdiction under the Individuals With Disabilities Education Improvement Act of 2004, 20 U.S.C. 1400 et seq. ("IDEIA"). The remaining allegations in paragraph 1 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

2.      Defendants admit that J.J. is an eleven year old child in the custody of LaTonia Jenkins, his mother, who brings this action on behalf of her son. Defendants are without sufficient knowledge and information to answer the remaining allegations in paragraph 2 at this time.

3.      Defendants admit that the District of Columbia is a municipal corporation.

The remaining allegations in paragraph 3 are conclusions of law and/or the pleader, to which no response is required.  If a response is required, then the same are denied.

4.      Defendants admit that Michelle Rhee is the Chancellor of the District of Columbia Public Schools.  The remaining allegations in paragraph 4 are conclusions of law and/or the pleader, to which no response is required.  If a response is required, then the same are denied.

5.      Defendants admit that J.J. is an eleven year old student.  Defendants are without sufficient knowledge and information to answer the remaining allegations in paragraph 5 at this time and so deny the same.

6.      Defendants admit the allegations in paragraph 6.

7.      Defendants admit that the Mary Center generated a mental health report of March 28, 2006.  The remaining allegations in paragraph 7 are the pleader's characterizations of the report notes, which speak for themselves, to which no response is required.  If a response is required, then the same are denied.

8.      Defendants admit that an administrative hearing officer's determination ("HOD") was issued on June 2, 2006.  The remaining allegations in paragraph 8 are the pleader's characterizations of the HOD, which speaks for itself, to which no response is required.  If a response is required, then the same are denied.

9.      Defendants admit that an independent psychological evaluation was completed on August 17, 2006.  The remaining allegations in paragraph 9 are the pleader's characterizations of the psychological report, which speaks for itself, to which no response is required.  If a response is required, then the same are denied.

10.     Defendants admit that an independent psychological evaluation was completed on September 6, 2006.  The remaining allegations in paragraph 10 are the pleader's characterizations of the psychological report, which speaks for itself, to which no response is required.  If a response is required, then the same are denied.

11.     Defendants are without sufficient knowledge and information to answer the allegations in paragraph 11 at this time and so deny the same.

12.     Defendants admit that an HOD was issued on December 19, 2006.  The remaining allegations in paragraph 12 are the pleader's characterizations of the HOD, which speaks for itself, to which no response is required.  If a response is required, then the same are denied.

13.     The allegations in paragraph 13 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

14.      The allegations in paragraph 14 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

15.     The allegations in the first sentence of paragraph 15 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.  The remaining allegations in paragraph 15 are the pleader's characterizations of the administrative due process complaint, which speaks for itself, to which no response is required.  If a response is required, then the same are denied.

16.     Defendants admit that a resolution meeting was convened on March 19, 2007 and that no resolution was reached by the parties.  The remaining allegations in paragraph 16 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

17.     Defendants admit that a due process hearing convened on April 5, 2007. The remaining allegations in paragraph 17 are the pleader's characterizations of the due process hearing transcript, which speaks for itself, to which no response is required. If a response is required, then the same are denied.

18.     The allegations in paragraph 18 are the pleader's characterizations of the due process hearing transcript, which speaks for itself, to which no response is required. If a response is required, then the same are denied.

19.     The allegations in paragraph 19 are the pleader's characterizations of the due process hearing transcript, which speaks for itself, to which no response is required. If a response is required, then the same are denied.

20.     Defendants admit that an HOD was issued on April 20, 2007. The remaining allegations in paragraph 20 are the pleader's characterizations of the HOD, which speaks for itself, to which no response is required. If a response is required, then the same are denied.

21.     The allegations in paragraph 21 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

22.     The allegations in paragraph 22 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

## COUNT I

23.      Defendants incorporate as though restated each of the answers stated in paragraphs 1-22 above.

24.     The allegations in paragraph 24 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

## COUNT II

25.     Defendants incorporate as though restated each of the answers stated in paragraphs 1 through 24 above.

26.     The allegations in paragraph 26 are conclusions of law and/or the pleader, to which no response is required.  If a response is required, then the same are denied.

## COUNT III

27.     Defendants incorporate as though restated each of the answers stated in paragraphs 1 through 26 above.

28.     The allegations in paragraph 28 are conclusions of law and/or the pleader, to which no response is required.  If a response is required, then the same are denied.

**BY WAY OF FURTHER ANSWER**, Defendants deny all allegations contained in the complaint not otherwise responded to or admitted.

## FIRST AFFIRMATIVE DEFENSE

This Court is without jurisdiction because Plaintiffs have failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Hearing Officer's Decision is supported by substantial evidence in the administrative record and should be affirmed.

## THIRD AFFIRMATIVE DEFENSE

Any harm caused by a delay in providing a FAPE to JJ since the HOD was issued is a direct result of Plaintiffs' ninety day delay in filing this complaint and their 120 day delay in serving Defendants.

Respectfully submitted,

LINDA SINGER
Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

*/s/ Amy Caspari*
AMY CASPARI [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7794

January 4, 2008