UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
————————————————————————      )
                                          )
J. J. a minor, by his mother and          )
next friend LATONIA JENKINS, et al.,      )
                                          )
            Plaintiffs,           )            Civil Action No. 07-1283 (RWR)
                v.                        )
District of Columbia, et al.,             )
                                          )
            Defendants.           )
                                          )
————————————————————————      )
```

## NOTICE OF FILING ADMINISTRATIVE RECORD

Defendants hereby file the administrative record in the above captioned case.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the
District of Columbia

GEORGE VALENTINE
Deputy Attorney General
Civil Litigation Division


/s/ Edward P. Taptich
EDWARD P. TAPTICH [012914]
Chief, Equity Section 2

 /s/ Maria Merkowitz
MARIA MERKOWITZ, [312967]
Senior Assistant Attorney General
Equity Division
441 4th Street, N.W., 6S
Washington, D.C. 20001
(202)442-9842
Fax – (202) 727-3625
Email–maria.merkowitz@dc.gov

May 6, 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LATONIA JENKINS, et al,          )

      Plaintiffs,          )

      v.          )          Civil Action No.07-1283 (RWR)

DISTRICT OF COLUMBIA, et al    )

      Defendants.          )

## Index of Administrative Record

|  | **Page** |
|---|---|
| 1. Certification of Record | 1 |
| 2. HOD, 4/20/07 | 2-6 |
| 3. Letter of acceptance from High Road to Christopher Anwah, 4/3/07 | 7-8 |
| 4. Plaintiff's Response to DCPS' Motion for Pre-Hearing Summary Decision, 4/3/07 | 9-11 |
| 5. DCPS' Motion for Pre-Hearing Summary Decision, 3/29/07 | 12-16 |
| DCPS-01 Due Process Complaint Notice, 2/14/07 | 17-21 |
| DCPS-02 ENCORE Meeting Notes | 22 |
| 6. Plaintiff's Disclosure letter dated 3/29/07 w/att. | 23-26 |
| JJ-01 Due Process Complaint Notice | 27-34 |
| JJ-02 HOD, 12/19/06 | 35-39 |
| JJ-03 HOD, 6/2/06 | 40-44 |
| JJ-04 Clinical Psychological Evaluation, 8/20/06 | 45-50 |
| JJ-05 Psycho-educational Evaluation, 9/6/06 | 51-59 |

JJ-06  Facsimile cover page and confirmation, 10/2/06     60-61

JJ-07 Progress Notes     62-64

JJ-08 5th Grade Report Card, SY 2006     65-67

JJ-09 Notices of Disciplinary Action, Grade 4, Grade 5     68-71

JJ-10 Letter from Tubman ES to Children's Hospital, 3/23/06     72

JJ-11 Letter from Gonzalez to Tubman ES, 3/29/06     73-78

JJ-12 Certificate of No Records, 4/13/06     79

JJ-13 Curriculum Vitae for Sharon Millis, A. Benay Glymph, Derek Marryshow     80-91

7.  DCPS Disclosure Statement dated 3/29/07, w/att.     92-93

DCPS-01 Due Process Complaint Notice, 2/14/07     94-98

DCPS-02 Meeting Notes, 3/19/07     99

DCPS-03 ENCORE Attendance List     100-105

8.  Letter from Tubman ES to Children's Hospital, 3/23/06     106

9.  Hearing Notice, 3/22/07     107

10.  MDT Meeting Notes, 3/19/07     108-109

11.  Letters of Invitation, meeting confirmations for resolution meeting, from 11/8/06 through 3/19/07     110-129

12.  Scheduling Memorandum, 2/2/07     130-131

13.  Due Process Complaint Notice, 2/1/07     132-140

14.  Transcript of Hearing, 4/5/07     141-215

# CERTIFICATION OF RECORD

INDIVIDUALS WITH DISABILITIES EDUCATION ACT (IDEA) 20 USC § 1400

## Office of Compliance & Review
### *STUDENT HEARING OFFICE*
#### SPECIAL EDUCATION

In the Matter RE:  **J———, J———— vs. DCPS**

Case Information:  Hearing Dates: **04/05/2007**
  Held at: **District of Columbia Public Schools**
  **825 North Capitol Street, N.E.**
  **Washington, D.C. 20002**
  Student Identification Number: **9060907**
  Student's Date of Birth: **———1995**
  Attending School: **Noyes Elementary**
  Managing School: **Noyes Elementary**
  Hearing Request Date(s): **02/02/2007**

## CERTIFICATION OF RECORD

I, **Shawnta Maddox, Legal Assistant of the Student Hearing Office**,

DO HEREBY CERTIFY that the attached Record of Proceeding is the entire record in

the above entitled matter as of this date, consisting of all letters, pleadings, orders,

exhibits and depositions.

I FURTHER CERTIFY that the materials forwarded herewith are the true copy

of the original documents submitted in this matter.

EXECUTED this Tuesday, December 11, 2007.

**LEGAL ASSISTANT**
**STUDENT HEARING OFFICE**

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## ENFORCEMENT AND INVESTIGATION DIVISION
### SPECIAL EDUCATION DUE PROCESS HEARING
### CONFIDENTIAL

Seymour DuBow, Due Process Hearing Officer
825 North Capitol Street, N.E., 8th Floor
Washington, D.C. 20002
(202) 442-5432; (202) 442-5556 (fax)

## HEARING OFFICER'S DETERMINATION

| | | |
|---|---|---|
| In the Matter of | ) | |
| | ) | |
| ██████ ██████, student | ) | |
| Date of Birth: ████/95 | ) | |
| | ) | |
| Petitioner, | ) | DATE OF HEARING: |
| | ) | April 5, 2007 |
| v. | ) | |
| | ) | |
| The District of Columbia Public Schools | ) | Attending School: |
| | ) | Noyes E.S. |
| | ) | |
| Respondent | ) | |

**Counsel for Parent/Student:**     Georgina Oladokun, Esq.
1003 K Street, N.W.
Washington, D.C. 20001

**Counsel for DCPS:**     Quinne Harris-Lindsey, Esq.
825 N. Capitol Street, N.E.,
Washington, D.C. 20002

2007 APR 20 AM 9: 58
DC PUBLIC SCHOOL SYSTEM

2

**INTRODUCTION:**

A hearing was held at the District of Columbia Public Schools (DCPS), 825 N. Capitol Street, N.E., Washington, D.C. 20002, on April 5, 2007, at the request of Georgina Oladokun, counsel for the parent and the student. Quinne Harris-Lindsey represented DCPS, the other party to this hearing.

**JURISDICTION:**

The hearing was held and this decision was written pursuant to the Individuals with Disabilities Education Act (IDEA) (P.L. 101-476), reauthorized as the IDEA Improvement Act of 1997 (P.L. 105-17) 20 U.S.C. 1400 Et. seq; further reauthorized as the IDEA Improvement Act of 2004 (P.L. 108-446); and their current regulations, specifically the Code of Federal Regulations at 34 CFR Part 300 and District of Columbia Municipal Regulations, Chapter 30, Education Handicapped, Title V, Sections 3000-3099.

**ISSUES:**

1.    **Did DCPS deny a Free Appropriate Public Education (FAPE) to the student by failing to convene an MDT/Eligibility Meeting?**

**DOCUMENTS SUBMITTED INTO EVIDENCE BY STUDENT:**

**JJ-1-JJ-13**

**DOCUMENTS SUBMITTED INTO EVIDENCE BY DCPS:**

**DCPS-1-DCPS-4**

**TESTIFIED AT THE HEARING:**

| | |
|---|---|
| **LaTonia Jenkins** | **Parent** |
| **Dean Weeks***  | **Director, High Road Middle School** |
| **(* Testified by telephone)** | |

**FINDINGS OF FACT:**

1.    The student is an eleven-year-old male who is currently attending Noyes Elementary School where he enrolled in October 2006.

2.    Independent psycho-educational and clinical evaluations were completed and sent to DCPS at Tubman Elementary School by counsel for the

3

student on October 2nd 2006. (JJ-6) Tubman E.S. was the previous school the student attended prior to attending Noyes.

3.  On November 8, 2006, the special education coordinator of DCPS's Noyes E.S. sent to counsel for the parent a Letter of Invitation via fax to an MDT Meeting at three possible times to review evaluations and determine eligibility and discuss compensatory education. (DCPS-4) There is no response from counsel to the parent in the record.

4.  On January 10, 2006, Noyes sent out another Letter of Invitation to counsel for the parent via fax with three different dates for an MDT meeting to review evaluations, discuss eligibility, develop an IEP and discuss placement. (DCPS-4) There is no response from counsel to the parent in the record

5.  A third Letter of Invitation was sent in February and counsel for the parent responded on February 26, 2007, she could not make those dates and proposed new dates. The special education coordinator responded via fax on February 28, 2007 that those dates do not work and proposed March 6th and 9th to meet. Counsel for the parent responded on March 6th that those dates did not work for the parent and suggested alternative dates including March 16, 2007. The special education coordinator faxed on March 7th a Letter of Invitation for the March 16th time. On March 9th counsel for the parent confirmed the March 16th time. The meeting was then rescheduled to March 19th pursuant to a telephone conversation between counsel for the parent and the special education coordinator. (DCPS-4)

6.  On March 19th 2007, the resolution meeting was convened where an eligibility meeting and SEP meeting were offered at the parent's next available date, but counsel for the parent rejected the offer and the resolution meeting was unresolved. The MDT Notes state: "Mr. Edwards states that DCPS/Noyes Elementary School has made at least five attempts to schedule a resolution meeting for J▆▆▆ J▆▆▆ since his enrollment in October 2006. Noyes Elementary has provided copies of the documentation of letters of invitation and related correspondences faxed to the law Offices of Christopher Anwah, PLLC dates October 27, 2006 through March 19th, 2007 to Ms. Jani Tillery, ESQ on behalf of the parent."(DCPS-2)

## DISCUSSION AND CONCLUSIONS OF LAW:

Counsel for the parent has not met her burden of proof that DCPS denied a FAPE to the student by failing to convene an MDT eligibility meeting. The above Findings of Fact show that DCPS tried on several occasions to convene an MDT meeting to review evaluations and determine eligibility. The above Findings of Fact also show that several Letters of Invitation were faxed to counsel for the parent offering various dates to

4

convene an MDT meeting. The above Findings of Fact further show that many of the delays in convening an MDT meeting were caused by a lack of response or unavailability of counsel for the parent and the parent. This fact pattern is similar to the facts in *Lesesne v. D.C. (Civil* Action No. 04-0620, July 26th 2005).    Federal District Judge Kollar-Kotelly ruled in that case: "Plaintiff-spurred on by a quest for attorney's fees- was actively avoiding that meeting and postponing any progress until an Administrative Hearing on the matter…Holding out for a hearing where an administrative officer may order an IEP/MDT meeting when the invitation to such a meeting has already been sent further delays the process." As the Fourth Circuit Court of Appeals held in *Combs v. School Bd. of Rockingham County*, 15 F. 3d 357, 364 (1994); "[T]he school district should have been given notice and the opportunity to rectify the situation before Combs brought an administrative action and subsequent lawsuit." U.S. District Judge Messite in *Sanger v. Montgomery County Board of Education*, 916 F. Supp. 518 (U.S.D.C. MD. 1996) relied on *Combs* and stated: "The Sangers' efforts to jump directly to a due process hearing in March, 1992, rather than engage in a CARD meeting, is especially troubling because such an approach has the effect of short-circuiting the educational review process." This hearing officer finds that counsel for the parent engaged in the same type of troubling conduct of holding out for a hearing instead of going through the MDT educational review process that the above federal courts found further delays the educational process to the detriment of the student and fails to give the school district an opportunity to rectify the situation. At this stage, it is in the best interests of the student for counsel for the parent to directly contact counsel for DCPS to arrange a mutually agreeable date to hold an MDT Eligibility Meeting at Noyes Elementary School.

It is hereby **ORDERED** that:

**The case is DISMISSED.**

**This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 90 days of the rendering of this decision.**

Seymour DuBow, Esq.
Impartial Hearing Officer                    Date filed: April 20, 2007

Date Issued:

# ATTENDANCE SHEET

**STUDENT'S NAME:** _____

**SCHOOL OF ATTENDANCE:** _____

**D.O.B:** _____

**HEARING DATE:** 4/5/07    **ROOM:** 8115    **TIME:** ___ J ___ A.M./**P.M.**

| PARTICIPANT NAME: | ON BEHALF OF DCPS OR STUDENT: | TITLE: |
|---|---|---|
| Quinne Harris-Lindsey | DCPS | Attorney Advisor |
| Rashida J. Wilson | DCPS | Atty - Advisor |
| Georgina A. Oladokun | Student | Atty Advisor |
| Fatmata Barrie | Student | Atty |
| Latonia Jenkins | Parent | Mother |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

_____
Impartial Hearing Officer

Revised 10/17/2006                    6

# Facsimile Transmittal

The High Road Middle School of Washington, DC
1530 First Street, SW
Washington, DC 20024
Tel.: (202) 479-0089     Fax: (202) 479-4709

☐ Ms. Georgia Vergos, Chief School Director
☒ Mr. Dean Weeks, Senior Middle School Director
☐ Mr. David Clarke, Admissions Recruiter
☐ Ms. Julie Ennis, Social Worker
☐ Ms. Wadiah Fuller, Social Worker
☐ Ms. Lisa Gordon, Social Worker
☐ Ms. Tina Dayton, Reading Specialist

| To: | *Georgina* | Fax: | |
|-----|-----|------|---|
| From: | | Date: | 4/3/07 |
| Re: | | Pages: | |
| CC: | | | |

☐ Urgent    ☒ For Review    ☐ Please Comment    ☐ Please Reply    ☐ Please Recycle

7

04/02/2007  02:02   2024794709     HIGH ROAD MIDDLE SCHOOL     PAGE   02/02



# HIGH ROAD

SCHOOL

Christopher Anwah
Law Offices
1003 K Street, NW Suite #500
Washington, DC 20001

April 3, 2007

RE: J███ J███████

Dear Mr. Anwah

We are please to inform you that we interviewed and conducted a tour with J███
J███████ and Ms. LaTonia Jenkins on April 3, 2007. We have concluded that J███ is an
appropriate candidate for enrollment into our ED program for the school year 2006-2007.

Based on our interview process and information provided, we can adequately address his
educational, behavioral and related services needs here at High Road Middle School.
Since J██████ does not current have an IEP, the enrollment decision was based on, but not
limited to his Psychological Evaluation dated 8/17/06 and a Clinical Psychological
Evaluation dated 8/17/06. J███████ placement and enrollment status is depended upon
proper documentation and authorization from DCPS.

Should J██████ be granted placement into High Road Middle School, he would be placed
in a classroom of six (6) students. The classroom is staffed by two (2) staff members; a
teacher and a teacher assistant. The current teacher, Mr. Harvey has passed both Praxis I
and Praxis II and is currently awaiting documentation certifying his credentials for
DCPS. J██████ would in a classroom with students sharing similar disabilities and related
services.

Thank you for referring J██████ to our program. We look forward to assisting him with
his academic and social development.

Sincerely,

Dean Weeks
Senior Director
High Road Middle Schools

cc:     David Clarke -          Admissions Director
        LaTonia Jenkins
        Student File

**STATE EDUCATION AGENCY FOR THE DISTRICT OF COLUMBIA**
**STATE ENFORCEMENT AND INVESTIGATION DIVISION (SEID)**
**SPECIAL EDUCATION PROGRAMS**

| | | |
|---|---|---|
| LaTonia Jenkins on behalf of | ) | |
| J██████ J██████, | ) | |
| 612 Franklin Street, N.E., | ) | |
| Washington, DC 20017 | ) | |
| | ) | |
| Attending School: Noyes ES | ) | **Chief Hearing Officer** |
| | ) | **David R. Smith, Esq.** |
| .v. | ) | |
| | ) | |
| District of Columbia Public Schools | ) | |
| 825 North Capitol, Street, NE | ) | **RESPONSE TO DCPS' MOTION** |
| Washington, DC 20002 | ) | **& MOTION TO DISMISS** |
| | ) | |

COMES NOW, LaTonia Jenkins, on behalf of J██████ J██████, (hereinafter "Petitioner"), by and through her attorneys, the Law Offices, Christopher N. Anwah, PLLC (hereinafter "counsel" or "attorney"), hereby provides its response to DCPS' Motion for Pre-Hearing Summary Decision ("Motion") filed on or about March 29, 2007.

I.     Dismissal of DCPS' Motion:
First and foremost, Petitioner, by and through her attorney's, hereby files this Motion to Dismiss DCPS' Motion for a Pre-Hearing Summary Decision because DCPS' claims and/or motion is unsupported by facts and exhibits.

Specifically, DCPS has misconstrued the facts and issues in parent's complaint(s) and have asserted erroneous allegations. DCPS has not made any attempts to convene an eligibility meeting and/or to offer to convene a meeting to discuss the student's need for psychiatric consultation. Further, Student has been continuously been enrolled in a DC Public School for the past 4 to 5 years, and DCPS has been on notice as to the needs of the child. Yet, DCPS has failed to timely evaluate the student, and have failed to convene an eligibility meeting for the student. Petitioner completed independent evaluations and forwarded these evaluations to DCPS with repeated requests to convene an MDT/Eligibility Meeting. Yet, DCPS has continuously failed to convene an MDT/IEP meeting for student. DCPS also failed to review the independent evaluations and failed to provide counsel for Petitioner with a copy of DCPS' review of the evaluations.

Counsel for DCPS relies on a 'DCPS Exhibit 2' in asserting that DCPS has attempted to convene an eligibility meeting for student. However, this same exhibit contradicts counsel for DCPS' entire Factual summary. Specifically, DCPS' Exhibit 2 indicates that DCPS has made attempts to schedule only a "resolution session." A resolution session is not an MDT/Eligibility meeting.

9

Additionally, it is noteworthy that DCPS claims they contacted parent and counsel for parent since October to schedule a resolution session, even though the Due Process Complaint was not filed until February 14, 2007. Further, DCPS has failed to include a copy of the invitation notice and the facsimile confirmation page and/or return receipt that was supposedly extended to Petitioner and counsel for petitioner requesting their participation in a resolution meeting and an eligibility/MDT meeting.

At this time, because the issues in the complaint have yet to be discussed, and/or resolved to parent's satisfaction, DCPS cannot request that petitioner's complaint be dismissed.

Therefore, Petitioner requests that the hearing officer, deny DCPS' Motion for Pre-Hearing Summary Decision and allow the matter to proceed on its merits.

Date: April 3, 2007                               Submitted by:

                                                  Georgina A. Oladokun, Esq.
                                                  Attorney for Parent


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing document was served on counsel for DCPS, Quinne Harris-Lindsey, Esq., at 202-442-5098/7 via facsimile on this 3rd day of April, 2007.

                                                  Georgina A. Oladokun, Esq.
                                                  Attorney for Parent

10

# LAW OFFICES,
## CHRISTOPHER N. ANWAH, PLLC

Attorneys and Counselors at Law

Christopher N. Anwah, Esq.
(DC, MD, NJ)
Fatmata Barrie, Esq.
(DC, FL)
Georgina A. Oladokun, Esq.
(DC, MD)
Allen Mohaber, Esq.
(MD)

Carpenter's Building
1003 K Street, N.W.
Suite 565
Washington, D.C. 20001
Phone: (202) 626-0040
Fax: (202) 626-0048
Email: chrisanwahfirm@chrisanwahfirm.com

## FACSIMILE COVER LETTER

**DATE:**
April 3, 2007

**TO:**
Hearing Officer Smith

**COMPANY:**
DCPS-Student Hearing Office

**FAX NUMBER:**
202-442-5556

**FROM:**
Georgina A. Oladokun, Esq.

**TOTAL NUMBER OF PAGES INCLUDING COVER SHEET:**

**MESSAGE:**
Please find attached a Response to DCPS' Motion for Pre-Hearing Summary Decision

Re: J█████ J█████, DOB: ██████/95.

If there is any problem with this transmission, please call as soon as possible at (202) 626-0040.

### ***CONFIDENTIALITY NOTICE***

The pages that accompany this facsimile transmission contain information from CHRISTOPHER N. ANWAH, PLLC, which is confidential or privileged, or both. The information is needed to be for the use of the individual or entity named on this cover letter. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this facsimile in error, please notify us by telephone immediately at 202-626-0040 so that we can arrange for the retrieval of the original documents at no cost to you.

11

State Education Agency for the District of Columbia
State Enforcement and Investigation Division (SEID)
Special Education Programs

J██████ J██████, DOB: ████1995

      Petitioner,

v.

District of Columbia Public Schools

      Respondent.

## DCPS' MOTION FOR PRE-HEARING SUMMARY DECISION

    DCPS, by and through the undersigned representative, hereby files this Motion for Pre-Hearing Summary Decision ("Motion").  DCPS respectfully requests this administrative body to dismiss the claim(s) stated in the Administrative Due Process Complaint ("Complaint")[1].  More specifically, DCPS submits that the underlying claims brought by parent, through her counsel, are unsupported by the facts.

I.    **Factual Summary**

    1)  J██████ enrolled at Noyes Elementary School (ES) in October 2006.

    2)  The complaint identifies no school in Section D.  Complaint Made Against.  See Exhibit 1.

    3)  Noyes ES made at least five (5) attempts to schedule meetings with the student's parents since his enrollment in October 2006.  Noyes ES sent letters of invitation and other correspondence to Petitioner's attorney of record, Jani Tillery.[2]

    4)  A psycho-educational evaluation was performed in October 2006.

    5)  A clinical evaluation was performed in September 2006.

---

[1] Petitioner's Administrative Due Process Complaint is attached as Exhibit 1.
[2] ENCORE Meeting Notes dated 03/19/2007.

6) Noyes ES' efforts to convene an eligibility meeting were thwarted by the Petitioner or her counsel.

7) Most recently, Noyes ES' offer to convene an eligibility meeting were refused by Petitioner's counsel.

8) Offers by Noyes ES staff to discuss the student's need for psychiatric consultation were refused by Petitioner's counsel.

9) Noyes ES' offer to schedule an eligibility meeting and SEP meeting were declined by Petitioner's counsel.

10) The above stated facts are uncontested and as such do not support a claim for "Child Find" violation.

11) The requested relief; i.e., compensatory education, cannot be granted because the student has not been found eligible for special education, largely due to the lack of cooperation of the Petitioner or her counsel.

12) These facts support a finding that the complaint filed was and is frivolous, unreasonable, or without foundation.

Based on the aforegoing, DCPS requests that the underlying Complaint be **DISMISSED**.

Respectfully Submitted,

Quinne Harris-Lindsey
Acting Supervisory Attorney Advisor
Office of the General Counsel
D.C. Public Schools
Telephone: 202-442-5604
Fax: 202-442-5097/8

## CERTIFICATE OF SERVICE

I, Quinne Harris-Lindsey, Esq., hereby certify that a copy of DCPS' Motion for Pre-

Hearing Summary Decision was served on March 29, 2007 on Jani Tillery, Esquire, Christopher

Anwah, PLLC, via facsimile at 202-626-0048. *(See attached fax confirmation)*

Quinne Harris-Lindsey, Esquire
Acting Supervisory Attorney Advisor

3

14



Office of the General Counsel
9th Floor
825 North Capitol St, NE
Washington, DC 20002
(202) 442-5000
Fax (202) 442-5098

# FACSIMILE

**Date:**    03-29-07

**To:**   Jani Tillery, Esquire          **Fax No.:**   202/626-0048

**CO:**  Christopher N. Anwah, PLLC,
      Law Offices                          **Tele. No.:**  202/626-0040

**FROM:**    Quinne Harris-Lindsey, Esquire   **Tele. No.:**  202/442-5604

**No. Pages, Including Cover Sheet:**   10 pps

**COMMENTS:** Re: J██████ J██████, DOB: ████/1995 – DCPS' Motion for Pre-Hearing Summary Decision.

---

## *CONFIDENTIALITY NOTICE*

*The information contained in this telefacsimile has been transmitted by an attorney.  It is privileged and confidential, intended only for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited.  If this communication has been received in error, please notify us immediately by telephone, and return the original message to us at the above address via first class prepaid US postage. Thank you.*

# hp LaserJet 9050mfp series



| Fax Call Report | 1 |
|---|---|

DCPS Office of General Counsel
2024425098
29-Mar-2007 06:50 PM

| Job | Date/Time | Type | Identification | Duration | Pages | Result |
|---|---|---|---|---|---|---|
| 4293 | 29-Mar-2007 06:47 PM | Send | 96260048 | 3:15 | 10 | Success |



Office of the General Counsel
9th Floor
825 North Capitol St, NE
Washington, DC 20002
(202) 442-5000
Fax (202) 442-5098

## <u>FACSIMILE</u>

**Date:** 03-29-07

**To:** Jani Tillery, Esquire

**Fax No.:** 202/626-0048

**CO:** Christopher N. Anwah, PLLC,
Law Offices

**Tele. No.:** 202/626-0040

**FROM:** Quinne Harris-Lindsey, Esquire **Tele. No.:** 202/442-5604

**No. Pages, Including Cover Sheet:** 10 pps

**COMMENTS: Re:** J████ J████, DOB: ████/1995 – DCPS' Motion for Pre-
Hearing Summary Decision.

---

<u>**CONFIDENTIALITY NOTICE**</u>

*The information contained in this telefacsimile has been transmitted by an attorney.  It is
privileged and confidential, intended only for the use of the individual or entity named above.  If
the reader of this message is not the intended recipient, you are hereby notified that any
dissemination, distribution or copy of this communication is strictly prohibited.  If this
communication has been received in error, please notify us immediately by telephone, and
return the original message to us at the above address via first class prepaid US postage.
Thank you.*

16



*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*

# Due Process Complaint Notice

- The form is used to give notice of a due process complaint to the District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office of the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting (called a "Resolution Session") with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. The Student Hearing Office does NOT schedule resolution meetings.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.  INFORMATION ABOUT THE STUDENT:

Student Name: J██████ J█████         Birth Date: ██████-95

Address:  6██ FRANKLIN STREET, NE WASHINGTON DC 20017

Home School:  _____NOYES ES_____

Present School of Attendance:  NOYES ES

Is this a charter school?  No          (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student:  Ms. LATONIA JENKINS

1

SEID DPCN Rev'd 08/25/06

J█████ J█████ ██████-95

DCPS- 01

Address (if different from the student's above): _____

Phone/Contact Number: 202-248-2642        Number (if applicable): _____

**B.**   ## Individual Making the Complaint/Request for Due Process Hearing:

Name:   Ms. LATONIA JENKINS

Complete Address:   612 FRANKLIN STREET, NE WASHINGTON, DC 20017

_____

Phone: (h) 202-248-2642     (w) _____   (Fax) _____   (e-mail) _____

Relationship to the Student:

x     Parent           ☐   Legal Guardian          ☐   Parent Surrogate

☐    Self/Student      ☐   Local Education Agency (LEA) ☐   Parent Advocate

**C.**   ## Legal Representative/Attorney (if applicable):

Name:   Jani S Tillery, Esq. (Law Offices, Christopher N. Anwah, PLLC)

Address:   1003 K Street, N.W., Suite. #565, Washington, DC 20001

_____

Phone: (w) 202-626-0040     (Fax) 202-626-0048     (e-mail) _____

Will attorney, legal representative attend the resolution session?   **X** Yes   ☐ No

**D.**   ## Complaint Made Against (check all that apply):

☐ DCPS school (name of the school if different from page one)_____
☐ Charter school (name of the charter school if different from page one) _____
☐ Non-public school or residential treatment facility (name) _____
☐ Parent

**E.**   ## Resolution Session Meeting Between Parent and LEA:

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

2

SEID DPCN Rev'1. 08//25/06

**X ☐** I wish to waive the Resolution Session Meeting

**F.**  **Mediation Process:**

IDEIA requires that any time a party requests a due process hearing; mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

☐    I am requesting mediation as an alternative to the resolution session meeting.

☐    I am requesting mediation and a due process hearing.

☐    I am requesting mediation **only** at this time.

**G.**  **Facts and Reasons for the Complaint:**

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions.  Provide complete details about all the facts supporting your claims. (You may attach additional pages if needed):

1.    What is the nature of the problem, including the facts relating to the problem that will need to be addressed at a Resolution Session meeting, a Mediation Conference, and/or a Due Process Hearing?

    A. DCPS has continuously failed to violate the "Child Find" statute of the IDEIA by failing to identify the student to determine eligibility for special education. The 120-day timeline has passed to identify the student, however, DCPS has failed to convene an MDT/IEP/Eligibility meeting and develop an appropriate IEP for J██████ As a result, the student has regressed academically and behaviorally.

2.    To the extent known to you at this time, how can this problem be resolved?

    A. DCPS to provide compensatory education for the past 2 to 3 years of denial FAPE for failing to promptly identify him under the "Child Find" statute.

    B. DCPS to fund an independent tutor to implement the compensatory education plan.

3.    Issues presented:

    A. Whether DCPS denied J████ a Free Appropriate Public Education (FAPE) when it failed to comply with the "Child Find" statute of the IDEIA?

**H.**  **Estimated amount of time needed for the hearing:**  _____

Note: In the absence of a specified amount of time, the SHO schedules hearings in two hour blocks of time and will allocate two hours to conduct the hearing. Please indicate if you believe more than two hours will be needed.

3

SEID DPCN Rev't. 08/25/06

J█████ J██████ ─────── ████-95

**I.**  <u>**Accommodations and Assistance Needed**</u>:

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other _____

**J.**  <u>**Waiver of Procedural Safeguards**</u>:

☐ I (parent/guardian) waive receiving a copy of the procedural safeguards at this time.

**K.**  <u>**Parent Signature and Affirmation**</u>:

I affirm that the information provided on this form is true and correct.

_____    _____
Signature of Parent or Guardian                    Date

**L.**  <u>**Signature of Attorney/ Legal Representative**</u>:

_____    02/14/07
Legal Representative / Advocate                    Date

**M.**  <u>**Signature of LEA Representative (if hearing requested by LEA)**</u>:

_____    _____
Representative of LEA                    Date

4

Mail, fax or deliver this complaint notice to:
State Enforcement and Investigation Division
For Special Education Programs (SEID)
Student Hearing Office (SHO)
825 North Capitol Street, NE, 8th Floor
Washington, DC  20002
Fax number: 202/442-5556

5

SEID DPCN Rev'd. 08/25/06

**DISTRICT OF COLUMBIA PUBLIC SCHOOLS**
WASHINGTON, D.C.

## MEETING NOTES

HOD

Student: J███ ██    J███ ██        ID: 9060907    Case Number: 200700000397    Date: 03/19/2007

This is a Resolution Meeting to respond to the most recently filed complaint filed March 2, 2007 in regards to J█████ J███████.

All parties are present.The regular education teacher was officially excused from this resolution meeting

Mr. Edwards states that DCPS/Noyes Elementary school has made at least five attempts to schedule a resolution meeting for J█████ J███████ since his enrollment in October 2006. Noyes Elementary has provided copies of the documentation of letters of invitation and related correspondences faxed to the law of Offices Christopher Anwah, PLLC dated October 27, 2006 through  March 19th, 2007 to Ms. Jani Tillery, ESQ on behalf of the parent.

In keeping with the resolution relief requested by the parent, Noyes has offered to assess J█████ J███████ for a Functional Behavioral assessment to be performed by the MDT. Noyes has also offered to hold an eligibility Meeting/IEP to review the psycho-educational and clinical evaluations done in October and September of 2006. Also, Noyes has offered to discuss compensatory education and placement at the eligibility meeting. In addition, Noyes has offered to discuss related services such as, counseling and therapy at the eligibilty meeting. Noyes also wanted to discuss the need for an psychiatric consultation because the clinical was not specific in explaining the need for a consultation. Ms. Tillery didn't want to address this concern at this time.

The MDT explained that services, if warranted, could not be provided to J█████ without the eligibility meeting in order to review the results of the evaluations, nor could additional assessments be ordered until the parent has given consent through the Student Evaluation Plan.  Noyes offered to schedule the eligibility and SEP meeting at the parent's next available date.  The Parent's advocate, Ms. Tillery, declined the offer.

The resolution meeting is unresolved at this time.

☐ Additional Form Needed 22

District of Columbia Public Schools        04-05-2005        Division of Special Education        Meeting Notes

DCPS-02

# LAW OFFICES,
# CHRISTOPHER N. ANWAH, PLLC

Attorneys and Counselors at Law

Christopher N. Anwah, Esq.
  (DC, MD, NJ)
Fatmata Barrie, Esq.
  (DC, FL)
Georgina A. Oladokun, Esq.
  (DC, MD)
Allen Mohaber, Esq.
  (MD)
Jani Tillery, Esq.
  (DC)

Carpenter's Building
1003 K Street, N.W.
Suite 565
Washington, D.C. 20001
Phone: (202) 626-0040
Fax: (202) 626-0048
Email: chrisanwahfirm@chrisanwahfirm.com

March 29, 2007

Quinne Harris-Lindsey, Esq.
Office of General Counsel
825 North Capitol Street, NE
9th Floor
Washington, DC 20002      **Via Facsimile: 202-442-5098/7**

RE:   J███ J█████
DOB:   ███/95

### Disclosure of Witnesses and Documents

Dear Ms. Harris-Lindsey:

Pursuant to the five-day rule set forth in 34.C.F.R. 509 (a) (3), attached is a list of witnesses and documents, which we intend to rely on for the upcoming Due Process Hearing scheduled for April 5, 2007.

### Witnesses*

1. LaTonia Jenkins – Parent, 612 Franklin Street, N.E., Washington, D.C. 20017, 202-248-2642
2. J███ J█████ - Student, 612 Franklin Street, N.E., Washington, D.C. 20017, 202-248-2642
3. David Clark and/ or designee - High Road School, 1246 Taylor Street, N.W., Washington, D.C. 20011, 202-722-7900
4. Karen Plowden and/or designee – Rock Creek Academy, 4401 Connecticut Avenue, Washington, DC 20008, 202-378-1400

*Witnesses may testify by telephone

5-day Discl. Contd. re J⬛⬛, J⬛⬛, DOB: ⬛⬛/95.

5.  Claire Stuessy and/or designee – Little Blue House, 524 Irving Street, N.W. Washington, DC 20010, P.O. Box 4363, Washington, DC 20010, 202-291-2100.
6.  Neek Paire and/or designee – Little Blue House, 524 Irving Street, N.W. Washington, DC 20010, P.O. Box 4363, Washington, DC 20010, 202-291-2100.
7.  Carl Foster and/or designee – Little Blue House, 524 Irving Street, N.W. Washington, DC 20010, P.O. Box 4363, Washington, DC 20010, 202-291-2100.
8.  Lydia Curtis and/or designee – Probation Officer, 500 Indiana Avenue, N.W. Washington, DC 2001, 202-324-4418
9.  Sharon Millis and/or designee – Expert and/or Knowledgeable Person in Special Educational, 11666 Cygnet Drive, Waldorf, Maryland 20601, 301-870-6474
10. A. Benay Glymph and/or designee- Educational Adviser/ Expert and/or Knowledgeable Person in Compensatory Education, 630 Potomac Avenue, Silver Spring, Maryland 20910, 301-906-2027
11. Derek Marryshow and/or designee-Psychologist/ Expert and/or Knowledgeable Person in Special Educational,5104 Aldershot Drive, Lanham, Maryland 20706, 301-333-2009.

## Documents

| | |
|---|---|
| JJ-01 | 02/01/07 Due Process Complaint |
| JJ-02 | 12/19/06 HOD |
| JJ-03 | 06/02/06 HOD |
| JJ-04 | 08/17/06 Clinical Psychological Evaluation |
| JJ-05 | 09/06/06 Psycho-educational Evaluation |
| JJ-06 | 10/02/06 Facsimile Cover Page & Confirmation to DCPS re: Evaluations |
| JJ-07 | 03/28/06 Mary Center Mental Health Progress Report |
| JJ-08 | SY 2006-2006 5th Grade Report Cards and Teacher Comments |
| JJ-09 | Suspension Notices |
| JJ-10 | 03/23/06 Letter from School Counselor |
| JJ-11 | 03/29/06 Document Request Letters |
| JJ-12 | 04/13/06 Certificate of No Records |
| JJ-13 | A. Benay Glymph, Derek Marryshow, and Sharon Millis' Curriculum Vitas |

We reserve the right to disclose additional documents as they become available, the right to rely on DCPS' witnesses and evidence as if disclosed by us and the right to rely on documents previously disclosed to counsel for any prior hearings or procedures. We also reserve the right to produce rebuttal witnesses and to object to expert witnesses without curriculum vitae. Should you have any questions or need additional information, please do not hesitate to contact me.

Sincerely,

Georgina A. Oladokun, Esq.

cc: SHO

*Witnesses may testify by telephone*

# LAW OFFICES,
# CHRISTOPHER N. ANWAH, PLLC

**Attorneys and Counselors at Law**

Christopher N. Anwah, Esq.
(DC, MD, NJ)
Fatmata Barrie, Esq.
(DC, FL)
Georgina A. Oladokun, Esq.
(DC, MD)
Allen Mohaber, Esq.
(MD)
Jani Tillery, Esq.
(DC)

**Carpenter's Building**
1003 K Street, N.W.
Suite 565
Washington, D.C. 20001
Phone: (202) 626-0040
Fax: (202) 626-0048
Email: chrisanwahfirm@chrisanwahfirm.com

## FACSIMILE COVER LETTER

**DATE:**

March 28, 2007

**TO:**

Quinne Harris-Lindsey, Esq.

**COMPANY:**

DCPS-OGC

**FAX NUMBER:**

202-442-5097/8

**FROM:**

Georgina A. Oladokun, Esq.

**TOTAL NUMBER OF PAGES INCLUDING COVER SHEET:** _69_

**MESSAGE:**

Please find attached a 5-day disclosure re J████ J█████, DOB: █████/95.

If there is any problem with this transmission, please call as soon as possible at (202) 626-0040

***CONFIDENTIALITY NOTICE***

The pages that accompany this facsimile transmission contain information from CHRISTOPHER N. ANWAH, PLLC, which is confidential or privileged, or both. The information is needed to be for the use of the individual or entity named on this cover letter. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this facsimile in error, please notify us by telephone immediately at 202-626-0040 so that we can arrange for the retrieval of the original documents at no cost to you.

**DATE:**

March 28, 2007

**TO:**

Quinne Harris-Lindsey, Esq.

**COMPANY:**

DCPS-OGC

**FAX NUMBER:**

202-442-5097/8

**FROM:**

Georgina A. Oladokun, Esq.

**TOTAL NUMBER OF PAGES INCLUDING COVER SHEET:**  69

**MESSAGE:**

Please find attached a 5-day disclosure re J~~ehbon Jenkins~~, DOB: ~~12/15~~/95.

If there is any problem with this transmission, please call as soon as possible at: (202) 626-0040

***CONFIDENTIALITY NOTICE***

The pages that accompany this facsimile transmission contain information from CHRISTOPHER N. ANWAH, PLLC, which is confidential or privileged, or both. The information is needed to be for the use of the individual or entity named on this cover letter. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this facsimile in error, please notify us by telephone immediately at 202-626-0040 so that we can arrange for the retrieval of the original documents at no cost to you.

TRANSMISSION VERIFICATION REPORT

TIME    : 03/29/2007 21:27
NAME    : CHRISTOPHER ANWAH PL
FAX     : 2026260048
TEL     : 2026260040
SER.#   : BROF5J290803

DATE,TIME          03/29 21:07
FAX NO./NAME       4425097
DURATION           00:19:31
PAGE(S)            69
RESULT             OK
MODE               STANDARD
                   ECM

26

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*

JJ·01



# *Due Process Complaint Notice*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or** parents with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. <u>A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).</u>

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office of the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- <u>Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.</u> Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting (called a "Resolution Session") with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings.**

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.  **INFORMATION ABOUT THE STUDENT:**

Student Name:       J▬▬ J▬▬▬s       Birth Date:   ▬-95

Address:    612 FRANKLIN STREET, NE WASHINGTON DC 20017

Home School:     NOYES ES

Present School of Attendance:   NOYES ES

        Is this a charter school?   No       (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student:   Ms. LATONIA JENKINS

1

J▬▬ J▬▬ ----- ▬7-95

27

Address (if different from the student's above): _____

Phone/Contact Number:  202-248-2642          Number (if applicable): _____

**B.**    <u>**Individual Making the Complaint/Request for Due Process Hearing**</u>:

Name:    Ms. LATONIA JENKINS

Complete Address:    612 FRANKLIN STREET, NE WASHINGTON, DC 20017

Phone: (h) 202-248-2642      (w) _____      (Fax) _____      (e-mail) _____

Relationship to the Student:

X      Parent                ☐      Legal Guardian              ☐      Parent Surrogate

☐      Self/Student          ☐      Local Education Agency (LEA) ☐      Parent Advocate

**C.**    <u>**Legal Representative/Attorney (if applicable)**</u>:

Name:    Christopher Anwah, Esq. (Law Offices, Christopher N. Anwah, PLLC)

Address:  1003 K Street, N.W., Suite. #565, Washington, DC  20001

Phone: (w)   202-626-0040          (Fax) 202-626-0048          (e-mail) _____

Will attorney / legal representative attend the resolution session?      **X** Yes        ☐ No

**D.**    <u>**Complaint Made Against (check all that apply)**</u>:

☒DCPS school (name of the school if different from page one) _____
☐Charter school (name of the charter school if different from page one) _____
☐Non-public school or residential treatment facility (name) _____
☐Parent

**E.**    <u>**Resolution Session Meeting Between Parent and LEA**</u>:

I understand that it is my right to have a resolution meeting to resolve this complaint.  I also understand that I may voluntarily waive this right if I choose. (Note:  All parties must agree to waive the resolution meeting to avoid having this meeting.)

2

SEID DPCN Rev'd. 08/25/06                    Jenkins Jenkins -------- 000095

28

**X**☐ I wish to waive the Resolution Session Meeting

## F.    Mediation Process:

IDEIA requires that any time a party requests a due process hearing; mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

☐    I am requesting mediation as an alternative to the resolution session meeting.

☐    I am requesting mediation and a due process hearing.

☐    I am requesting mediation **only** at this time.

## G.    Facts and Reasons for the Complaint:

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions. Provide complete details about all the facts supporting your claims. (You may attach additional pages if needed):

1.    What is the nature of the problem, including the facts relating to the problem that will need to be addressed at a Resolution Session meeting, a Mediation Conference, and/or a Due Process Hearing?

A.  DCPS has failed to comply with the HOD issued on 12-19-06, by failing to convene an MDT/Eligibility/IEP placement meeting for the student before the beginning of 2006 Winter Recess. The 12-19-06 HOD states that DCPS was to review the current evaluations and determine the student's eligibility for special education services.

B.  DCPS has continuously failed to provide an appropriate placement for J██████ although his Clinical Psychological evaluation of 08-17-06 recommended a full time small structured therapeutic placement so that his special academic behavior needs could be met. He is currently at Noyes and not progressing.

C.  DCPS has failed to provide J█████ with an appropriate IEP because a MDT/IEP has not been held to develop an appropriate IEP to include his recent evaluations, specifically the psycho-educational evaluation from 09-06-06 and the clinical psychological evaluation from 08-17-06.

D.  DCPS has continuously failed to complete a Functional Behavior Assessment to address his severe behavior problems and it was also recommended by the 08-17-06 clinical psychological evaluation.

E.  DCPS has continuously failed to complete a psychiatric consultation for J█████ although it was recommended by the 08-17-06 Clinical Psychological evaluation.

3

J█████ J██████ ——— ███-95

F. DCPS has continuously failed to provide J█████ with all his related services including counseling although the Clinical Psychological evaluation of 08-17-06 recommended that he participate in individual and group therapy.

G. DCPS has failed to provide J█████ with compensatory education for the denial of FAPE for the past two to three school years for failing to properly and timely evaluate J█████ and review his evaluations, for failing to comply with the HOD of 12-19-06, for failing to provide him with an appropriate IEP, and placement to address the student's academic and behavior concerns, and provide the student with all his related services. As a result of the denial of FAPE, the student has regressed academically and behaviorally.

2.     To the extent known to you at this time, how can this problem be resolved?

A. DCPS to fund an appropriate placement at a facility of the parent's choice.

B. DCPS to convene an Eligibility/MDT/IEP/Placement meeting to discuss evaluations, assessments, placement, and develop an appropriate IEP to meet the student's special education needs.

C. DCPS to provide J█████ with an appropriate IEP incorporating all the necessary evaluations and assessments.

D. DCPS to fund an independent Functional Behavior Assessment to address his behavior issues.

E. DCPS to fund an independent Psychiatric consultation for J█████ as recommended by the 08-17-06 Clinical Psychological evaluation.

F. DCPS to provide J█████ with all his related services including counseling and transportation.

G. DCPS to provide compensatory education for failing to convene an SEP/MDT/IEP meeting to develop an appropriate educational plan for J█████ to address his academic and behavior concerns. Specifically, that DCPS provide student with compensatory education services to allow the student to progress to the level he would have been, but for the denial of FAPE.

H. DCPS to fund an independent tutor to implement the compensatory education plan.

3.     Issues presented:

A. Whether DCPS denied J█████ a Free Appropriate Public Education (FAPE) when it failed to provide him with an appropriate placement?

B. Whether DCPS denied J█████ FAPE when it failed to comply with the HOD issued on 12-19-06?

C. Whether DCPS denied J█████ FAPE when it failed to provide him with an appropriate IEP?

4

J█████ J█████ ──── █████-95

30

D. Whether DCPS denied J▮▮▮ FAPE when it failed to complete and fund a Functional Behavior Assessment to address his behavior issues?

E. Whether DCPS denied J▮▮▮ FAPE when it failed to evaluate J▮▮▮ in all areas of his suspected areas by not completing a Psychiatric consultation as recommended by the 08-17-06 Clinical Psychological evaluation?

F. Whether DCPS denied J▮▮▮ FAPE when it failed to provide him with appropriate special education and all his related services including counseling and transportation?

G. Whether DCPS denied J▮▮▮ FAPE when it failed to provide him with the needed compensatory education for the past and present denial of FAPE?

## H.    Estimated amount of time needed for the hearing:    _____

Note: In the absence of a specified amount of time, the SHO schedules hearings in two hour blocks of time and will allocate two hours to conduct the hearing. Please indicate if you believe more than two hours will be needed.

## I.    Accommodations and Assistance Needed:

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other _____

## J.    Waiver of Procedural Safeguards:

☐ I (parent/guardian) waive receiving a copy of the procedural safeguards at this time.

## K.    Parent Signature and Affirmation:

I affirm that the information provided on this form is true and correct.

_____
Signature of Parent or Guardian                    Date

5

J▮▮▮ J▮▮▮ ------▮▮▮▮.95

**L.**    <u>**Signature of Attorney/ Legal Representative:**</u>

_____      2/1/07
Legal Representative / Advocate                01/30/07
                                                          Date


**M.**    <u>**Signature of LEA Representative (if hearing requested by LEA):**</u>

_____      _____
Representative of LEA                                      Date


**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

6

32



# LAW OFFICES OF
# CHRISTOPHER N. ANWAH, PLLC

**Attorneys and Counselors at Law**

Christopher N. Anwah, Esq.
   (DC, MD, NJ)
Fatmata Barrie, Esq.
   (DC, FL)
Georgina A. Oladokun, Esq.
   (MD)
Allen Mohaber, Esq.
   (MD)
Jani S. Tillery, Esq.
   (DC)

Carpenter's Building
1003 K Street, N.W.
Suite 565
Washington, D.C. 20001
Phone: (202) 626-0040
Fax: (202) 626-0048
Email: chrisanwahfirm@chrisanwahfirm.com

## FACSIMILE COVER LETTER

**DATE:** 02/1/07

**TO: SHO**

**COMPANY:** SHO

**FAX NUMBER:** 202-442-5556

**FROM:** Jani S. Tillery, Esq.

**RE:** J█████ J██████ Due Process Complaint

**TOTAL NUMBER OF PAGES INCLUDING COVER SHEET** 7

**MESSAGE:** Please find the Due Process Complaint for J█████ J██████, DOB ████-95. If you have any questions, please contact me at the number above. Thank you.

33

# FACSIMILE COVER LETTER

**DATE:** 02/1/07

**TO: SHO**

**COMPANY:** SHO

**FAX NUMBER:** 202-442-5556

**FROM:** Jani S. Tillery, Esq.

**RE:** Jenkins Jenkins Due Process Complaint

**TOTAL NUMBER OF PAGES INCLUDING COVER SHEET** 7

**MESSAGE:** Please find the Due Process Complaint for Jenkins Jenkins, DOB ////95. If you have any questions, please contact me at the number above. Thank you.

ECM
STANDARD
00:02:01
07
OK
4425556
02/01  17:00

MODE
RESULT
PAGE(S)
DURATION
FAX NO./NAME
DATE,TIME

BROF5J290803  :  SER.#
2026260040  :  TEL
2026260048  :  FAX
CHRISTOPHER AMWAH PL  :  NAME
02/01/2007 17:02  :  TIME

TRANSMISSION VERIFICATION REPORT

**District of Columbia Public Schools**
*State Enforcement Investigative Division*
**STUDENT HEARING OFFICE**
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556

JJ·02



***FACSIMILE SHEET***

Date:  December 19, 2006


To:  F. Barrie


Re:  J█████, J█████


TOTAL NUMBER OF PAGES, INCLUDING COVER: 7

# District of Columbia Public Schools

## State Enforcement and Investigation Division
### *confidential*

H. St. Clair, Esq., Due Process Hearing Officer
825 North Capitol Street, NE   8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

*2006 DEC 19 AM 11:19 DC PUBLIC SCHOOL SYSTEM*

| | |
|---|---|
| In the Matter of<br><br>J██████ J██████, student<br>Date of Birth: ████████, 1995<br><br>          Petitioner,<br><br>     versus<br><br>The District of Columbia Public Schools,<br>Home School: Noyes Elementary School,<br>Attending: Noyes Elementary School,<br><br>         Respondent. | **IMPARTIAL<br>DUE PROCESS HEARING**<br><br><br>**DECISION & ORDER**<br><br><br>Request Date:   October 16, 2006<br>Hearing Date:  November 8, 2006<br><br>Held at:  825 North Capitol Street, NE<br>           Eighth Floor, Hearing Room 1<br>           Washington, D.C. 20002 |

| | |
|---|---|
| **Parent:** | Latonia Jenkins<br>612 Franklin Street, NE<br>Washington, D.C. 20017 |
| **Counsel for the Parent/Student:** | Fatmata Barrie, Esq.<br>**Christopher N. Anwah, P.A.**<br>1010 Vermont Avenue, NW, Suite 600<br>Washington, D.C. 20005 |
| **District of Columbia Public Schools:** | Daniel L. McCall, Esq., Attorney-Advisor<br>**Office of the General Counsel, DCPS**<br>825 North Capitol Street, NE  9th Floor<br>Washington, D.C. 20002 |

An INDEX of NAMES is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant witnesses. The index will be detached before release of this DECISION & ORDER as a public record.

i

36

**INDEX of NAMES** for J█████ J██████

**Hearing Date:**  November 8, 2006


Appearing on behalf of DCPS:  None.

Appearing on behalf of the parent/student:

1. Latonia Jenkins, mother
2. Holly Rutter, social worker, Little Blue House
3. Lanita Paire, Little Blue House
4. Jani Tillery, Esq.


No testimony was received.

ii

## INTRODUCTION

On October 16, 2006, Counsel for the Parent filed the herein Complaint on behalf of the parent and student complaining the District of Columbia Public Schools (DCPS) denied a Free Appropriate Public Education (FAPE) to the student. Specifically, Counsel for the Parent complained of failure on the part of DCPS to provide special education services to the student.

The Student Hearing Office, DCPS, scheduled a hearing in this matter for 9:00 A.M., Friday, December 8, 2006 at DCPS Headquarters, 825 North Capitol Street, NE - 8th Floor, Hearing Room 1, Washington, D.C. 20002. The hearing convened as scheduled.

## JURISDICTION

The hearing convened under Public Law 108-446, The Individuals with Disabilities Education Improvement Act of 2004, Title 34 of the Code of Federal Regulations, Part 300, and Title V of the District of Columbia Municipal Regulations.

**ISSUES:**   **Did DCPS violate the Hearing Officer's Determination/ Decision (HOD) issued in this matter June 2, 2006?**

## SUMMARY of the EVIDENCE and FINDINGS of FACT

By facsimile dated December 1, 2006, DCPS disclosed 8 witnesses and 1 document.

By facsimile dated December 1, 2006, the parent disclosed 13 witnesses and 13 documents.

Counsel for the Parent referenced paragraph 2 of the ORDER in the June 6, 2006 HOD[1] and represented that evaluations were delivered to DCPS October 2, 2006; that the ordered MDT/IEP meeting was overdue October 24, 2006.

The Attorney-Advisor could not confirm any meeting in compliance with paragraph 2 of the June 6, 2006 ORDER.

The hearing officer determined that DCPS violated the June 6, 2006 HOD and made the following

## ORDER

1. Before the beginning of 2006 Winter Recess, DCPS will schedule an MDT/Eligibility/IEP/ Placement meeting for the student. At the said meeting evaluations will be reviewed and the

1 of 2 pages

---

[1] Parent Document No 13

the student's eligibility for special education services discussed and determined. If the student is determined ineligible, a Notice of Ineligibility will be issued at the said meeting. If the student is determine eligible, an IEP will be completed and a Notice of Placement issued within 5 schooldays of the said meeting if a DCPS placement is recommended; if a non-public placement is recommended, a Notice of Placement will be issued within 30 days of the said meeting.

2. If the student is determined eligible for special education services at the said MDT/Eligibility/IEP/ Placement meeting, the form, amount and delivery of compensatory education, if any, will be discussed and determined. For disputes under this paragraph, either party may request a hearing.

3. For the said MDT/Eligibility/IEP/Placement meeting scheduling is to be through and notices are to be sent to Counsel for the Parent except that, for everyday of unavailability of parent/educational advocate/Counsel for the Parent, the deadline herein will be extended one day. For disputes under this paragraph, documentation of the parties will be relied upon to determine the good faith of each party.

4. In the event of violation of this ORDER, either party may request an expedited hearing or a teleconference with the undersigned.

This is **THE FINAL ADMINISTRATIVE DECISION**. Appeal can be made to a court of competent jurisdiction within ninety (90) days of the issue date of this decision.

_____   Date: Dec. 19, 2006
H. St. Clair, Esq., Hearing Officer

Issued: 12/19/2006
Student Hearing Office, DCPS

2 of 2 pages

39

### District of Columbia Public Schools
### *State Enforcement Investigative Division*
### STUDENT HEARING OFFICE

825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556

JJ·03



### *FACSIMILE SHEET*

Date:  June 2, 2006

TO:   Tamika Jones

FROM:  STUDENT HEARING OFFICE

RE:  J̶████, J̶████

TOTAL NUMBER OF PAGES, INCLUDING COVER: 5

COMMENTS:

*CONFIDENTIALITY NTOICE*:  The information accompanying this facsimile is intended only for the use of the individual or entity named above.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
ENFORCEMENT AND INVESTIGATION DIVISION

SPECIAL EDUCATION DUE PROCESS HEARING

CONFIDENTIAL

<u>HEARING OFFICER'S DETERMINATION</u>

STUDENT: J█████ J██████         DATE OF BIRTH: ██/██/95

ADDRESS: 1448 Park Road, N.W.
Washington, D.C. 20010

PRESENT SCHOOL ATTENDING: Tubman E.S.
HOME SCHOOL:  Same

DATE OF HEARING: May 31, 2006

Student's Representative: Tamika Jones, Esq.
Address: 1003 K Street, N.W.
Washington, D.C. 20001
FAX: 202-626-0048

School System's Representative: Rashida Wilson, Esq.
Address: 825 N. Capitol Street, N.E., Washington, D.C. 20002

DC PUBLIC
SCHOOL SYSTEM
2006 JUN -2 AM 11: 20

41

## INTRODUCTION:

A hearing was held at the District of Columbia Public Schools (DCPS), 825 N. Capitol Street, N.E., Washington, D.C. 20002, on May 31, 2006, at the request of Tamika Jones, counsel for the parent and the student. Rashida Wilson represented DCPS, the other party to this hearing.

## JURISDICTION:

The hearing was held and this decision was written pursuant to the Individuals with Disabilities Education Act (IDEA) (P.L. 101-476), reauthorized as the IDEA Improvement Act of 1997 (P.L. 105-17) 20 U.S.C. 1400 Et. seq.; and their current regulations, specifically the Code of Federal Regulations at 34 CFR Part 300; further reauthorized as the IDEA Improvement Act of 2004 (P.L. 108-446) and District of Columbia Municipal Regulations, Chapter 30, Education Handicapped, Title V, Sections 3000-3099.

## ISSUE:

1.    Did DCPS fail to evaluate the student in all areas of suspected disability?

## DOCUMENTS SUBMITTED INTO EVIDENCE BY DCPS:

## NONE

## DOCUMENTS SUBMITTED INTO EVIDENCE BY STUDENT:

## JJ-1-JJ-9

## FINDINGS OF FACT:

1.    The student is a ten-year-old male who is currently attending the fifth grade at Tubman Elementary School.

2.    The student's report card shows he is below level in both reading and mathematics. The teacher's comment in the second advisory is that the student often needs one-to-one assistance in reading and math. The teacher wrote she is very concerned about his very slow progress. (JJ-3)

3.    The school counselor wrote to Children's Hospital on March 23rd 2006 asking that he be evaluated that date because of his fights in school and history of being verbally and physically explosive. The school counselor also wrote that the mother would like to have drug tests done to determine if there has been drug use that is impacting his behavior and physical

2

appearance. (JJ-5) The student has been suspended this school year. (Testimony of Mother, JJ-4)

4.  On March 28th 2006, the student was seen at Mary's Center/Mental Health Rehabilitation Service. The psychiatry notes state: "School system contacted written and requested recommendations which are the following:…In view of current functioning, I consider that Joshua would benefit at placement in a highly structured behavioral modification educational placement…Diagnosis: Axis I 312.81 Conduct Disorder, Childhood Onset 305.20 Cannabis Abuse…Addendum: Teacher's report was reviewed and is considered that child needs a complete Psycho-educational Assessment, the report reflects possible learning disabilities." (JJ-2)

5.  DCPS's Tubman E.S. received a copy of the above report from Mary's Center. The parent has not been invited to any meeting at school to determine if the student is eligible for special education. (Testimony of mother)

## DISCUSSION AND CONCLUSIONS OF LAW:

Counsel for DCPS introduced no evidence and is unable to meet DCPS's burden of proof that it took steps to evaluate this student for a suspected disability. Counsel for the parent has presented evidence that DCPS has received a copy of the Mary's Center Report that has diagnosed the student with a conduct disorder and possible learning disabilities and recommended a highly structured behavioral modification educational placement. DCPS is aware of the student's behavioral problems and the school counselor has written to Children's Hospital to see him in light of his behavioral problems including fighting at school and being verbally and physically explosive and also wrote to Mary's Center requesting recommendations. The student's teacher has reported that she is very concerned about his slow progress and the report card shows he is below level in both reading and math. Despite the above clear evidence that the child has a suspected disability and may be eligible for special education services, DCPS has failed to evaluate the student in violation of the "child find" requirements of *IDEA* at Section 612 (a) of *IDEA 2004* and *IDEA 1997* at *20 U.S.C. 1412(a)* and the 1999 implementing regulations at *34 C.F.R. 300.125(a)*.

It is hereby **ORDERED** that:

1.  **DCPS shall fund an independent psycho-educational and a comprehensive psychological evaluation including a clinical within the Superintendent's Guidelines.**

2.  **DCPS shall convene a MDT/Eligibility Meeting within 15 business days of receipt of the independent evaluations to review the evaluations and determine eligibility. If found eligible, the MDT team**

shall develop an appropriate IEP, discuss and determine placement, and discuss and determine compensatory education and develop and implement a compensatory education plan.

3.    The parent is the prevailing party in this action.

    This is the final administrative decision in this matter.  Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

Seymour DuBow, Esq.
Impartial Hearing Officer              Date filed: June 2, 2006

Date Issued: 6/2/06

4

44



**interdynamics, inc.**
**Evaluations and Therapy**

JJ· 04

10001 Derekwood Lane, Suite #120
Lanham Maryland 20706
Phone: 301.306.4590
Fax: 301.306.4591
www.interdynamicsinc.com

## CONFIDENTIAL
## CLINICAL PSYCHOLOGICAL EVALUATION

**Name:** J███ J██████                    **School:** Harriet Tubman Elementary School
**Date of Birth:** ██████████, 1995       **Grade:** 6th Grade
**Age:** 10 years, 9 months                **Date of Evaluation:** August 17, 2006
                                           **Date of Report:** August 20, 2006

**Examiner:**      Carola Jobe, Psy.D.
                   Psychology Associate

**Supervisor:**    James Moses Ballard, II, Ph.D.
                   Licensed Clinical Psychologist
                   MD 1160; DC 354

### REASON FOR REFERRAL

J█████ was referred for a Clinical Evaluation to assess the presence of mental and/or emotional factors that may negatively impact on his ability to function in the school and social environment effectively.

### Tests and Techniques Administered:

    Clinical History with Ms. Latonia Jenkins, mother
    Clinical Interview with J██████
    Beck Youth Inventories for Children and Adolescents (Beck-Youth)
    The Beery–Buktenica Developmental Test of Visual-Motor Integration (VMI),
    administered by Dr. Burleigh
    Children Sentence Completion Test
    Graphic Projective Drawings: house, tree, male person and female person
    Children's Apperception Test (CAT)

### BACKGROUND INFORMATION

The background information was provided by J██████ mother, Ms. Jenkins and by a review of the school records and past evaluations. J██████ is a 10-year-old African American male and 6th grade student at Harriet Tubman Elementary School. He shares his home with his mother and five siblings. He has an older sister who is away at college. Reportedly, J██████ biological father is sometimes active in his life; although he does not live with the family.

Ms. Jenkins reported that there were no complications while she was pregnant with J██████. She denied drug use or alcohol use during the pregnancy. However, she noted smoking approximately eight cigarettes per day then cutting back to four cigarettes per day, during the pregnancy. J██████ was born a healthy baby at thirty eight weeks with no complications during the birth process. Developmental milestones occurred within normal limits; he crawled at 9 months,

45

J▮▮▮▮▮ J▮▮▮▮▮▮                                                                    2
Date of Birth: ▮▮▮▮/1995                                      Clinical Psychological Evaluation
                                                                Date of Report: 08/20/06

walked at 12 months, spoke using sentences at 22 months, and was potty trained at two years.
His mother noted that J▮▮▮▮ was a very quiet baby and was hospitalized at 3-years-old for a
high fever. She denied further childhood illnesses or head injuries.

Ms. Jenkins reported that J▮▮▮▮▮ friends are much older than he is and that "marijuana does
something to his judgment." While interviewing J▮▮▮▮, he stated that he smoked marijuana
every week. Ms. Jenkins reported that J▮▮▮▮, at 7-years-old, would leave the home and return
with money and would not discuss his whereabouts. She stated that he was making money at the
gas station helping people pump their gas. Ms. Jenkins stated, "once you turn your back, he's
gone." She reported that J▮▮▮▮ became agitated, would return home after 12 midnight, and
would sleep late. She noted that the police would bring him home after curfew. Ms. Jenkins stated
that J▮▮▮▮ was away from the home without her permission, during the summer for three weeks,
skipped school during that time, and when he returned slept past 2-3 PM in the afternoon. She
noted this behavior twice during the summer. She also stated that during the final three weeks of
school, J▮▮▮▮ would leave home to attend school but was truant from school during that time.
Ms. Jenkins reported that J▮▮▮▮ has problems relating with other children, seems impulsive,
hides his feelings, sometimes have a short attention span, and sometimes lacks self-control. He
enjoys football. He receives below average grades in school.

Ms. Jenkins reported that J▮▮▮▮ 12-year-old sister is diagnosed with mental retardation. She
denied any further learning disabilities or psychological problems in the family of origin. J▮▮▮▮
was psychiatrically hospitalized at Mary's Center/Mental Health Rehabilitation Services on
3/28/06, reportedly for aggressive behavior at school after having hit a teacher.

In interviewing J▮▮▮▮, he reported that he was in a stolen car with his friend and hence his stay
in juvenile detention. He reported that he also has an armed robbery charge on his record for
attempting to rob an individual of his bike. He denied having a weapon, stating, "They said I had a
knife." J▮▮▮▮ stated that he was not attending school because "I didn't want to." He stated that
sometimes he feels that he has too much energy and "just don't want to go to sleep." He denied
appetite changes, suicidal or homicidal ideation, and visual and/or auditory hallucinations.

**BEHAVIORAL OBSERVATIONS**

J▮▮▮▮ currently resides in a juvenile detention facility and was accompanied to the evaluation by
an attendant. He was dressed in an undershirt and short pants with the boxer shorts showing. He
is within the average range for height and weight. He is left-handed and sucks his thumb. There
were no observed abnormalities in his gait, balance, speech, or language. His affect and mood
were stable across the evaluation. His request for money from the evaluator was denied. He bites
his nails and at one point took a paper clip and used it on his nail cuticles.

J▮▮▮▮ was constantly moving, singing, and drumming during the evaluation. He sang a rap song
during the administration of the projective drawings, stated that he could not draw, and that the
female drawing was "ugly." During the administration of the CAT, he stated that it was for babies
and why could it not be adult cards with "sex." During the clinical interview section, J▮▮▮▮ was
very guarded and suspicious of the evaluator. He displayed problems with his thinking in terms of
ideas of reference. For example, he stated that the evaluator was an undercover police who
would "turn him in" and who works for the court and "wants to put him back." J▮▮▮▮ did not
complete all items on the Children's Sentence Completion Test. However, he completed all other
instruments. Therefore, the following results should be considered to be representative of his
current emotional and personality functioning.

**OTHER RELEVANT INFORMATION**

A letter written by Franchon Barron, Licensed Professional School Counselor, to Children's
Hospital on 3/23/06 requesting an evaluation, was reviewed. The letter stated that J▮▮▮▮ had a

J█████ J████████                                                                    3
Date of Birth: █████/1995                                    Clinical Psychological Evaluation
                                                            Date of Report: 08/20/06

"sudden and rapid change in his physical appearance within the last week." Reportedly, J██████
was "emaciated," his eyes were "sunken in," and his lips were "heavily chapped." The letter stated
that J█████ had lost interest in attending school and was truant without his mother's knowledge.
Reportedly, he was escorted to school by the police after five days of absence without his
mother's permission. Reportedly, his mother stated that J█████comes home at various hours at
night and lies about his whereabouts. Reportedly, she also stated that more than one time,
J█████ said he wanted to "kill" her. According to the letter, J█████has a history of fighting other
students and being verbally and physically explosive.

J█████ was admitted to Mary's Center/Mental Health Rehabilitation services on 3/28/06.
According to the record, he was referred for aggressive behavior at school after having hit a
teacher and being suspended. Reportedly, J█████ blamed his behavior on others, stating that his
was secondary to other people's behaviors. The record stated that J███████ mother ignores his
behavior and that he has been verbally violent towards her. He was diagnosed with 305.20
Cannabis Abuse and 312.89 Conduct Disorder, Childhood Onset.

J█████ has been suspended various times from school. He was suspended in 2004 for being
away from the classroom without permission and for not following directions. He was suspended
on 11/9/05 for five days for choking another student. His 5th grade report card noted below grade
level reading and mathematics, disruptive and inattentive behavior during lessons in math and
reading, and difficulty completing assignments without assistance.

**TEST RESULTS AND INTERPRETATION**

**Personality and Emotional Functioning**

J█████ completed four scales of the BDI-Youth, a self-report instrument that assesses the child's
current experience of depression, anxiety, anger, and disruptive behavior. The BDI scale
examines the quality of the child's mood and identifies characteristic symptoms of depression.
The BAI scale assesses fears, worry, and physiological signs of anxiety. The BANI scale
examines perceptions of mistreatment, negative thoughts about others, feelings of anger, and
physiological arousal. The BDBI measures behaviors and attitudes associated with conduct
disorder and oppositional-defiant behavior.

The results of the BDI-Youth indicated Average levels of depression, anxiety, anger, and
disruptive behavior. Therefore, J█████ does not perceive himself to currently be in emotional
distress, suggesting some level of denial of emotions.

J██████ was also administered projective testing techniques including Projective Drawings, the
CAT, and the Children's Sentence Completion Test. The Graphic Projective Picture Drawing
required him to draw a house, a tree, a male figure and a female figure. When J██████
approached this task, he stated, "I can't draw like that." When he finished the female drawing he
stated, "She's ugly." When he approached the drawing of the tree, he stated, "I can't even draw a
tree." J██████ drawings were very distorted, asymmetrical, and immature. The human figures
were drawn without bodies and the tree was unrecognizable. The male figure was drawn with
blank eyes while the female figure was drawn without a mouth. His overall drawings suggested
emotional immaturity, feelings of anxiety, a sense of suspiciousness about others, and a sense of
being monitored. In his approach to the drawings, J█████ appeared to express feelings of low
self-esteem.

In his approach to the CAT, J█████ first described what he saw before generating a story about
what was depicted on each card. His stories slowly became more aggressive, violent, and
graphic as he progressed from card to card. There were predominant themes of interpersonal
violence, retaliation, and violence against those who are the most helpless or vulnerable; children
and females. He also did not offer positive strategies to solve problems, instead, his generated

J████ J██████                                                      4
Date of Birth: ████/1995                         Clinical Psychological Evaluation
                                                 Date of Report: 08/20/06

stories suggest that the way to solve problems is through violence. This finding suggests that J████ may have experienced aggression and violence in his environment. In addition, this manner of solving problems combined with poor judgment is a real problem.

J████ did not complete all of the items on the Children's Sentence Completion Test, stating that he was tired and ready to leave the evaluation situation. He appeared to be guarded and resistive and some of his responses were simplistic. For example, his response to a question regarding what he thought about girls and boys was that they were "male and female." However, others of his responses had a sense of wanting things to be different. Consider some of the responses, "The thing I want to do most of all is…Listen," "When I grow up…I going to be nice," "I would do anything to forget the time that I…did in jail," and "When I think about my brother/sister I…Don't feel right." He stated that his biggest mistake was riding in a stolen car and that what he wants most is to be good.

The VMI is an instrument that consists of a developmental sequence of geometric forms to be copied with paper and pencil. The forms are of increasingly complex design and evaluate the extent to which J████ can integrate his visual and motor abilities or his eye-hand coordination. He achieved in the Below Average range of functioning (Standard Score=84) and at the 14th percentile. His performance is below what is expected for his age, suggesting that J██████ has some difficulty in visual processing and is somewhat rigid.

## DIAGNOSTIC IMPRESSION

| | |
|---|---|
| Axis I: | (312.81) Conduct Disorder, Childhood Onset Type<br>(305.20) Cannabis Abuse |
| Axis II: | V71.09 No Diagnosis |
| Axis III: | None reported |
| Axis IV: | Difficulty relating with peers and adults in the school environment, school truancy, noncompliance with rules, running away behavior, problems with the law |
| Axis V: GAF: | Current 55 |

## SUMMARY

J████ J██████ is a 10-year-old African American, 6th grade student at Harriet Tubman Elementary School. He is one of seven children in his family and he sometimes spends time with his biological father who does not reside with the family. Ms. Jenkins, J██████ mother, acknowledged using cigarettes during her pregnancy with J██████. J██████ achieved developmental milestones within normal limits and has no reported medical problems. He was psychiatrically hospitalized once this year and diagnosed with Conduct Disorder, Childhood Onset and Cannabis Abuse. J██████ has been suspended several times from school for aggressive behaviors, fighting, being out of the classroom, and noncompliance with directions. He has a history of being truant from school, especially during those times when he also did not shown up at home.

In addition to behavioral problems in school, J████ also has experienced academic difficulties. According to his mother, he receives poor grades. According to his 5th grade report card, he was performing below grade level in both reading and mathematics. His most recent Psychoeducational evaluation indicated Low Average intellectual functioning and poor reading comprehension and written language skills. His academic difficulties are most likely compounded by his emotional and behavioral difficulties.

48

J████ J██████                                                                          5
Date of Birth: ████1995                                    Clinical Psychological Evaluation
                                                                Date of Report: 08/20/06

J████ has friends who are much older than he, and according to his mother, seem to have
problems relating to children his own age. He has been leaving and returning to his home, since
he was 7-years-old, without his mother being aware of his whereabouts. It appears that he did not
receive consequences for this behavior that included not informing his mother about where he
was or what his activities were during those times. This behavior continues and has escalated to
J████ disappearing from home for three week periods of time. During 2006, both Ms. Jenkins
and J████ school reported negative changes in his behavior and physical appearance. During
the clinical interview, J████ admitted to marijuana use, a maladaptive behavior. Further, J████
has had two serious legal offenses; a charge for arm robbery and one for being in a stolen car.
He currently resides in a Juvenile Detention facility.

J████ does not appear to have insight into his difficulties, has poor judgment, and did not offer
remorse for past actions. He does not perceive himself to have difficulty with depression, anxiety,
anger, and/or disruptive behavior. However, his manner during the evaluation and results from his
projective testing indicates that he likely is anxious and has feelings of low self-esteem. J████
lacks trust in people or perceived authority figures, a problem probably developed as a result of
his lifestyle. He is a child who is striving to be older than he is, who is emotionally immature, and
who has shown a disregard for society's rules and for other people's property. In addition,
J████ generated stories from the CAT were graphic and violent with those who were most
vulnerable, targeted. Such generated stories suggest that J████ may have experienced violence
and aggression in his environment. His behavioral history also indicated aggressive behaviors
towards peers and adults. For him, it appears that aggression or violence is how he solves
problems, indicating poor problem solving skills. Possible reasons for J████ negative
behaviors may be the influence of the older group that he hangs out with, likely lack of parental
supervision and consequences for behaviors, and maybe wanting to feel that he belongs. On the
other hand, J████ also appeared to want to have positive behavior, want to follow rules and
directions, as well as to realize that he has made some mistakes. However, he would require
assistance and therapeutic intervention in order for these things to have a chance of occurring. If
the home enviornment cannot provide the structure, discipline, and consequences that J████
needs, a group home may be more beneficial to him in assisting him in becoming a well adjusted,
positive, and effective child.

In summary, J████ is a child who appears to have had the freedom to come and go in his home
enviornment as he wished without consequences. He has poor problem solving skills and poor
judgment. He may be anxious and lacks trust. He also has negative behavior in the school
enviornment and his difficulties in some subjects may have contributed to such behaviors. His
emotional problems clearly impact negatively on his functioning in the academic environment.

## RECOMMENDATIONS

The following recommendations are made:

1. J████ would benefit from being in a therapeutic, structured, disciplined environment such
   as a group home. If his home environment cannot provide the structure, discipline, and
   consequences for negative behaviors that J████ needs, then a group home should be
   considered.

2. If J████ is returned to his home environment, then family therapy with his mother is
   recommended. Family therapy would assist Ms. Jenkins and J████ in developing positive
   communication skills and an understanding of each other. Ms. Jenkins could be assisted in
   providing structure and discipline to J████ and in implementing those strategies. In
   addition, she could be assisted in helping her son become an effective and positive child.

3. J████ would benefit from a small, structured classroom environment where he could
   receive special attention in the subject areas where he experiences difficulties. A

J█████ J█████                                                                    6
Date of Birth: █████1995                            Clinical Psychological Evaluation
                                                            Date of Report: 08/20/06

Functional Behavioral Assessment could also be beneficial in assisting J█████ in changing his negative behaviors and if indicated, a Behavioral Intervention Plan. This behavioral plan could include self-control strategies, self-monitoring strategies, and positive reinforcement. Experiences of success within the classroom will help J█████ to be motivated to attend classes and to do well in his academics.

4.   J█████ should participate in individual therapy. A therapeutic relationship would assist him in developing trust in an adult. J█████ would benefit from learning to recognize, explore, and appropriately process his emotions. He could learn about improving his coping skills, problem solving skills, and judgment. Therapy should also focus on compliance with adult directives and rules as well as effective consequences. Issues around low self-esteem and anxiety should also be addressed.

5.   J█████ should participate in a drug education group for young adolescents to target his cannabis use. He should receive regular urine screens to monitor compliance.

6.   Group therapy may also be beneficial. J█████ could learn about interacting in a positive manner with his peers, as well as effective interpersonal coping strategies and problem solving skills. In addition, he may also develop age-appropriate friendships or learn about developing such relationships. This type of group could also be helpful in showing J█████ a different lifestyle that he could aspire to and also provide him with peer support in achieving such a goal.

7.   J█████ would benefit from undergoing a psychiatric consultation to rule out or in the necessity of medication intervention targeting his problems in thinking.

8.   Family therapy would be beneficial in assisting J█████ and his mother in improving their communication. Ms. Jenkins could be assisted in understanding her son and his particular difficulties. She could be assisted in learning about and implementing positive and effective consequences for negative behaviors.

Thank you for the referral.  Please contact with any questions concerning this report.

Carola Jobe, Psy.D.                              James Moses Ballard, II, Ph.D.
Psychology Associate                             Licensed Clinical Psychologist
                                                 MD 1160; DC 354

10001 Derekwood Lane, Suite #120
Lanham Maryland 20706
Phone: 301.306.4590
Fax: 301.306.4591
www.interdynamicsinc.com

**interdynamics, inc.**

**Evaluations and Therapy**

JJ· 05

# PSYCHOEDUCATIONAL EVALUATION

## Confidential Report

**Name:** J████ J█████

**Current School:** Harriet Tubman Elementary

**Primary Language:** English

**Date of Evaluation:** August 17, 2006

**Date of Birth:** ████████ 1995

**Age:** 10 years, 9 months

**Grade:** 5 (2005-2006 school year)

**Date of Report:** September 6, 2006

## REASON FOR REFERRAL

J████ was referred for a Psychoeducational Evaluation by his educational advocate to assess his current level of cognitive, academic, and social and emotional functioning.

## BACKGROUND INFORMATION

The following information was reported by Ms. Latonia Jenkins to the psychological examiner who conducted J█████'s clinical psychological evaluation via the telephone on August 25, 2006. J████ was born full-term weighing 6 pounds, 11 ounces. His developmental milestones were achieved on time. He lives with his mother, four brothers and one sister. J█████ sees his father occasionally. J█████ smokes marijuana and has left his home for approximately three weeks, twice in the past.

J████ is a regular education student who has never been retained. J█████ has tested positive for marijuana. He typically socializes with older peers. J█████ reported to the examiner who conducted the clinical psychological evaluation that he was arrested over the summer for being in a stolen car, for which he spent two days in juvenile detention. He was then placed in a shelter house where he will remain until his court date in September. Importantly, J█████ reported that he had been arrested previously for armed robbery.

According to school records, J████ was suspended one time during his fourth grade school year for being outside of his classroom without permission. He was also suspended in November 2005, during his fifth grade school year and for choking a student.

51

Progress notes written by Ms. Davis, J█████ fifth grade classroom teacher, indicated that he had actively participated in classroom activities during the initial part of the 2005-2006 school year, but his behavior declined, as evidenced by him becoming disruptive and inattentive during classroom instruction. He also did not complete classroom assignments.

According to the progress notes written on March 28, 2006 by E.M. Gonzalez M.D., a psychiatrist at the Mary's Center/Mental Health Rehabilitation Services, J█████ had hit a teacher and was reportedly suspended from school. In April 2006, Dr. Gonzalez offered the diagnoses of Conduct Disorder, Childhood Onset (312.81), Cannabis Abuse (305.20). Dr. Gonzalez also recommended that a psychosocial assessment and a Psychoeducational assessment be conducted, and that his school team consider that he be placed into a highly structured educational placement.

**PROCEDURES ADMINISTERED**

Interview with student, J█████ J█████

The Beery-Buktenica Development Test of Visual-Motor Integration (VMI)

Wechsler Intelligence Scale for Children-Fourth Edition (WISC-IV)

Wechsler Individual Achievement Test- Second Edition (WIAT-II)

The Adolescent Anger Rating Scale (AARS)

**BEHAVIORAL OBSERVATIONS**

The evaluation process to assess J█████ skills consisted of one visit. He was brought to the testing location by his guardian from the shelter home he resided in at the time of testing. However, this examiner was not able to interview the guardian because she left the testing location.

J█████ greeted the examiner in a positive and friendly manner. He was observed to be overly active at times throughout the testing session. His mood and attitude vacillated, for he seemed to enjoy some of the challenges offered within the measures but when feeling unconfident J█████ wanted to give up and avoid completing some of the test items. At times, he also became easily overwhelmed by some of the test items (e.g. reading paragraphs and writing sentences). When J█████ perceived that the test items were becoming more challenging, he became reluctant to complete them and therefore needed a lot of encouragement to attempt some tasks. He required constant positive verbal reinforcement from the examiner to help him perform and complete test

52

items that were perceived as too challenging or difficult. J█████ also moved around in his chair and impulsively completed some tasks administered to him.

## TEST RESULTS AND FINDINGS
## SCORES SUMMARY

**Wechsler Intelligence Scale for Children-Fourth Edition (WISC-IV)**

**TABLE 1**

**Total Raw Score to Scaled Score Conversions**

| Subtests | Raw Scores | Scaled Scores |
|---|---|---|
| **Verbal Comprehension** | | |
| **Similarities** | 16 | 8 |
| **Vocabulary** | 20 | 5 |
| **Comprehension** | 22 | 10 |

| Subtests | Raw Scores | Scaled Scores |
|---|---|---|
| **Perceptual Reasoning** | | |
| **Block Design** | 14 | 5 |
| **Picture Concepts** | 17 | 10 |
| **Matrix Reasoning** | 17 | 7 |

| Subtests | Raw Scores | Scaled Scores |
|---|---|---|
| **Working Memory** | | |
| **Digit Span** | 12 | 7 |
| **Letter-Number Sequencing** | 11 | 5 |

| Subtests | Raw Scores | Scaled Scores |
|---|---|---|
| **Processing Speed** | | |
| **Coding** | 41 | 8 |
| **Symbol Search** | 22 | 9 |

**TABLE 2**

Sum of Scaled Scores to Composite Score Conversions

|  | Sum of Scaled Scores | Composite Score | Percentile Rank | 95 % Confidence Level |
|---|---|---|---|---|
| Verbal Comprehension | 23 | 87 | 19 | 81-95 |
| Perceptual Reasoning | 22 | 84 | 14 | 78-93 |
| Working Memory | 12 | 77 | 6 | 71-86 |
| Processing Speed | 17 | 91 | 27 | 83-101 |
| Full Scale | 74 | 81 | 10 | 77-87 |

## INTELLECTUAL FUNCTIONING

J█████ was administered the WISC-IV to measure his current level of cognitive functioning. The Wechsler Intelligence Scale for Children-Fourth Edition (WISC-IV) was administered to examine J██████ overall capability to problem solve, follow directions, recall information, verbally express himself and demonstrate the depth of his general knowledge. The WISC-IV provides a measure of general intellectual functioning (FSIQ) and four index scores, Verbal Comprehension (VCI), Perceptual Reasoning (PRI), Working Memory (WMI), and Processing Speed (PSI). The VCI is composed of subtests measuring verbal abilities utilizing reasoning, comprehension, and conceptualization. The PRI and WMI are composed of subtests measuring attention, concentration, the ability to problem solve tasks and working memory. The PSI is composed of subtests measuring short- term memory, visual perception and visual-motor coordination. Scaled scores between 8 and 12 are indicative of average cognitive functioning.

J█████ obtained a standard score of 87 on the Verbal Comprehension Scale, which placed his skills in the low average range, at the 19th percentile. J█████ exhibited some scatter in his ability to respond the questions, for his skills fall between the borderline and average range. J█████ exhibited stronger skills when responding to questions regarding how two things relate to one another and when answering questions pertaining to social mores and cultural practices.

J█████ obtained a standard score of 84 on the Perceptual Reasoning Scale, which is a score that falls in the low average range at the 14th percentile. J█████ exhibited strong skills when

determining which objects share a similar relationship (Picture Concepts), but had difficulty replicating block designs and completing matrices. When administered both the Block Design and Matrix Reasoning subtests, J██████ communicated some concern about his test performance and attempted to "give up" when the test items became more challenging for him. When encouraged to try the more difficult test items, and when provided with much positive verbal reinforcement, J██████ would attempt to complete them, thus indicating that J██████ will probably need such encouragement when in the classroom to complete class work. Importantly, his ability to reason with words and without words is similarly developed, but his skills are scattered and fall between the borderline and average range on both scales.

J██████ obtained a standard score of 77 on the Working Memory Scale, a score that falls in the borderline range, at the 6th percentile. When administered the two subtests included in this scale, J██████ obtained a scaled score of 7 on the Digit Span subtest, which is a score that falls in the low average range, and a scaled score of 5 on the Letter-Number Sequencing subtest, which is a score that falls in the borderline range. Both subtests measure short term memory skills, but the Letter-Number Sequencing subtest is a more challenging short-term memory exercise. Although more challenging, J██████ attempted to complete each item administered to him, but had difficulty recalling information presented to him orally.

J██████ obtained a standard score of 91 on the Processing Speed Scale, which is a score that falls in the average range and places his skills at the 27th percentile. The subtests located on this scale involve copying and scanning information correctly, and are therefore visually loaded subtests. J██████ consistently performed in the average range when copying designs rapidly and scanning information correctly and rapidly.

J██████ obtained a full scale intelligence quotient (Full Scale IQ) of 81, which is a score that falls in the low average range of cognitive functioning, and places his skills at the 10th percentile. In summary, J██████ exhibited some variability in his cognitive skills. His verbal reasoning and nonverbal reasoning skills fall between the borderline and average range. Much of the variability may be attributed to him being overly active, as well as, giving up easily when test items became more difficult. He demonstrated that he required much positive, verbal reinforcement from the examiner to attempt the more difficult test items and complete them. J██████ communicated feelings of self-doubt when challenged by some of the test items, especially those administered to him on the nonverbal/perceptual reasoning scale.

## ACADEMIC ACHIEVEMENT

Summary of WIAT-II Subtest Scores

| WIAT II Subtests | Standard Score | Percentile Rank | Age Equivalent | Grade Equivalent |
|---|---|---|---|---|
| Word Reading | 94 | 34 | 9:8 | 4:6 |
| Reading Comprehension | 61 | .5 | 6:4 | 1:4 |
| Pseudoword Decoding | 103 | 58 | 11:0 | 4:8 |
| Numerical Operations | 78 | 7 | 8:8 | 3:3 |
| Math Reasoning | 82 | 12 | 8:8 | 3:5 |
| Spelling | 87 | 19 | 9:0 | 3:5 |
| Written Expression | 75 | 5 | 8:0 | 2:8 |
| Composite Scores | | | | |
| Reading | 83 | 13 | | |
| Mathematics | 78 | 7 | | |
| Written Language | 80 | 9 | | |

* WIAT-II age-based normative information was used in the calculation of subtest and composite scores

* Composite scores that fall between 80 and 120 fall in the average range

To assess his academic achievement levels in the areas of Reading, Math, and Written Language, J█████ was administered the Wechsler Individual Achievement Test-Second Edition (WIAT-II).

J█████ obtained a composite score on the Reading domain of 83, which places his ability level in the low average range, however, his word reading and phonetic skills are significantly stronger than his reading comprehension skills. J█████ was often very reluctant to read the paragraphs presented to him. He seemed overwhelmed with the length of some of the paragraphs. J█████ chose to read the paragraphs out loud and quickly. He also impulsively responded to the questions about the passages he read.

On the Mathematics domain, J█████ obtained a composite score of 78, a score that falls in the borderline range. When completing math equations, J█████ appeared to be motivated and talked

out loud as he was solving the problems. However, his skills fall in the borderline range because he had difficulty solving problems involving subtraction, multiplication, and division. His math reasoning skills fall in the low average range. When solving word problems J██████ had difficulty attending to the questions posed to him and was overly active. However, with verbal prompting, J██████ attempted to "read" the charts, graphs and pictures presented to him to help him solve the word problems.

J██████ obtained a standard score of 80 on the Written Language Domain, a score that falls in the low average range. J██████ spelling skills fall in the low average range, however, his written expression skills fall in the borderline range. Initially, J██████ willingly wrote sentences, but as the test items became more complex, he became increasingly reluctant. Before writing his sentences, J██████ would state them aloud. However, he was very reluctant to write a short paragraph and needed much encouragement to do so. He made an attempt to write a short paragraph, but he did so very quickly, not attending to punctuation, spelling or detail.

## PERCEPTUAL MOTOR FUNCTIONING

To assess his perceptual motor integration ability, the Berry-Buktenica Visual Motor Integration Test was administered. This instrument consists of developmental sequences of geometric forms to be copied with pencil and paper. These tasks required J██████ to copy increasingly complex designs, thus evaluating both fine-motor control and motor planning skills. J██████ obtained a score of 84, which placed his skills in the low average range of functioning. His performance placed him in the 14th percentile, which means that he performed the same or better than 14 out of 100 of his peers.

## SOCIAL AND EMOTIONAL ASSESSMENT

The Adolescent Anger Rating Scale was completed by J██████ to measure how he expresses his feelings of anger (e.g. Instrumental Anger and Reactive Anger), and his ability to control his anger (Anger Control). T-scores that fall between 41 and 59 indicate that an individual is expressing a normal pattern or average level of anger. J██████ obtained the following results:

| Scale | T-Score | Range |
|---|---|---|
| Instrumental Anger | 51 | Average |
| Reactive Anger | 49 | Average |
| Anger Control | 49 | Average |
| Total Anger | 51 | Average |

On this measure, J█████ reported that he is not experiencing issues related to anger, feels that he copes well with his feelings of anger, and is not exhibiting aggressive behaviors. Given his history of exhibiting aggressive behaviors and conduct related behaviors, it appears that J█████ is exhibiting serious negative behaviors which include issues with aggression and poor anger control, but he has not recognized that he exhibits such difficulties.

## SUMMARY

J█████ is a 10 year, 9 month old African American male who is a regular education student attending Tubman Elementary School in Washington D.C.. He has been suspended from school for exhibiting aggressive behaviors (e.g. hitting a teacher and choking a child), and not going to class. His fifth grade teacher reported that J█████ initially participated in class, but as the school year progressed, he exhibited disruptive behaviors during classroom instruction. J█████ also has a history of socializing with older peers, smoking marijuana, leaving his home for many weeks, and exhibiting conduct related problems for which he has been arrested two times. He is currently living in a shelter home because he was arrested during the summer of 2006 for being in a stolen car.

When assessing his cognitive skills, J█████ verbal reasoning skills, nonverbal reasoning skills and ability to complete timed tasks rapidly fall obtained scores that fall in the low average range, but his short-term memory skills fall in the borderline range. J█████ achievement skill levels are scattered. For instance, his ability to read and decode words falls in the average range. His spelling and math reasoning skills fall in the low average range. J█████ written expression skills and math calculation skills fall in the borderline range. And, his reading comprehension skills are significantly delayed and fall in the deficient range. Importantly, J█████ exhibited poor self-confidence and was very reluctant to complete some of the test items located on the reading comprehension and written expression subtests. Reading for comprehension, and writing sentences and short paragraphs were very challenging activities for him.

When briefly assessing his social, emotional and behavioral development, J█████ indicated that he does not experience issues related to anger or aggression. Given his history, he appears to be having difficulty accurately recognizing and identifying his emotional and behavioral needs.

### RECOMMENDATIONS

1)   The educational team working with Joshua should review the Psychoeducational Evaluation report. Because J█████ is a student who has academic delays in the areas of reading comprehension, math calculation and written expression, and requires immediate, individual attention and positive verbal support to help him initiate and complete tasks he perceives as difficult, the team should consider that he be eligible to receive special education services as a student with the handicapping condition of Learning Disabled.

2)   Because J█████ is exhibiting some clinically significant social-emotional and behavioral concerns, which appear to be negatively affecting his academic progress, it would be very beneficial for him to receive a Clinical Psychological Evaluation to specifically assess his social-emotional and behavioral development.

Nina Burleigh, Ph.D.
Psychology Associate
September 6, 2006

Gerald Augustin, Psy.D.
Licensed Clinical Psychologist
Clinical Supervisor

JJ·06

# LAW OFFICES,
# CHRISTOPHER N. ANWAH, PLLC

Attorneys and Counselors at Law

Christopher N. Anwah, Esq.
   (DC, MD, NJ)
Fatmata Barrie, Esq.
   (DC, FL)
Georgina A. Oladokun, Esq.
   (MD)
Tamika N. Jones, Esq.
   (DC)

**Carpenter's Building**
1003 K Street, N.W.
Suite 565
Washington, D.C. 20001
Phone: (202) 626-0040
Fax: (202) 626-0048
Email: chrisanwahfirm@chrisanwahfirm.com

## FACSIMILE COVER LETTER

**DATE:**
October 2, 2006

**TO:**
Ms. Bridgette Morse

**COMPANY:**
Harriet Tubman Elementary

**FAX NUMBER:**
(202) 673-7287

**FROM:**
Tamika N. Jones, Esq.

**TOTAL NUMBER OF PAGES INCLUDING COVER SHEET:**    16

**MESSAGE:**
Attached are a copy of J██████ J██████ clinical psychological and psycho-educational evaluation.

If there is any problem with this transmission, please call as soon as possible at (202) 626-0040

### ***CONFIDENTIALITY NOTICE***
The pages that accompany this facsimile transmission contain information from CHRISTOPHER N. ANWAH, PLLC, which is confidential or privileged, or both. The information is needed to be for the use of the individual or entity named on this cover letter. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this facsimile in error, please notify us by telephone immediately at 202-626-0040 so that we can arrange for the retrieval of the original documents at no cost to you.

TRANSMISSION VERIFICATION REPORT

```
TIME : 10/02/2006 12:39
NAME : CHRISTOPHER ANWAH PL
FAX  : 2026260048
TEL  : 2026260040
SER.# : BROF5J290803
```

```
DATE,TIME       10/02  12:32
FAX NO./NAME    6737287
DURATION        00:06:35
PAGE(S)         16
RESULT          OK
MODE            STANDARD
                ECM
```

# LAW OFFICES,
## CHRISTOPHER N. ANWAH, PLLC

Attorneys and Counselors at Law

Christopher N. Anwah, Esq.
  (DC, MD, NJ)
Fatmata Barrie, Esq.
  (DC, FL)
Georgina A. Oladokun, Esq.
  (MD)
Tamika N. Jones, Esq.
  (DC)

Carpenter's Building
1003 K Street, N.W.
Suite 565
Washington, D.C. 20001
Phone: (202) 626-0040
Fax: (202) 626-0048
Email: chrisanwahfirm@chrisanwahfirm.com

## FACSIMILE COVER LETTER

**DATE:**
October 2, 2006

**TO:**
Ms. Bridgette Morse

**COMPANY:**
Harriet Tubman Elementary

**FAX NUMBER:**
(202) 673-7287

**FROM:**
Tamika N. Jones, Esq.

**TOTAL NUMBER OF PAGES INCLUDING COVER SHEET:** ___16___

61

# PROGRESS NOTES

Mary's Center/Mental Health Rehabilitation Servic

Consumer's
Name: J_____    J_____    Account #    Service Date: _03_ - _28_ - 200_8_
                                                      First                              MM    DD    YY

Setting: □ Natural  X Mary's Center Office
Attendance: X Show                                          Start        End
Authorization Category (Check One) □ Pre-Auth □ IAP □ ISSP    Time: _3:45_    Time: _4:45_
                                                              A.M./P.M.      A.M./P.M.

Service Type: (Check One)                                     Duration   _1_  /  _____
                                                              Hrs.    Min.
□ DMH01 – D/A Interview                                        (15 Minutes Increments)
                                    □ DMH12 – Counseling – On Site
□ DMH02 – Medication – Somatic Treatment-Group    □ DMH04 – Community Support – Group
X DMH-T1502/11 – Medication – Somatic Treatment-Individual
□ DMH09 – Community Based Intervention    □ DMH05 – Community Support – Individual (Face to Face)
                                          □ DMH05 – Community Support – Individual (Non Face to Face)

| | | |
|---|---|---|
| (Explain) | **GENERAL: Appearance:** _WD/WN_   **Grooming:** _Good_   **Ease/Distress:** _None_ | |
| | **Cooperation c/ interviewer** _Good_ | |
| | **Behavior: Mannerisms** _None_   **Eye contact** _Yes_   **Attitude toward interviewer** _Cooperative_ | |
| | _Sucking thumb_ | |
| | **Significant Events: (if any)** _Joshua is a 10 y/o AA boy who's being referred to Mary's Center due to aggressive behavior at school, he hit a teacher & has also had been suspended, hearing to be scheduled in order to determine further placement_ | |
| (Circle) | **Speech/Language: Rate: normal:** / **slow:** / **rapid:** **pressured**   **Coherent/Incoherent:** | |
| | **Intonation:**   **Rhythm:**   **Articulation:** | |
| (Circle) | **Mood: happy:** **level:** **depressed:** **anxious:** **elevated:** **angry:** _✓_ | |
| (Circle) | **Affect: situation-related response – full range:** ✓ **restricted: blunt: flat:** _most of the_ | |
| (Circle) | **Congruent c/ thought content–yes/no**   **Inappropriate: yes/no** _time_ | |
| | **Congruent with mood: yes/no**   **Inappropriate: yes/no** | |
| (Circle) | **Suicidal ideation: past: present.**   **Homicidal/violent ideation: past: present** _Aggressive_ | |
| | **Content:** _Denies_   _behavior towards Teacher_ | |
| (Circle) | **Thought – Process/form: lucid:** ✓ **coherent: yes/no** **loose: tangential: associations:** | |
| | **blocking: perseveration: repetitious:** | |
| (Circle) | **Perceptual Disturbance: delusions:** _None_   **hallucinations:** | |
| (Explain) | **ideas of reference:**   **paranoid ideation:** | |
| | **depersonalization:**   **derealization:** | |

**Progress Note cont'd**

**Orientation:** Well Oriented in (3)

**Alertness:** Alert

**Level of consciousness:** Conscious

**Memory:** Good x recent and past events

**Concentration:** Appropriate, able to subtract

**Cognition:** Appropriate x educational level

**Causal thinking:**

**Abstract thinking:**

**Fund of knowledge:** Appropriate x educational level

**Impulse control** Aggressive behavior, impulse control

**Judgment/Insight**

**Judgment-personal/general** If he finds an envelope he'll take it to the address that is addressed.

**Aware/Understands what is happening/why** Pt considers that his behavior is secondary to other people's behavior.

**Motivation** Pt considers that he's "fine" and doesn't need any help

**Substance Abuse:** None   Abuse   Dependence   Partial/Total Remission   (circle)

**Type, amount, last use:** Pt denies any drug use, mom said that

**Abstinences:**   **Prior treatment:** Urine test done on Mar 24 was (+) for cannabis

**Functional Impairments:** None:   1-Mild, 2- Moderate 3-Severe   (fill in below)

**Job/School- Severity** 3 **Description:** Expelled, aggressivity

**Relationships/Family– Severity** 2-3 **Description:** Mother ignores his behavior, did he had been verbally violent towards he

**DX:** (if needed): Axis I 305.20 Cannabis Abuse 312.89 Conduct Disord
    Axis II V71.09   Childhood Onset
    Axis III None
    Axis IV: (ID stressors) Serious school Problems – Problems @ the house
    Axis V: Current GAF 41

**Current Meds:** (if any) None   **Compliant:** yes/no (circle)   **comment:** (if needed.)

**Psychoeducation discussed:** (circle) effects/side effects   adverse reactions
    **Monitoring/management**

**Helping Parents/Youth/Teachers Understand Meds for Behav/Emotional Prob.**   **HANDOUT GIVEN:** Yes/No (circle)

**AIMS done** (as necessary) – yes/no (n/a) **comments:** (if needed)

**Labs** (as needed w/in last yr): Lipids – ordered/results   Blood Glucose – ordered/results

**Risk factors:** – None   Mild   Moderate (Severe) (circle) Conduct Problem

**Family/Support sx available** (yes) no   **comment:** (if needed.)

**Plan:** Follow up appt needed:   yes   no   if yes, how long?   If no, is case closed?
    Other follow up needed:   yes   no   if yes, explain:
    To discuss case @ Tx team.

EM Gonzalez MD                                              03/28/06

ENRIQUE MADRIGAL, MD Qualified Practitioner (signature/credentials)       Date

E. M. GONZALEZ

63



## Mary's Center for Maternal & Child Care

2333 Ontario Road, N.W. · Washington, DC 20009 · (202) 483-8196 phone · (202) 797-2628 fax · www.maryscenter.org

| DATE/FECHA | ALLERGIES | NOTES | ALERGIAS |
|---|---|---|---|
| 04/04/06 | | | |

Psychiatry Note

School system contacted writer and requested recommendations, which are the following:

① To complete a psychosocial assessment in order to determine family functioning and alternatives to assist family members including J_____.

② In review of current functioning I consider that J_____ would benefit of placement in a highly structured behavioral - modification educational placement. If less restrictive alternatives are viable, after completion of psychosocial assessment, they should be explored.

Diagnosis: Axis I  312.81  Conduct Disorder, Childhood Onset
                      305.20  Cannabis Abuse
Axis II  V71.09  None
Axis III  None Reported
Axis IV  Serious School Problems
                Problems with the Law
Axis V - Current GAF  41

_E. M_____ M.D._

Addendum:

③ Teacher's report was reviewed and is considered that child needs a complete Psychoeducational Assessment, the report reflects ^possible learning Disabilities.

EM6

| | |
|---|---|

NAME/NOMBRE  J_____, J_____        DOB  __/__/95




64

JJ-08



DISTRICT OF COLUMBIA PUBLIC SCHOOLS
5TH GRADE REPORT CARD SY 2005 2006
(Page one of three)
Student Name: _____
ID#: 9060907
School: Tubman
Teacher: Davis

| INSTRUCTIONAL LEVEL | above level | on level | below level |
|---|---|---|---|
| **Reading** | | | |
| 1st Advisory | — | — | X |
| 2nd Advisory | — | — | X |
| 3rd Advisory | — | — | — |
| 4th Advisory | — | — | — |
| **Mathematics** | | | |
| 1st Advisory | — | — | X |
| 2nd Advisory | — | — | X ✓ |
| 3rd Advisory | — | — | — |
| 4th Advisory | — | — | — |

| Advisory | 1st | 2nd | 3rd | 4th |
|---|---|---|---|---|
| **READING** | 1 | 1 | — | |
| Uses word attack skills & vocabulary strategies | ✓ | ✓ | — | — |
| Learns and uses new vocabulary | -- | -- | — | — |
| Reads and comprehends 25 books | -- | -- | — | — |
| Recognizes literary devices (e.g. simile, exaggeration) | NI | NI | — | — |
| Compares/contrasts literary works | NI | NI | — | — |
| Locates and uses information | ✓ | -- | — | — |
| **WRITING** | 2 | 2 | — | — |
| Writes set of instructions | NI | NI | — | — |
| Writes detailed narrative | ✓ | ✓ | — | — |
| Writes research report | NI | NI | — | — |
| Writes response to literature | ✓ | -- | — | — |
| Uses correct grammar, capitalization & spelling | ✓ | ✓ | — | — |
| Uses writing process | -- | -- | — | — |
| **LISTENING SKILLS** | 2 | 2 | — | — |
| Exhibits appropriate audience behavior | -- | -- | — | — |
| Comprehends oral presentations | ✓ | ✓ | — | — |
| **SPEAKING SKILLS** | 2 | 2 | — | — |
| Gives oral directions | ✓ | ✓ | — | — |
| Participates in group discussions | ✓ | ✓ | — | — |
| Makes oral presentations | ✓ | ✓ | — | — |

| Advisory | 1st | 2nd | 3rd | 4th |
|---|---|---|---|---|
| **MATHEMATICS** | 1 | 2 | — | |
| Computes using whole numbers | -- | ✓ | — | — |
| Applies place value concepts | -- | ✓ | — | — |
| Describes & compares quantities | ✓ | ✓ | — | — |
| Computes using fractions | NI | NI | — | — |
| Computes using decimals | -- | -- | — | — |
| Identifies geometric figures | NI | -- | — | — |
| Estimates/measures objects | NI | NI | — | — |
| Collects, organizes & displays data on charts, graphs and tables | NI | ✓ | — | — |
| Models & solves problems | -- | -- | — | — |

**Reporting Key:**
For overall grade in subject area:
4 = Exceeds the standard (Advanced)
Student takes initiative to exceed the standard; consistently produces excellent work, applying skills/concepts correctly; shows creativity and insight.
3 = Meets the standard (Proficient)
Student produces work that meets the standard; frequently produces very good work of high quality; applies skills/concepts correctly.
2 = Approaches the standard (Basic)
Student shows a basic working knowledge of skills/concepts; produces satisfactory work; usually applies skills/concepts correctly.
1 = Does not meet the standard (Below Basic)
Student does not show basic working knowledge of skills/concepts; seldom produces work of satisfactory quality.
For skills/expectations within subject area:
+ = Excellent          -- = Unsatisfactory
√ = Satisfactory       NI = Not Introduced

*Revised 2000-2001*

65



**DISTRICT OF COLUMBIA PUBLIC SCHOOLS**
**5TH GRADE REPORT CARD** SY 2005 2006
(Page two of three)
Student Name: ▓▓▓▓▓▓▓▓▓▓▓

| Advisory | 1st | 2nd | 3rd | 4th |
|---|---|---|---|---|

**SOCIAL STUDIES**   2  1  __  __

| | 1st | 2nd | 3rd | 4th |
|---|---|---|---|---|
| Demonstrates map & globe skills | ✓ | ✓ | __ | __ |
| Demonstrates understanding of chronological order | NI | -- | | |
| Uses multiple methods of research to learn about American history | NI | NI | __ | __ |
| Recognizes significant persons, documents & events from early American history | NI | -- | | |
| Describes the contributions of diverse groups to American history | NI | NI | __ | __ |

**SCIENCE**   2  2  __  __

| | 1st | 2nd | 3rd | 4th |
|---|---|---|---|---|
| Uses scientific methods to ask & answer questions about the natural world | ✓ | ✓ | | |
| Categorizes living things according to characteristics and behaviors | NI | NI | __ | __ |
| Conducts experiments to examine properties of different substances | NI | NI | __ | __ |
| Designs objects for specific uses and purposes | NI | NI | __ | __ |
| Explains the location & movement of objects in the solar system | NI | NI | __ | __ |

**MUSIC**   NI  NI  __  __

| | 1st | 2nd | 3rd | 4th |
|---|---|---|---|---|
| Identifies music of various composers, cultures, styles & forms | NI | | | |
| Interprets music through singing, listening, performing & writing | NI | | | |
| Recognizes basic music symbols | NI | | | |

**ART**   1  ✓  __  __

| | 1st | 2nd | 3rd | 4th |
|---|---|---|---|---|
| Applies different media, techniques & processes in artworks | | | | |
| Describes the use of symbols & images to identify different artists' styles | -- | __ | __ | __ |

**HEALTH & PHYSICAL EDUCATION**   NI  3  __  __

| | 1st | 2nd | 3rd | 4th |
|---|---|---|---|---|
| Explains behaviors that promote health and prevent disease | NI | -- | __ | __ |
| Demonstrates proficiency in basic physical education skills | NI | ✓ | | |
| Compares basic offensive & defensive strategies in games | NI | + | __ | __ |

For the section on **WORK HABITS, PERSONAL & SOCIAL SKILLS**, the following key is used:

+ = Excellent
√ = Satisfactory
-- = Unsatisfactory

| Advisory | 1st | 2nd | 3rd | 4th |
|---|---|---|---|---|
| **WORK HABITS** | | | | |
| Follows directions | -- | -- | __ | __ |
| Completes classwork on time | -- | ✓ | __ | __ |
| Works well with others/cooperates | ✓ | ✓ | __ | __ |
| Uses time wisely | -- | -- | __ | __ |
| Completes and returns homework | ✓ | ✓ | __ | __ |
| Participates in class discussions | ✓ | ✓ | __ | __ |
| Makes an effort | ✓ | ✓ | __ | __ |
| **PERSONAL & SOCIAL SKILLS** | | | | |
| Follows classroom rules | -- | -- | __ | __ |
| Follows playground/school rules | -- | -- | | |
| Respects the rights/property of others | | | | |
| Listens while others speak | ✓ | ✓ | __ | __ |
| Practices self-control | -- | -- | __ | __ |

| **ATTENDANCE** | 1st | 2nd | 3rd | 4th |
|---|---|---|---|---|
| Days of Instruction | 43 | 45 | __ | __ |
| Days Absent | 4 | 12 | __ | __ |
| Days Tardy | 0 | 1 | | |

**SUPPORT SERVICES** Check where applicable. Additional comments from support staff attached.

| | 1st | 2nd | 3rd | 4th |
|---|---|---|---|---|
| Resource: Reading | ✗ | __ | __ | __ |
| Resource: Mathematics | __ | __ | __ | __ |
| Special Education | __ | __ | __ | __ |
| Bilingual/ESL | __ | __ | __ | __ |

**Grade Next Year** _____          66

*Revised 2000-2001*



**District of Columbia Public Schools Report Card**
SY 2005 - 2006 (Page three of three)
**TEACHER COMMENTS**

Student Name: ~~J████ J████~~                    Grade: 5

**First Advisory** For the first half of the advisory J████ was an active participant in classroom activities. However, he has lately become disruptive and inattentive when concepts are explained in both reading and math. As a result, he often has difficulty completing assignments without assistance. Also, he is missing a number of assignments.

Ms. Davis
Teacher Signature            11-01-05
                             Date

**Second Advisory** J████ made a slight improvement this advisory with his math skills. He often needs one-to-one assistance in reading and math. In addition he does not complete any independent reading activities.     It is very important for him to focus on direct instruction of lessons, so he can understand the work. Hopefully, with new incentives in place for him he will become more successful.

Ms. Davis
Teacher Signature            1-23-05
                             Date

**Third Advisory** I am very concerned about his very slow progress.

Teacher Signature            Date

**Fourth Advisory**

Teacher Signature            Date

67

JJ-09

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## NOTICE OF STUDENT DISCIPLINARY ACTION

### SUSPENSION LEVEL I

**Harriet Tubman**
School

_Signature of Principal_

**202-673-7285**
Telephone

Date of Delivery
[ ] Certified Mail
[ x] Hand Delivery

Student _____, _____ Date of Birth _____ /95

Student's Grade     4     Male(✓) Female [ ]     Ethnicity Code _____

Sp. Ed. Student: Yes [ ] No [x]    Disability Code _____    LRE/Educational Setting _____

Parent/Guardian  LaTonia Jenkins

Address  1448 Park Rd., N.W., #105
                    (202)
Home Telephone  332-1505  Work Telephone _____

Dear  Ms. Jenkins  :
           Name of Parent/Guardian

        Please be advised that pursuant to the <u>Rules of the Board of Education</u>, Section 2500,
your son/daughter is being disciplined for violating the following section(s) of the Board <u>Rules;</u>

<u>Failure to comply</u>_____

Brief description of incident:
<u>Away from their classroom without permission, failure to follow directions</u>_____

(State each section individually)

Page 1 of 4
SHO 101
August 2000

68

<u>Harriet Tubman</u>
**Name of Student**

I am notifying you, in accordance with Board <u>Rule</u> Section 2505.3, that
_____is to be suspended for <u>2</u> days, from <u>Monday, March 14, 2005</u>
         <small>Name of Student)</small>
through <u>Wednesday, March 16, 2005</u>.

[ ] A conference was held on _____ with _____.
                        <small>Date</small>              <small>Name of Student</small>
[XXX ] A conference has been scheduled on Wednesday, March 16, 2005 at <u>10:00</u>
<u>am</u>_____ , in the school
                                     <small>Date</small>                <small>Time</small>
   office.

Contact <u>Sadia White</u> on <u>202.673.7285</u> to confirm attendance.
      <small>(Name of Contact Person)</small>        <small>(Telephone Number)</small>

**CHECK WHERE APPROPRIATE**

[ ]   During this disciplinary time period the student must report to this school for in school
suspension.

[ ] During this disciplinary time period the student must report to the following alternative
educational placement: _____, located at _____
_____.
The telephone number is _____.

[x ] Because of the seriousness of the offense and potential harm to your child and others, I am
initiating a home suspension in accordance with the Board <u>Rules</u>.  During this disciplinary time
period, the student shall be placed on home suspension for __2___ days.  An educational packet
will be provided to the student.  This office will provide further instructional information.  If
your child does not receive this information within (4) school days of receipt of this notice,
please call:

<u>Sadia White</u>                     <u>673-72865</u>
    <small>Name</small>                          <small>Telephone Number</small>

     This suspension will not be made a part of the student's permanent record.   The
principal has informed the Student Hearing Office of this suspension.

     A copy of Chapter 25 of the Board <u>Rules</u> is attached.



# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## NOTICE OF STUDENT DISCIPLINARY ACTION

### SUSPENSION LEVEL I

School _Harriet Tubman_

Telephone _673-7285_

Signature of Principal _Sharon Brull_

Date of Delivery _Nov. 8, 2005_

[ ] Certified Mail

[X] Hand Delivery

Student ~~████████~~    Date of Birth ~~██████~~ - 95

Student's Grade _5_    Male [X] Female [ ]    Ethnicity Code ____

Sp. Ed. Student: Yes [ ] No [X]    Disability Code ____    LRE/Educational Setting ____

Parent/Guardian _Latonia Jenkins_

Address _1448 Park Rd. NW #105, Washington, DC 20010_

Home Telephone _282-232-9427_    Work Telephone _____

Dear _Mrs Jenkins_ :
Name of Parent/Guardian

Please be advised that pursuant to the <u>Rules of the Board of Education</u>, Section 2500, your son/daughter is being disciplined for violating the following section(s) of the Board <u>Rules</u>;
_2503.1 b  and  2503.1 h_

Brief description of incident:
_Choking another student_

(State each section individually)

*Harriet Tubman*
**Name of Student**

I am notifying you, in accordance with Board <u>Rule</u> Section 2505.3, that _____ is to be suspended for _*5*_ days, from *11-9-05*
**Name of Student)**
through *11-16-05* .

[ ] A conference was held on _____ with _____.
Date                              Name of Student

[X] A conference has been scheduled on *11-17-05* at *8:30 A.M.*, in the school
Date                    Time
office.

Contact *Sharon Bovell* on *673-7285* to confirm attendance.
**(Name of Contact Person)**        **(Telephone Number)**

## CHECK WHERE APPROPRIATE

[ ]   During this disciplinary time period the student must report to this school for in school suspension.

[ ] During this disciplinary time period the student must report to the following alternative educational placement: _____, located at _____
_____.
The telephone number is _____.

[X]  Because of the seriousness of the offense and potential harm to your child and others, I am initiating a home suspension in accordance with the Board <u>Rules</u>. During this disciplinary time period, the student shall be placed on home suspension for _*5*_ days. An educational packet will be provided to the student. This office will provide further instructional information. If your child does not receive this information within (4) school days of receipt of this notice, please call:

*Sharon Bovell*                *673-7285*
**Name**                          **Telephone Number**

    This suspension will not be made a part of the student's permanent record. The principal has informed the Student Hearing Office of this suspension.

    A copy of Chapter 25 of the Board <u>Rules</u> is attached.

JJ-10

Harriet Tubman Elementary School
3101 13th Street, N.W.
Washington, D.C. 20010

March 23, 2006

Children's Hospital
111 Michigan Avenue, N.W.
Washington, D.C.

To Whom It May Concern:

Je████ Je████ is 10 years old and enrolled in the fifth grade at Harriet Tubman Elementary School. There has been a sudden and rapid change in his physical appearance within the last week. He has become emaciated and his eyes are sunken in and his lips are heavily chapped. He has lost interest in coming to school and has been absent without his mother's permission. He is a flight risk and we don't know what he will do next. The police escorted him to school this morning after he missed school for five days without his mother's permission. His mother has also stated that he comes home at various hours at night and is not being honest with her about where he is spending his time when he is not at school. She has also stated that he told her he wanted to "kill" her on more than one occasion. This is a student who has been in fights at school in the recent past and has a history of being verbally and physically explosive. Therefore it is most urgent that Je████ be seen today and evaluated at Children's Hospital. His mother would also like to have drug tests done to determine if there has been drug use that is impacting his behavior and physical appearance.

If you have any questions or need further details please feel free to call me at Harriet Tubman Elementary School at 202-673-7285 or 673-3545. I can be reached Monday – Friday between 8:30 A.M.- 3:30 P.M. Thank you for your immediate attention to this request.

Respectfully,

*Franchon Barron*

Franchon Barron
Licensed Professional School Counselor
M.A. Ed.

Cc: Sharon Bovell, Principal
    School Counselors file
    Parent of Je████ Je████

72

# LAW OFFICES,

# CHRISTOPHER N. ANWAH, LLC

**Attorneys and Counselors at Law**

Christopher N. Anwah, Esq.
    (DC, MD, NJ)
Fatmata Barrie, Esq.
    (DC, FL)
Georgina A. Oladokun, Esq.
    (MD)
Tamika N. Jones, Esq.
    (DC)

Carpenter's **Building**
1003 K Street, N.W.
Suite 565
Washington, D.C. 20005
Phone: (202) 626-0040
Fax: (202) 626-0048
Email: christianwahloc@sprintmail.com

March 29, 2006

Tubman Elementary School
Ms. Bridgette Morse
Special Education Coordinator
3101 13th Street N.W.
Washington, DC 20010

RE: J██████ J██████
DOB: ██/██/95

**VIA FACSIMILE: 202-673-7285**

Dear Ms. Morse:

    My name is Olivia Gonzalez and I am writing on behalf of Tamika N. Jones, Esq., at the Law Offices of Christopher N. Anwah. Ms. Jones has been retained by LaTonia Jenkins to help her son, J██████ J██████ with his educational needs. **We are requesting a copy of J██████ cumulative file, special education file, and disciplinary file, Encounter Tracker Forms, which are in the custody and control of Tubman Elementary School. This is also to notify that your school needs to contact our office to schedule any/all meetings that have to do with J██████ educational needs. In addition to the requested files, please provide copies of the following:**

1.         A copy of J██████ report cards for the 2000 thru 2006, school years;
2.         A copy of J██████ Standardized testing scores for the 2000 thru 2006, school years;
3.         A copy of J██████ teachers' anecdotal notes for the past six school years;

73

4.        A copy of any and all, including in- and out-of-school, suspensions for the past six school years;

5.        A copy of J████ IEPs for the 2000 thru 2006 school years;

6.        A copy of any behavioral modification plan and/or intervention measures reports addressing J████ behavior for the last six years;

7.        A copy of all MDT notes and evaluations which have determined J████'s eligibility, and ineligibility, to receive special education services for the past six years;

8.        A copy of all requests and/or complaints made for J████ to receive special education services for the past six school years;

9.        A copy of any notes, memoranda, documents, reports, and determinations that relates to J████ public school education including his education at Tubman Elementary School for the past six school years which may or may not have impacted upon his receipt of special education services.

According to 34 C.F.R. § 300.562(a) & (b)(3) "each participating agency shall permit parents, and his/her representative, to inspect and review any education records relating to their children that are collected, maintained, or used by the agency . . . without unnecessary delay and before any meeting regarding an IEP, or any hearing. I have attached the Release of Records. **Additionally, as the educational advocate Ms. Jones is requesting that any communication in relation to J████ education should be through any member of this office and her.** If you have any questions, you may contact the office at (202) 626-0040 and someone can assist you with any additional information you may need.

Thank you for your immediate attention and cooperation regarding these matters.

Sincerely,

Olivia Gonzalez

Attachment (1): 1. Release of Records

CC:    1. Assistant Superintendent, DCPS' Special Education Division
       2. Client's file

74

# AW OFFICES,

## HRISTOPHER              NWAH, PLLC

Attorneys and Counselors at Law

Christopher N. Anwah, Esq.
  (DC, MD, NJ)
Fatmata Barrie, Esq.
  (DC, FL)
Georgina A. Oladokun, Esq.
  (MD)
Tamika N. Jones, Esq.
  (DC)

**Carpenter's Building**
1003 K Street, N.W.
Suite 565
Washington, D.C. 20001
Phone: (202) 626-0040
Fax: (202) 626-0048
Email:

## FACSIMILE COVER LETTER

**DATE:** March 29, 2006

**TO:** Assistant Superintendent/ Agent

**COMPANY:** DCPS

**FAX NUMBER:** (202) 727-6308

**FROM:** Olivia Gonzalez

**TOTAL NUMBER OF PAGES INCLUDING COVER SHEET:**    06

**MESSAGE:** Please find attach a copy of document request for J█████ J██████.

Thank you for your time.

If there is any problem with this transmission, please call as soon as possible at (202) 626-0040

***CONFIDENTIALITY NOTICE***

The pages that accompany this facsimile transmission contain information from CHRISTOPHER N. ANWAH, PLLC, which is confidential or privileged, or both. The information is needed to be for the use of the individual or entity named on this cover letter. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this facsimile in error, please notify us by telephone immediately at 202-626-0040 so that we can arrange for the return of the documents at no cost to you.

75

TRANSMISSION VERIFICATION REPORT

```
                            TIME  : 03/29/2006 10:16
                            NAME  : CHRISTOPHER ANWAH PL
                            FAX   : 2026260048
                            TEL   : 2026260040
                            SER.# : BROF5J290803
```

```
DATE,TIME           03/29  10:14
FAX NO./NAME        7276308
DURATION            00:01:42
PAGE(S)             06
RESULT              OK
MODE                STANDARD
                    ECM
```

# LAW OFFICES, CHRISTOPHER N. ANWAH, PLLC

Attorneys and Counselors at Law

Christopher N. Anwah, Esq.
  (DC, MD, NJ)
Fatmata Barrie, Esq.
  (DC, FL)
Georgina A. Oladokun, Esq.
  (MD)
Tamika N. Jones, Esq.
  (DC)

**Carpenter's Building**
1003 K Street, N.W.
Suite 565
Washington, D.C. 20001
Phone: (202) 626-0040
Fax: (202) 626-0048
Email: chrisanwahfirm@chrisanwahfirm.com

## FACSIMILE COVER LETTER

**DATE:** March 29, 2006

**TO:** Assistant Superintendent/Agent

**COMPANY:** DCPS

**FAX NUMBER:** (202) 727-6308

**FROM:** Olivia Gonzalez

**TOTAL NUMBER OF PAGES INCLUDING COVER SHEET:** _O6_

76

# AW OFFICES,

## HRISTOPHER                    NWAH, PLLC

Attorneys and Counselors at Law

**Christopher N. Anwah, Esq.**
   (DC, MD, NJ)
**Fatmata Barrie, Esq.**
   (DC, FL)
**Georgina A. Oladokun, Esq.**
   (MD)
**Tamika N. Jones, Esq.**
   (DC)

**Carpenter's Building**
1003 K Street, N.W.
Suite 565
Washington, D.C. 20001
Phone: (202) 626-0040
Fax: (202) 626-0048
Email: ⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛

## FACSIMILE COVER LETTER

**DATE:** March 29, 2006

**TO:** Ms. Bridgette Morse

**COMPANY: Tubman Elementary School**

**FAX NUMBER:** 202-673-7287

**FROM:** Olivia Gonzalez

**TOTAL NUMBER OF PAGES INCLUDING COVER SHEET:**    04

**MESSAGE:** <u>Please find attach a document request for ⬛⬛⬛⬛ ⬛⬛⬛⬛⬛.</u>

Thank you

If there is any problem with this transmission, please call as soon as possible at (202) 626-0040

**\*\*\*CONFIDENTIALITY NOTICE\*\*\***
The pages that accompany this facsimile transmission contain information from CHRISTOPHER N. ANWAH, PLLC, which is confidential or privileged, or both. The information is needed to be for the use of the individual or entity named on this cover letter. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this facsimile in error, please notify us by telephone immediately at 202-626-0040 so that we can arrange for the retrieval of the original documents at no cost to you.

77

```
                    ┌─────────────────────────────────────┐
                    │  TRANSMISSION VERIFICATION REPORT    │
                    └─────────────────────────────────────┘

                                      TIME   : 03/29/2006 10:09
                                      NAME   : CHRISTOPHER ANWAH PL
                                      FAX    : 2026260048
                                      TEL    : 2026260040
                                      SER. # : BROF5J290803


   ┌────────────────────────────────────────────────────────────────────┐
   │   DATE,TIME            03/29  10:07                                  │
   │   FAX NO./NAME         6737287                                       │
   │   DURATION             00:01:39                                      │
   │   PAGE(S)              04                                            │
   │   RESULT               OK                                           │
   │   MODE                 STANDARD                                      │
   │                        ECM                                          │
   └────────────────────────────────────────────────────────────────────┘
```

# LAW OFFICES,
# CHRISTOPHER N. ANWAH, PLLC

Attorneys and Counselors at Law

Christopher N. Anwah, Esq.
  (DC, MD, NJ)
Fatmata Barrie, Esq.
  (DC, FL)
Georgina A. Oladokun, Esq.
  (MD)
Tamika N. Jones, Esq.
  (DC)

**Carpenter's Building**
1003 K Street, N.W.
Suite 565
Washington, D.C. 20001
Phone: (202) 626-0040
Fax: (202) 626-0048
Email: chrisanwahfirm@chrisanwahfirm.com

## FACSIMILE COVER LETTER

**DATE:** March 29, 2006

**TO:** Ms. Bridgette Morse

**COMPANY:** Tubman Elementary School

**FAX NUMBER:** 202-673-7285

**FROM:** Olivia Gonzalez

**TOTAL NUMBER OF PAGES INCLUDING COVER SHEET:** ___04___

78

JJ·12



**DISTRICT OF COLUMBIA
PUBLIC SCHOOLS**

*Office of Special Education*
825 North Capitol Street, N.E., 6ᵗʰ Floor
Washington, D.C. 20002-4232
202-442-5559, fax: 202-727-6308
www.k12.dc.us

# CERTIFICATE OF NO RECORDS

CASE NAME: J██████ J██████

D.O.B.: ████1995

I, the undersigned, am the Custodian of Records for DC Public Schools, Division of Special Education Office records.

I certify that a thorough search of our school files, conducted under my supervision and direction, revealed no records for: J██████ J██████

It is important to note that records for the student may exist under another spelling, another name or another classification. However, the information you furnished to our school, to the best of our knowledge, produced no such records on this student at this time.

DATE: 4/13/06                    SCHOOL : _____

SIGNATURE: _Dian Wharton_   TITLE: Record Specialist

79

JJ·13

# CURRICULUM VITAE

Sharon L. Millis
11666 Cygnet Drive
Waldorf, Maryland 20601
(301) 870-6474

## AREAS OF EXPERTISE

Special Education Advocacy

Expert Testimony in Special Education Court and School Hearings

Expert testimony on observation/comparison/determination of student placement

Mediation of Special Education issues

Parent support, education and training on Special Education issues

Individualized Education Plan (IEP) Training, Writing and Implementation

School and Student Observation

Public, Private and Residential Special Education Compliance Monitoring for IDEA.

Public, Private and Residential Monitoring for State Standards (DC, MD and VA)

Public, Private and Residential Special Education Program Evaluation

Collection, Organization and Analysis of Special Education Program Data to Determine Degree of Program Compliance and/or Student Progress

Educational Record Review

Special Education Curriculum Development

Administrative, Teacher and Related Service Provider Technical Assistance/Instructional Support

Special Education Workshop Development and Presentation

School-Based Classroom Instruction

Seriously Emotionally Disturbed Classroom Instruction

80

Learning Disabilities Classroom Instruction

Administrative Debriefing

State and Local Special Education Policy and Procedure Development

Inclusion Consultation

Special Education Teacher Mentoring

Special Education Teacher Training

Dissemination, Follow-up and Corrective Action Responses to Data Collected from Special Education Programs

Administrative Training for Compliance Monitoring

Volunteer Training for Compliance Monitoring

Parent Training for Compliance Monitoring

Child Count Monitoring

## EMPLOYMENT HISTORY

| | |
|---|---|
| 1998 - Present | Independent Special Education Advocate/Expert for District of Columbia Special Education Attorneys |
| 1997 - 1998 | Acting Assistant Principal, Moten Elementary School/Director, P.A.C.E./Moten Special Education Program for ED students requiring Level IV/V intensity |
| 1986 - 1997 | LEA/SEA Special Education Compliance Monitor and Program Evaluator, Office Of Corporate and Community Relations, DC Public Schools, Washington, DC |
| 1992 - 1993 | Educational Assessor, Therapeutic Counselor and Early Childhood Language Facilitator, Chapter I Summer Enrichment Program, Department of Human Services, District of Columbia Government, Washington, DC |
| 1981 - 1986 | Middle School/High School/Elementary School Teacher of the Seriously Emotionally Disturbed, Gibbs/PACE Program/Buddy Program, DC Public Schools, Washington, DC |
| 1973 - 1981 | School-Based/Learning Center Teacher, Watkins Elementary School, DC Public Schools, Washington, DC |

81

1972 - 1973   Special Education Mobile Crisis Team Member, Special Education Division, DC Public Schools, Washington, DC

1970 - 1972   Mathematics, Science, Social Studies and Remedial Reading Teacher, Northwood Elementary School, Baltimore City Schools, Baltimore, Maryland

## EDUCATION

1970   B.S. Elementary Education, DePaul University (Cum Laude) Chicago, Illinois

1972   M.Ed Special Education of the Seriously Emotionally Disturbed (Cum Laude) Loyola College, Baltimore, Maryland

1997   Completion of NASSP assessment process

1997   Completion of LEAD emerging leaders program

82

**A. Benay Glymph**
**630 Potomac Ave**
**Silver Spring. MD. 20910**
**301-588-8265 (h)// 301-906-2027 ©**

## PROFESSIONAL EXPERIENCE

| | |
|---|---|
| Joiner Tax Group<br>3014 St. Clair Dr.<br>Temple Hills, MD. | January, 2003 – April, 2005 |

Managed a seasonal tax office with 8-10 employees for the tax seasons which included January, 2003 through April, 2005. Prepared tax returns for individuals and small businesses.

| | |
|---|---|
| The B.E.L.L. Foundation<br>60 Clayton St.<br>Dorchester, MA 02122 | September, 2000 – June, 2002 |

As a Site Manager for THE BUILDING FOR LEARNING AND LIVING FOUNDATION (BELL), my responsibilities included: (1) supervising young adults from various D.C. Metropolitan Area colleges and universities who tutored elementary education students in the basic skills of reading, writing, and arithmetic; (2) assisting students in raising their self-esteem and developing their awareness of community services; and (3) implementing a five –week summer academic "camp" for elementary school children. At this summer camp, I was responsible for the supervision of twenty teachers and their aides. We were given the awesome task of improving the basic skills of elementary school children with the aide of a Civil Rights curriculum, developed by THE BELL FOUNDATION's educational department. I also provided supervision for a wholesome and safe environment for the 125 students enrolled this program.

| | |
|---|---|
| College Park Aviation Museum<br>Ms. Jane Welsh<br>1985 Cp. Frank Scoot Drive<br>College Park, MD. 20740 | December,1999 – June, 2000 |

As a tour guide for school groups and private individuals, I was required to conduct my presentation in such a way that I gave students opportunities to practice some of the skills which the Maryland and DC School Systems' City-Wide Testing Programs. These skills included critical thinking, oral participation, deductive reasoning, and making assumptions. I also instructed the students in completing grade level appropriate arts & craft projects. These projects reinforced what the students had seen in the museum and at the same time, reinforced the scope and sequence requirements of the school systems' testing programs.

DC PUBLIC SCHOOLS                                    September, 1985 - June, 1996
Mr. Wheilan Wallace
4402 Keewatin Place
Lanham, MD 20706

As Elementary School Principal, I provided direction, leadership, and day-to-day management of educational activities in an elementary school. Developed academic programs, monitored students' educational progress, trained and motivated teachers and other staff. Managed guidance and other students services, administered record keeping, prepared budgets, developed positive public relations with parents, prospective and current students, employees and the community. Developed and maintained a positive and productive academic tone, interviewed and recommended the hiring of teachers and support staff, assisted teaches I improving their instructional skills, and evaluated them. Worked with staff by advising, explaining, or answering procedural questions. Visited classrooms, observed teaching methods, reviewed educational objectives, and examined learning materials.

DC Public Schools                                    March, 1984 – September, 1985
Mr. Wheilan Wallace
DC Public Schools
825 North Capitol St.
Washington, DC. 20001

As Assistant Junior High School Principal, I assisted the principal in the day-to-day management of the school, its students, teachers, an other school personnel. Supervised the instructional development of the students. Managed the discipline in the school. Responsible for the students emotional welfare. Responsible for programming student classes, ordering textbooks and supplies. Monitored staff and student attendance, student social and recreational programs, as well as, the health and safety programs Assisted with the development of curriculum, evaluating teachers and school-community relations. Acted in the principal's behalf, when he was not available.

DC Public Schools                                    March, 1983 - March 1984
Dr. Williams Brown
4500 45th St. N.E.
Washington, DC 20019

As Counselor Liaison for Region D, I designed, developed, organized, and implemented staff development training packages for the guidance counselors from 25 elementary, junior high and high schools in the far north and south east sections of Washington, DC . I was also charged with the direct supervision of these counselors and acted as the liaison between Regional Superintendent of DC Public Schools and the local counselors.

DC Public Schools                                    April, 1979 – March, 1983
Dr. Dorothy Jenkins
825 North Capitol St. N.E.
Washington, DC 20001

As a School Guidance Counselor, I worked on the elementary and secondary levels, helping students evaluate their abilities, interests, and personality characteristics in order that they might develop realistic academic and career goals. Used interviews, counseling sessions, tests, or other methods when evaluating and advising students. Provided preventive and developmental counseling to deal with students' social, behavioral, and personal problems. Provided special services, including alcohol and drug prevention programs. Conducted student workshops

D.C. Public Schools                                    November, 1973 – April, 1979
Dr. Dorothy Jenkins
825 North Capitol St.
Washington, DC 20001

As Career Advisor, I taught high school students how to explore and evaluate their interest skills and personality traits. Administrated and evaluated aptitude and achievement tests and career interest surveys. Worked with students to develop job seeking skills and assisted them in locating and applying for jobs. Conducted test taking skill workshops and seminars in employment required testing. Chaired various counseling related workshops for adults in the areas of working and living with their children, teen pregnancy, adult life skills, and drug prevention.

DC Personnel Office                                    October, 1970 – November, 1973
499 Penn. Ave. N.W.
Washington, D.C. 20002

As an Employment/Adult Educational Specialist, I integrated academic and vocational curriculum to assist adults in identifying employment skills and interest. Administered and evaluated career interest surveys. Counseled the adult learners concerning results of the career surveys and made recommendations based upon my findings. Administered and evaluated achievement tests. Analyzed the findings and placed the adults on educational levels appropriate to their educational abilities. Provided instruction in basic education for school dropouts who needed to upgrade their academic skills. Part of our mission was to increase the adults' reading and math grade levels by at least two grade levels within one year. Developed and implemented "grade level" employment-seeking skills such as resume writing, interviewing techniques, and basic job search skills. Developed, organized, and implemented job training in such career areas as Nursing Assistance, Home Care Providers, Gerontology Helpers and the like. Conducted classes in the preparation for the General Educational Development Test (GED).

Assistant Recreation Director                          October, 1965 – October, 1970
314916th St. N.W.
Washington, D.C. 20008

As an Assistant Recreation Director, I taught adult sewing and cooking classes. Conducted workshops for parents of preschoolers. Trained teen-agers and new adult staff in the difference between participating in recreational activities and supervising the activity. Organized and supervised recreational programs, facilities, and equipment. Organized and directed leisure activities and athletic programs for all ages, such as bowling, social functions, games, travel, art & craft classes, and preschool instruction. Scheduled use of the facility, ordered and kept updated inventory of equipment and supplies. Designed a record keeping system for the internal eastern regional area to record and maintain employee timesheets and personal files.

## EDUCATION

Post Masters Level:                                    Trinity College,
Educational Administration

Masters:                                    University of the District of Columbia, 1977
Guidance & Counseling

Counseling Techniques                              U.S.D.A. Graduate School, 1972

85

| | |
|---|---|
| Learning & Motivation | University of Northern Colorado (DC Branch), 1973 |
| Counseling Administration | Hofstra University, 1968 |
| B.S. Degree in History/Education/Sociology | Howard University, 1965 |

## VOLUNTEER PROJECTS

Word of Power AME Zion Church
Rev. Sharon Cheek, Pastor
PO Box 5113
Woodbridge, VA. 22194

Chairperson of Trustee Board of new founding church.  Assist the Pastor by maintaining all church financial records, including contributions, expenses, and banking.  Assist with the needs of the Pastor and church.

National Association of Investors Corporation (NAIC)
I have planned, organized, and implemented the programs as directed by national headquarters.
Though the years of working with this organization, I served as president, vice president and secretary.
Taught several investment education classes.  Organized two Investment Clubs.

## REFERENCES

Rev. Sharon Cheek
16837 Winston Lane
Woodbridge, VA. 22191
703- 441-0707

Gloria Height
5105 Roslee Dr.
Upper Marlboro, MD. 20772
202-438-5908

Cheryl Jackson
320 Shady Glen Drive
Capitol Height, MD. 20743
301-324-0519

# PROFESSIONAL VITA

**DEREK MARRYSHOW**
5104 Aldershot Dr.
Lanham, MD. 20706
(301) 333-2009 (Work)
(301) 918-7175 (Home)

## EDUCATION

**Ph.D.**    Doctor of Philosophy in Developmental/Child Psychology.
Howard University, Washington, D.C. 1995

**M.Ed.**    Master of Education, Major: Educational Psychology.
Howard University, Washington, D.C. 1986

**B.A.**    Bachelor of Art in Psychology. Lincoln University,
Lincoln, Pennsylvania. 1984

## LICENSE

Licensed School Psychologist, District of Columbia Public Schools

## PROFESSIONAL EXPERIENCE

**2004-Present:**    **Executive Director, Educational Advocates for Children, PLLC.** Provide special education advocacy for children receiving or requiring special education services. Provide testimony in due process hearings as an expert witness in the areas of psychology and special education.

**2002-2004**    **School Psychologist, District of Columbia Public Schools** Conduct psychoeducational assessments, individual, family and group counseling, and Chair MDT/IEP meetings for elementary, middle, and high school students in DCPS.

**2000-2001**    **University Supervisor, John Hopkins University** Supervise Masters level graduate student majoring in special education during their eight-week teaching internship. Supervision include conducting formal observation of instructional competencies, reviewing and grading assignments, conducting group seminars, and giving the students a final grade for the internship.

1

vita
Derek Marryshow

| | |
|---|---|
| 2000–2003 | **Project Manager, National Association for Equal Opportunity in Higher Education (NAFEO)** Coordinate a national training program for HIV/AIDS prevention that provides Community Planning training for Community based organizations and Historically Black Colleges and Universities (HBCUs) nationwide. Conducts training on the topics: Team Building and Conflict Resolution in Organizations: Bridging the Gap between Community Planning and Behavioral Science in HIV/AIDS Prevention. |
| 1996–2000 | **Program Director/ Clinical Psychologist, District of Columbia Public School** Director and Psychologist for the Evans Middle School Level IV Intensity Emotionally Disturbed Special Education Program. Chair of an Interdisciplinary team. Supervise two special education teachers and two therapeutic aides. Coordinate and conduct psychoeducational assessment, individual and group therapy, and crisis intervention. Conduct workshops on conflict resolution, parenting, and inclusion. |
| 1996–1996 | **School Psychologist, Educational In-Roads, Inc.** Conduct psychoeducational assessments and participant in IEP meetings for elementary, middle, and high school students in DCPS. |
| 1992–1995 | **Project Director, Mayor's Turning Points Program of Progressive Life Center Inc., Washington, D.C.** Executive Director of a comprehensive school based program. The services provided at Turning Points included case management, therapeutic support, health services, academic achievement enhancement, and structured culturally and socially relevant afterschool programming. The program served the students and families of Douglass Junior High Alternative School. Responsible for overall budgetary and programmatic functions. Assure efficiency and effectiveness of all program and service operations. Supervise and evaluate project staff. Assure staff compliance with project policies. Assure timely submission of all required reports. Recruit to fill project vacancies and assure accomplishment of project's goals and objectives. Participate in proposal development. |

2

3015963756

Vita
Demak Marryshow

1990–
1992

**Senior Family Therapist, Progressive Life Center Inc., Washington, D.C.**
Provide individual, group and family therapy to adolescent male delinquents and their families; maintain up-to-date and confidential documentation of client contact and case progress; and provide relevant crisis intervention and advocacy services and referrals. Supervise two family therapists.

1990–
1991

**Research Assistant, American Psychological Association**
Conduct literature reviews, identify experts in the field, and responsible for writing a section of a comprehensive manual on the etiology of youth violence.

1986–
1990

**Psychologist, PSI Associates, Inc.**
Responsible for conducting psychological evaluations, and developing behavior modification programs for mentally retarded and dual diagnosed adults, and serving as a member of the interdisciplinary team.

3

vita
Derek Marryshow

# WORKSHOPS/PRESENTATIONS/TRAINING EXPERIENCE

**9/04-Present**
Conduct workshops with parents and professionals in the area of special education advocacy. Topics including: Understanding the Individuals with Disability Education Act, Negotiating the Due Process Hearing, Transition Services for Special Education Students. Trainings are conducted in conjunction with Educational Advocates For Children, LLC.

**3/05-Present**
Trainer for Behavioral and Social Scientist Volunteer Program (BSSVP). Train Behavioral scientist, and Direct Service Providers working in the HIV Prevention field on new intervention models and best practice models for HIV prevention.

**7/04-Present**
Conduct monthly workshops on Team Building, Stress Management, and Parenting for clients at a community mental health firm: Akoma Community Supports, Inc.

**3/05**
Effective Communication with Children and Adolescents. Presentation to seven classes of District of Columbia Public School Security Officers.

**8/04**
Awareness and Prevention: DCPS Policy on Sexual Harassment in the Workplace. Presentation to seven classes of District of Columbia Public School Security Officers.

**8/04**
Awareness and Prevention: DCPS Policy on Sexual Harassment in the Workplace. Presentation to staff at two DCPS special education schools.

**8/03**
Conduct workshop on Inclusion Model at four District of Columbia Public Middle School at Staff Development.

**9/03**
Conduct workshop on Inclusion at four District of Columbia Elementary School at Staff Development.

4

Vita
Derek Marryshow

2002/2003
Conduct Parenting Workshops for fathers at DCPS Head start
Program.

Conduct Parenting Workshops for fathers at Progressive Life
Center's Umoja Program.

Conduct team building and conflict resolution training for youth
and adult groups.

Develop training manual for teaching parenting skills. Conduct
parenting workshops.

Conduct on-going staff development and teacher training for the
staff at DCPs

Teach NTU psychotherapy to clinical staff at Progressive Life
Center Inc.

1994, Aug.
The impact of a school-based prevention and intervention program
on at-risk Junior High School students' academic performance,
attendance, and behavior. Presentation at the Association of
Black Psychologist 26th Annual Convention. Philadelphia, Pa.

1994, Nov.
The Progressive Life Turning Points Center at Frederick Douglass
Junior High Alternative School. Testimony at the District of
Columbia City Council Hearings on Youth Services. Washington,
D.C.

1992, Aug.
The Impact of Learning Orientations of African American
Children's Attitudes Toward High Achievers. Presentation at the
Association of Black Psychologist 24th Annual Convention. Denver,
Colorado.

1993, Aug.
The Role of Cultural Sensitivity in Community Law Enforcement.
Presentation at the National Association of Social Workers
Conference.

REFERENCE AVAILABLE UPON REQUEST

5



**DISTRICT OF COLUMBIA
PUBLIC SCHOOLS**

**Office of the Superintendent**
**Office of the General Counsel**
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000       Fax: 202-442-5098
www.k12.dc.us

March 29, 2007

Jani Tillery, Esquire
Christopher N. Anwah, PLLC, Law Offices
Carpenter's Building
1003 K Street, N.W., Suite 565
Washington, D.C. 20001

**DISCLOSURE STATEMENT**

**VIA FACSIMILE (202) 626-0048**

**Subject: Due Process Hearing for J▮▮▮▮ J▮▮▮▮▮
DOB: ▮▮▮▮/1995**

Dear Ms. Tillery:

At the upcoming due process hearing in the above-referenced matter, scheduled for Thursday, April 5, 2007, at 3:00 p.m., and pursuant to 34 C.F.R. 300.509(a)(3), in addition to any documents and witnesses disclosed by the parent, DCPS may rely upon any of the following witnesses/documents[1]:

**Witnesses**

Marla Oakes, Executive Director, Office of Special Education, DCPS and/or designee(s) – **825 North Capitol Street, N.E., Washington, D.C. 20002; (202) 442-4800** – *same for all Central Office staff*
Wayne Ryan, Principal, Noyes Elementary School, and/or designee(s) -
**2725 – 10th Street, N.E., Washington, D.C. 20018; (202) 281-2580**
John Edwards, Special Education Coordinator, Noyes ES, and/or designee

**Documents**

| | | |
|---|---|---|
| DCPS-01 | Administrative Due Process Complaint | Date: 02/14/2007 |
| DCPS-02 | Resolution Meeting Notes | Date: 03/17/2007 |
| DCPS-03 | ENCORE Attending School List | |

Pursuant to 34 C.F.R. 300.509(a)(2) and 5DCMR 3031.1(b), DCPS hereby compels the attendance of the below named individual as a necessary and material witness(es):

**LaTonia Jenkins, student**

---

[1] Witnesses may testify by telephone.

92

DCPS Office of the General Counsel
Page 2 of 2

DCPS reserves the right to examine any witnesses called or identified as a potential witness by the representative of J█████ Parker, as if such witness was called by DCPS. Also, DCPS reserves the right to rely upon and/or use any documents/witnesses presented and/or disclosed by the parent that DCPS deems relevant in this case. Lastly, DCPS reserves that right to call rebuttal witnesses in this case.

If you wish to discuss any aspect of this case further, or have questions, please contact me at (202) 442-5604.

Sincerely,

Quinne Harris-Lindsey
Acting Supervisory Attorney Advisor

cc:    Student Hearing Office

93

**State Education Agency for the District of Columbia**
**State Enforcement and Investigation Division (SEID)**
**Special Education Programs**

 

# Due Process Complaint Notice

- The form is used to give notice of a due process complaint to the District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office of the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- **Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.** Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting (called a "Resolution Session") with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings.**

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A. INFORMATION ABOUT THE STUDENT:

Student Name: J█████ J█████        Birth Date: ████-95

Address: 61█ FRANKLIN STREET, NE WASHINGTON DC 20017

Home School: NOYES ES

Present School of Attendance: NOYES ES

Is this a charter school? No        (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student: Ms. LATONIA JENKINS

1

SEID DPCN Rev'd 08/25/06



DCPS-01

Address (if different from the student's above): _____

Phone/Contact Number: 202-248-2642          Number (if applicable): _____

## B. Individual Making the Complaint/Request for Due Process Hearing:

Name: __Ms. LATONIA JENKINS_____

Complete Address: 612 FRANKLIN STREET, NE WASHINGTON, DC 20017

Phone: (h) 202-248-2642     (w) _____     (Fax) _____     (e-mail) _____

Relationship to the Student:

x     Parent          ☐  Legal Guardian               ☐  Parent Surrogate

☐     Self/Student     ☐  Local Education Agency (LEA) ☐  Parent Advocate

## C. Legal Representative/Attorney (if applicable):

Name: Jan G Tillery, Esq. (Law Offices, Christopher N. Anwah, PLLC)

Address: 1003 K Street, N.W., Suite. #565, Washington, DC 20001

Phone: (w) 202-626-0040     (Fax) 202-626-0048     (e-mail) _____

Will attorney / legal representative attend the resolution session?     X Yes     ☐ No

## D. Complaint Made Against (check all that apply):

☐ DCPS school (name of the school if different from page one)_____
☐ Charter school (name of the charter school if different from page one) _____
☐ Non-public school or residential treatment facility (name) _____
☐ Parent

## E. Resolution Session Meeting Between Parent and LEA:

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

2

SEID DPCN Rev'1. 08/25/06

8082620048     18:00     02/14/2007

CHRISTOPHER ANWAH PL

**X☐ I wish to waive the Resolution Session Meeting**

**F.    Mediation Process:**

IDEIA requires that any time a party requests a due process hearing; mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

☐    I am requesting mediation as an alternative to the resolution session meeting.

☐    I am requesting mediation and a due process hearing.

☐    I am requesting mediation **only** at this time.

**G.    Facts and Reasons for the Complaint:**

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions. Provide complete details about all the facts supporting your claims. (You may attach additional pages if needed):

1.    What is the nature of the problem, including the facts relating to the problem that will need to be addressed at a Resolution Session meeting, a Mediation Conference, and/or a Due Process Hearing?

    A.    DCPS has continuously failed to violate the "Child Find" statute of the IDEIA by failing to identify the student to determine eligibility for special education. The 120-day timeline has passed to identify the student, however, DCPS has failed to convene an MDT/IEP/Eligibility meeting and develop an appropriate IEP for J█████. As a result, the student has regressed academically and behaviorally.

2.    To the extent known to you at this time, how can this problem be resolved?

    A.    DCPS to provide compensatory education for the past 2 to 3 years of denial FAPE for failing to promptly identify him under the "Child Find" statute.

    B.    DCPS to fund an independent tutor to implement the compensatory education plan.

3.    Issues presented:

    A.    Whether DCPS denied J█████ a Free Appropriate Public Education (FAPE) when it failed to comply with the "Child Find" statute of the IDEIA?

**H.    Estimated amount of time needed for the hearing:** _____

Note: In the absence of a specified amount of time, the SHO schedules hearings in two hour blocks of time and will allocate two hours to conduct the hearing. Please indicate if you believe more than two hours will be needed.

3

J█████ J█████: _____ A█████95

96

**I. Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other _____

**J. Waiver of Procedural Safeguards:**

☐ I (parent/guardian) waive receiving a copy of the procedural safeguards at this time.

**K. Parent Signature and Affirmation:**

I affirm that the information provided on this form is true and correct.

_____    _____
Signature of Parent or Guardian                    Date

**L. Signature of Attorney/ Legal Representative:**

_____    02/14/07
Legal Representative / Advocate                    Date

**M. Signature of LEA Representative (if hearing requested by LEA):**

_____    _____
Representative of LEA                    Date

4

97

Mail, fax or deliver this complaint notice to:
State Enforcement and Investigation Division
For Special Education Programs (SEID)
Student Hearing Office (SHO)
825 North Capitol Street, NE, 8th Floor
Washington, DC 20002
Fax number: 202/442-5556

5

98

**DISTRICT OF COLUMBIA PUBLIC SCHOOLS**
WASHINGTON, D.C.

<u>MEETING NOTES</u>

HOD

Student: J▒▒▒▒        J▒▒▒▒        ID: 9060907    Case Number: 200700000397    Date: 03/19/2007

This is a Resolution Meeting to respond to the most recently filed complaint filed March 2, 2007 in regards to J▒▒▒▒ J▒▒▒▒▒

All parties are present.The regular education teacher was officially excused from this resolution meeting

Mr. Edwards states that DCPS/Noyes Elementary school has made at least five attempts to schedule a resolution meeting for J▒▒▒ J▒▒▒▒ since his enrollment in October 2006. Noyes Elementary has provided copies of the documentation of letters of invitation and related correspondences faxed to the law of Offices Christopher Anwah, PLLC dated October 27, 2006 through  March 19th, 2007 to Ms. Jani Tillery, ESQ on behalf of the parent.

In keeping with the resolution relief requested by the parent, Noyes has offered to assess J▒▒▒ J▒▒▒▒ for a Functional Behavioral assessment to be performed by the MDT. Noyes has also offered to hold an eligibility Meeting/IEP to review the psycho-educational and clinical evaluations done in October and September of 2006. Also, Noyes has offered to discuss compensatory education and placement at the eligibility meeting. In addition, Noyes has offered to discuss related services such as, counseling and therapy at the eligibilty meeting. Noyes also wanted to discuss the need for an psychiatric consultation because the clinical was not specific in explaining the need for a consultation. Ms. Tillery didn't want to address this concern at this time.

The MDT explained that services, if warranted, could not be provided to J▒▒▒▒ without the eligibility meeting in order to review the results of the evaluations, nor could additional assessments be ordered until the parent has given consent through the Student Evaluation Plan.  Noyes offered to schedule the eligibility and SEP meeting at the parent's next available date.  The Parent's advocate, Ms. Tillery, declined the offer.

The resolution meeting is unresolved at this time.

☐ Additional Form Needed 99

**ENCORE**

HOME    SEARCH ENCORE    REPORTS    ADMINISTRATION    HELP    LOGOUT

Go To Student ID: [ ]

Transfers / Attending School / History
Student: _____ _____    ID: **9060907**    Grade: **Grade 6**

ATTENDING SCHOOL

- Profile
- Transfers
  - Attending School
  - Managing School
  - Folder School
  - Zone School
- Special Ed
  - Intervention
  - 504

Records 1 - 10 of 40 ▶ ▶|    ADD

| Category | Reason | School From | School To | Effective Date ▼ |
|---|---|---|---|---|
| Enrolled | Re-Entry in Same School | | Noyes Elementary | 2/22/2007 |
| Withdrawn | NonPublic School, Discharged to Enroll In | Youth Services Center | | 2/21/2007 |
| Withdrawn | Transferred to Enroll in Another DCPS School | Noyes Elementary | | 2/13/2007 |
| Enrolled | Transfer from one DCPS to antoher DCPS | | Youth Services Center | 2/13/2007 |
| Enrolled | Entry from a Public Charter School | | Noyes Elementary | 8/28/2006 |
| Withdrawn | Transferred to Enroll in Another DCPS School | Tubman Elementary | | 8/10/2006 |
| Enrolled | Re-Entry in Same School | | Tubman Elementary | 8/29/2005 |
| Enrolled | Re-Entry in Same School | | Tubman Elementary | 7/14/2005 |
| Withdrawn | | Gibbs Elementary | | 7/11/2005 |
| Withdrawn | | Gibbs Elementary | | |

|◀ ◀ Records 1 - 10 of 40 ▶ ▶|

△ Top

© Copyright 2003-2006, 4GL School Solutions, Inc. All Rights Reserved. - ver. Encore 6.5.9.9

DCPS - 03

ENCORE!

HOME    SEARCH ENCORE    REPORTS    ADMINISTRATION    HELP    LOGOUT

User: HARRIS-LINDSEY, QUINNE    SCHOOL: DCPS/290

Transfers / Attending School / History

Student: J███████, J██████    ID: 9060907    Grade: Grade 6

ATTENDING SCHOOL

|◄ ◄ Records 11 - 20 of 40 ► ►|    ADD

| Category | Reason | School From | School To | Effective Date ▼ |
|---|---|---|---|---|
| Withdrawn | | Gibbs Elementary | | 12/16/2004 |
| Withdrawn | | Gibbs Elementary | | 12/16/2004 |
| Withdrawn | | Gibbs Elementary | | 12/16/2004 |
| Withdrawn | | Gibbs Elementary | | 11/9/2004 |
| Withdrawn | | Gibbs Elementary | | 10/21/2004 |
| Withdrawn | | Gibbs Elementary | | 9/11/2004 |
| Enrolled | | Tubman Elementary | | 9/11/2004 |
| Enrolled | | Tubman Elementary | | 9/1/2004 |
| Enrolled | | Tubman Elementary | | 9/1/2004 |
| Enrolled | | Tubman Elementary | | 9/1/2004 |

|◄ ◄ Records 11 - 20 of 40 ► ►|

△ Top

Go To Student ID: [        ]

⊞ Profile
⊟ Transfers
  ⊟ Attending School
  ⊟ Managing School
  ⊟ Folder School
  ⊟ Zone School
⊞ Special Ed
  ⊟ Intervention
  ⊟ 504

© Copyright 2003-2006. 4GL School Solutions, Inc. All Rights Reserved. - ver. Encore 6.5.9.9

**ENCORE!**

HOME    SEARCH ENCORE    REPORTS    ADMINISTRATION    HELP    LOGOUT

User: HARRIS-LINDSEY, QUINNE    School: DCPS/290

Go To Student ID: [ ]

⊞ Profile

⊟ Transfers

⊟ Attending School

⊟ Managing School

⊟ Folder School

⊟ Zone School

⊞ Special Ed

⊟ Intervention

⊟ 504

Transfers / Attending School / History

Student: J██████, J██████    ID: **9060907**    Grade: **Grade 6**

ATTENDING SCHOOL

|◄ ◄ Records 21 - 30 of 40 ► ►|    ADD

| Category | Reason | School From | School To | Effective Date ▼ |
|----------|--------|-------------|-----------|------------------|
| Enrolled |  | Tubman Elementary |  | 9/1/2004 |
| Enrolled |  | Tubman Elementary |  | 9/1/2004 |
| Enrolled |  | Tubman Elementary |  | 9/1/2004 |
| Enrolled |  | Tubman Elementary |  | 9/1/2004 |
| Enrolled |  | Tubman Elementary |  | 8/3/2004 |
| Withdrawn |  | Gibbs Elementary |  | 8/3/2004 |
| Withdrawn |  | Park View Elementary |  | 7/26/2004 |
| Withdrawn |  | Park View Elementary |  | 3/2/2004 |
| Enrolled |  | Park View Elementary |  | 9/8/2003 |
| Withdrawn |  | Park View Elementary |  | 9/8/2003 |

|◄ ◄ Records 21 - 30 of 40 ► ►|

△ Top

© Copyright 2003-2006, 4GL School Solutions, Inc. All Rights Reserved. - ver. Encore 6.5.9.9

2

ENCORE

HOME  SEARCH ENCORE  REPORTS  ADMINISTRATION  HELP  LOGOUT

User: HARRIS-LINDSEY, QUINNE   SCHOOL: DCPS/290

Go To Student ID: [_____] [Go]

- Profile
- Transfers
  - Attending School
  - Managing School
  - Folder School
  - Zone School
- Special Ed
- Intervention
- 504

Transfers / Attending School / History

Student: J_____, J_____   ID: 9060907   Grade: Grade 6

ATTENDING SCHOOL

⏮ ◀ Records 31 - 40 of 40 ▶ ⏭

ADD

| Category | Reason | School From | School To | Effective Date ▼ |
|----------|--------|-------------|-----------|------------------|
| Enrolled | | Gibbs Elementary | | 9/2/2003 |
| Enrolled | | Gibbs Elementary | | 9/2/2003 |
| Enrolled | | Park View Elementary | | 7/30/2003 |
| Withdrawn | | Draper Elementary | | 6/12/2003 |
| Enrolled | | Draper Elementary | | 6/12/2003 |
| Withdrawn | | Draper Elementary | | 6/12/2003 |
| Enrolled | | Draper Elementary | | 6/12/2003 |
| Withdrawn | | Draper Elementary | | 6/12/2003 |
| Withdrawn | | Draper Elementary | | 6/12/2003 |
| Enrolled | | Draper Elementary | | 7/8/1999 |

⏮ ◀ Records 31 - 40 of 40 ▶ ⏭

△ Top

© Copyright 2003-2006. 4GL School Solutions, Inc. All Rights Reserved. - ver. Encore 6.5.9.9



Office of the General Counsel
9th Floor
825 North Capitol St, NE
Washington, DC 20002
(202) 442-5000
Fax (202) 442-5098

# **FACSIMILE**

|  |  |  |  |
|---|---|---|---|
| | | **Date:** | 03-29-07 |
| **To:** | Jani Tillery, Esquire | **Fax No.:** | 202/626-0048 |
| **CO:** | Christopher N. Anwah, PLLC,<br>Law Offices | **Tele. No.:** | 202/626-0040 |
| **FROM:** | Quinne Harris-Lindsey, Esquire | **Tele. No.:** | 202/442-5604 |

**No. Pages, Including Cover Sheet:** _13 pps_

**COMMENTS: Re:** 5 Day Disclosures for J██████ J█████, DOB: ██████1995

---

### *CONFIDENTIALITY NOTICE*

*The information contained in this telefacsimile has been transmitted by an attorney. It is privileged and confidential, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If this communication has been received in error, please notify us immediately by telephone, and return the original message to us at the above address via first class prepaid US postage. Thank you.*



# hp LaserJet 9050mfp series

| Fax Call Report | | | | | | | 1 |

DCPS Office of General Counsel
2024425098
29-Mar-2007 07:09 PM

| Job | Date/Time | Type | Identification | Duration | Pages | Result |
|-----|-----------|------|----------------|----------|-------|--------|
| 4294 | 29-Mar-2007 07:04 PM | Send | 96260048 | 4:40 | 13 | Success |



Office of the General Counsel
9th Floor
825 North Capitol St, NE
Washington, DC 20002
(202) 442-5000
Fax (202) 442-5098

## FACSIMILE

**Date:**    03-29-07

**To:**  Jani Tillery, Esquire     **Fax No.:**  202/626-0048

**CO:**  Christopher N. Anwah, PLLC,
Law Offices                        **Tele. No.:**  202/626-0040

**FROM:**    Quinne Harris-Lindsey, Esquire    **Tele. No.:**  202/442-5604

**No. Pages, Including Cover Sheet:**    13 pps

**COMMENTS: Re:** 5 Day Disclosures for J██████ J██████, DOB: ███/1995

---

### CONFIDENTIALITY NOTICE

*The information contained in this telefacsimile has been transmitted by an attorney. It is privileged and confidential, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If this communication has been received in error, please notify us immediately by telephone, and return the original message to us at the above address via first class prepaid US postage. Thank you.*

105

Harriet Tubman Elementary School
3101 13th Street, N.W.
Washington, D.C. 20010

March 23, 2006

Children's Hospital
111 Michigan Avenue, N.W.
Washington, D.C.

To Whom It May Concern:

    Jahiem Jenkins is 10 years old and enrolled in the fifth grade at Harriet Tubman Elementary School. There has been a sudden and rapid change in his physical appearance within the last week. He has become emaciated and his eyes are sunken in and his lips are heavily chapped. He has lost interest in coming to school and has been absent without his mother's permission. He is a flight risk and we don't know what he will do next. The police escorted him to school this morning after he has missed school for five days without his mother's permission. His mother has also stated that he comes home at various hours at night and is not being honest with her about where he is spending his time when he is not at school. She has also stated that he told her he wanted to "kill" her on more than one occasion. This is a student who has been in fights at school in the recent past and has a history of being verbally and physically explosive. Therefore it is most urgent that Jahiem be seen today and evaluated at Children's Hospital. His mother would also like to have drug tests done to determine if there has been drug use that is impacting his behavior and physical appearance.

    If you have any questions or need further details please feel free to call me at Harriet Tubman Elementary School at 202-673-7285 or 673-3545. I can be reached Monday – Friday between 8:30 A.M.-3:30 P.M. Thank you for your immediate attention to this request.

Respectfully,

*Franchon. Barron*

Franchon Barron
Licensed Professional School Counselor
M.A. Ed.

Cc: Sharon Bovell, Principal
   School Counselors file
   Parent of Jahiem Jenkins

106

```
                    ┌─────────────────────────────────────┐
                    │  TRANSMISSION VERIFICATION REPORT    │
                    └─────────────────────────────────────┘

                                        TIME  : 03/22/2007 11:02
                                        NAME  :
                                        FAX   :
                                        TEL   :
                                        SER.# : BROE6J471573
```

```
┌──────────────────────────────────────────────────────────────┐
│   DATE,TIME              03/22  11:02                          │
│   FAX NO./NAME           96260048                              │
│   DURATION               00:00:26                             │
│   PAGE(S)                01                                    │
│   RESULT                 OK                                    │
│   MODE                   STANDARD                             │
│                          ECM                                   │
└──────────────────────────────────────────────────────────────┘
```

# District of Columbia Public Schools
## *State Enforcement & Investigation Division*
### STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8ᵀᴴ Floor
Washington, D.C. 20002
PHONE: (202) 442-5432
FAX: (202) 442-5556



**HEARING NOTICE**

| MEMORANDUM VIA: [X] FACSIMILE  [ ] MAIL  [ ] HAND DELIVERY |
|---|

TO:    Parent (or Representative): _C. ANWAH_           Fax No.: _626-0048_

LEA Legal Counsel: _OGC_

RE:    J██████, J█████        and (LEA) DOB: ███/95
            Student's Name

FROM:    **SHARON NEWSOME**
            Special Education Student Hearing Office Coordinator

DATE SENT: _3/22/07_

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

The Student Hearing Office received your Request for Due Process Hearing or Mediation for the above named student on
_2/7/07_ . Please be advised that the hearing has been scheduled for:

DATE: _4/5/07_

TIME: _3:00 pm_

107

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

MULTIDISCIPLINARY TEAM
(MDT)
MEETING NOTES

MDT

MDT REFERRAL DATE: _____

MEETING DATE: 3/19/2007

STUDENT: ████ █████    SCHOOL: Noyes Elementary

| PARTICIPANTS: (Print Name) | PARTICIPANTS: (Sign Name) | POSITION |
|---|---|---|
| John Edwards | John Edwards | Special Education Coordinator |
| Candi L. Peterson | Candi L. Peterson LGSW | School Social Worker |
| Chandrae Jackson Sanders | Chandrae Sanders | School Psychologist |
| Ms. Jenkins | | VIA Phone   Parent |
| Jani Tillery | | Attorney |

unresolved — placement / independent —
Notes for the resolution meetings is on the next
page.

VIA Phone

THE PARENT ☒ IS PRESENT ☐ IS NOT PRESENT AT THE MEETING

AFTER A REVIEW OF THE ASSESSMENTS, IT IS DETERMINED THAT _____

☐ CONTINUES TO BE ELIGIBLE FOR SPECIAL EDUCATION

☐ IS TO BE EXITED FROM SPECIAL EDUCATION

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

## MEETING NOTES

HOD

Student: ▒▒▒▒    ▒▒▒▒    ID: 9060907    Case Number: 200700000397    Date: 3/19/2007 12:

This is a Resolution Meeting to respond to the most recently filed complaint filed March 2, 2007 in regards to ▒▒▒▒ ▒▒▒▒.

All parties are present. The regular education teacher was officially excused from this resolution meeting.

Mr. Edwards states that DCPS/Noyes Elementary school has made at least five attempts to schedule a resolution meeting for ▒▒▒▒ ▒▒▒▒ since his enrollment in October 2006. Noyes Elementary has provided copies of the documentation of letters of invitation and related correspondences faxed to the law of Offices Christopher Anwah, PLLC dated October 27, 2006 through March 19th, 2007 to Ms. Jani Tillery, ESQ on behalf of the parent.

In keeping with the resolution relief requested by the parent, Noyes has offered to assess ▒▒▒▒ ▒▒▒▒ for a Functional Behavioral assessment to be performed by the MDT. Noyes has also offered to hold an eligibility Meeting/IEP to review the psycho-educational and clinical evaluations done in October and September of 2006. Also, Noyes has offered to discuss compensatory education and placement at the eligibility meeting. In addition, Noyes has offered to discuss related services such as, counseling and therapy at the eligibilty meeting. Noyes also wanted to discuss the need for an psychiatric consultation because the clinical was not specific in explaining the need for a consultation. Ms. Tillery didn't want to address this concern at this time.

The MDT explained that services, if warranted, could not be provided to ▒▒▒▒ without the eligibility meeting in order to review the results of the evaluations, nor could additional assessments be ordered until the parent has given consent through the Student Evaluation Plan. Noyes offered to schedule the eligibility and SEP meeting at the parent's next available date. The Parent's advocate, Ms. Tillery, declined the offer.

The resolution meeting is unresolved at this time.

Due Processing Hearing requested by the adovocate Ms. Hillary

☐ Additional Form Needed

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
OFFICE OF ACADEMIC SERVICES

**RESOLUTION MEETING CONFIRMATION**
**(RMC)**
**PUBLIC SCHOOLS**

*Noyes Elementary School*
School

Dear Parent/Guardian:

Pursuant to the Individuals With Disabilities Education Improvement Act of 2004 §615 (f)(1)(B), this is a confirmation of your meeting to discuss your pending due process complaint and the facts that support it. The goal of the resolution meeting is to discuss the complaint and provide an opportunity for DCPS to resolve it. The IDEA 2004 requires that prior to an impartial due process hearing a resolution meeting must be held within 15 (fifteen) days of your filing your complaint.

Your participation is essential in an attempt to resolve your concerns and the school hopes that you will make every effort to attend this meeting that is required prior to a due process hearing. Please be advised that failure to attend this meeting may result in a waiver of your right to due process hearing.

The date, time and place of the meeting are printed below.

*March 19, 2001*
Date

*11:30 am*
Time

*2725 10th Street, NE.*
Location

*Washington DC, 20017*

*John Edwards*
Sent By

RMC Letter of Confirmation to the Parent
6-14-05

110

**Crosby S. Noyes Elementary School**
**2725 10th street NE**
**Washington, DC  20018**

Jani Tillery
Law Offices, Christopher N. Anwah, PLLC
1003 K street, NW
Suite 565
Washington,  DC 20001

Dear Jani Tillary,

Per our conversation on Friday, I'm sending this letter to confirm our rescheduled date
for the resolution meeting to 3/19/07 at 10:30 am.   If you have any questions I can be
reached at (202)281-2580.

Sincerely,

John Edwards
Special Ed. Coordinator

111

*Crosby S. Noyes Elementary School*
*2725 10th Street, NE*
*Washington, D.C. 20018*
*(202) 281-2580    (202) 576-7397 (Fax)*

*Wayne Ryan*
*Principal*

# FAX

**To:** Javi Tillery     **Fax Number :** (202) 626-0048

**From:** John Edwards

**CC:** _____

**Date:** 3/19/2007

**Re:** ▓▓▓▓ ▓▓▓▓     **Number of pages including this page:** ___

1

112

TRANSMISSION VERIFICATION REPORT

```
TIME   : 03/19/2007 08:44
NAME   : NOYES
FAX    : 5767436
TEL    : 5767436
SER.# : BROF4J638713
```

```
DATE,TIME            03/19  08:44
FAX NO./NAME         9202626O048
DURATION             00:00:55
PAGE(S)              02
RESULT               OK
MODE                 STANDARD
                     ECM
```

113

**TRANSMISSION VERIFICATION REPORT**

```
TIME  : 03/19/2007 13:49
NAME  : NOYES
FAX   : 5767436
TEL   : 5767436
SER.# : BROF4J638713
```

```
DATE,TIME            03/19  13:45
FAX NO./NAME         92024425097
DURATION             00:04:19
PAGE(S)              23
RESULT               OK
MODE                 STANDARD
                     ECM
```

114

# LAW OFFICES,
## CHRISTOPHER N. ANWAH, PLLC

Attorneys and Counselors at Law

Christopher N. Anwah, Esq.
   (DC, MD, NJ)
Fatmata Barrie, Esq.
   (DC, FL)
Georgina A. Oladokun, Esq.
   (MD)
Allen Mohaber, Esq.
   (MD)
Jani Tillery, Esq.
   (DC)

Carpenter's Building
1003 K Street, N.W.
Suite 565
Washington, D.C 20001
Phone: (202) 626-0040
Fax: (202) 626-0048
Email: chrisanwahfirm@chrisanwahfirm.com

March 9, 2007

Mr. John Edwards
Crosby S. Noyes Elementary School
2725 10th Street, NE
Washington, D.C. 20018

RE: J██████ J███████

Dear Mr. Edwards:

    I received your letter dated regarding the resolution for J██████ J███████ The parent and parent's counsel will be able to attend the resolution meeting on March 16, 2007 at 10:00am. Please note this confirmation is for a resolution meeting only. Thank you very much for your cooperation in this matter. Please feel free to contact me with any questions at the number listed above.

Sincerely,

Jani Tillery, Esq.

115

Crosby S. Noyes Elementary School
2725 10th street NE
Washington, DC 20018

Jani Tillery
Law Offices, Christopher N. Anwah, PLLC
1003 K street, NW
Suite 565
Washington, DC 20001

Dear Jani Tillary,

I received your letter in regards to J██████ J█████ on March 6, 2007.  I would like to confirm the proposed date of March 16, 2007 at 10:00 am.  Please feel free to contact me at (202) 281-2580 if you have any questions.

Sincerely,

John Edwards
Special Ed. Coordinator

116

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
SPECIAL EDUCATION

MULTIDISCIPLINARY TEAM
(MDT)
Meeting Notice

Date __03/05/2007__

MDT Referral Date: _____

**Letter of Invitation**

Re: __Resolution Meeting for J_____ j_____

Dear _____ Jani Tillary _____

A multidisciplinary team (MDT) meeting is scheduled to discuss the status of your child's educational needs. Your participation is essential, and we look forward to your valuable input. The purpose and details of the meeting are printed below. You and the school may have additional individuals attend the meeting who have knowledge or special expertise regarding your child. Other invited participants are listed under MDT members.

**Please check one date for confirmation:**

| | | | |
|---|---|---|---|
| [X] | Date: 03/16/2007 | Time: 10:00 am | ; or |
| [ ] | Date: | Time: | ; or |
| [ ] | Date: | Time: | |

Place/Location:

Noyes ES
2725 10th street, NE
Washington, DC 20016

If a suggested meeting time is inconvenient, please call the counselor and/or special education coordinator for a mutual time to address the concerns. Participation by teleconference may be requested if other arrangements prove to be unsuccessful.

**\*The purpose of this meeting is to:**

[ ]\* \*develop/review IEP (including consideration of extended school year (ESY) services   [X] \*\*discuss CompEd

[X] \*\*review evaluation or reevaluation information      [ ] discuss placement      [ ] \*consider transition service needs

[X] develop the student evaluation plan (SEP)      [X] determine manifestation      [ ] discuss quarterly review

[ ] discuss documented levels of service      [X] discuss eligibility      [ ] behavior plan review

[ ]\*\*review records to support the completion of services as follows:

    [ ] Graduated   [ ] Completed Services   [ ] Aged Out   [ ] Transferred Out of District   [ ] Dropped out

    [ ] Other: _____

\*\*Placement will be discussed.

| MDT Members: | [X] Principal or Designee | [X] General Education Teacher | [X] Psychologist |
|---|---|---|---|
| | [X] Parent | [X] Special Education Teacher | [ ] Other: _____ |
| | [X] LEA Representative | [ ] Speech and Language | _____ |
| | [ ] Student | [X] Social Worker | _____ |

Any questions you may have concerning your child's program will be discussed at the above meeting. A copy of the Procedural Safeguards for parents is enclosed for your information. If the school can be of assistance to you, please contact _____ at _____ (school telephone number).

If the purpose of the meeting includes consideration of a transition plan, your child is invited to attend and a representative of the following agency(ies) may be invited, if appropriate

    \* _____      \* _____

See attachments, when appropriate, for - EVALUATION PROCEDURES, TEST, RECORDS OR REPORTS USED

\*After the third attempt to contact the parent, the meeting will be held without further notice.

Please sign below and return this page to the school.

Parent/Guardian/Surrogate Signature _____

I acknowledge receipt of the Procedural Safeguards for parents (due process procedures).   [ ] Yes   [ ] No

District of Columbia Public Schools      07-02-2001      Division of Special Education      MDT Letter of Invitation to the Parent - Page 1 of 3

117

*Crosby S. Noyes Elementary School*
*2725 10th Street, NE*
*Washington, D.C. 20018*
*(202) 281-2580    (202) 576-7397 (Fax)*

*Wayne Ryan*
*Principal*

# FAX

**To:** Jani Tillery          **Fax Number:** (202) 626-0048

**From:** John Edwards

**CC:** _____

**Date:** 3/07/2007

**Re:** ████ ████ Res. Meeting  **Number of pages including this page:** ___

118

TRANSMISSION VERIFICATION REPORT

```
TIME  : 03/07/2007 10:09
NAME  : NOYES
FAX   : 5767436
TEL   : 5767436
SER.# : BROF4J638713
```

```
DATE,TIME              03/07  10:08
FAX NO./NAME           92026260048
DURATION               00:01:01
PAGE(S)                03
RESULT                 OK
MODE                   STANDARD
                       ECM
```

119

# LAW OFFICES,
## CHRISTOPHER N. ANWAH, PLLC

Attorneys and Counselors at Law

Christopher N. Anwah, Esq.
   (DC, MD, NJ)
Fatmata Barrie, Esq.
   (DC, PA)
Georgina A. Oladokun, Esq.
   (MD)
Allen Moh ber, Esq.
   (MD)
Jani Tillery, Esq.
   (DC)

Carpenter's Building
1003 K Street, N.W
Suite 565
Washington, D.C. 20001
Phone: (202) 626-0040
Fax: (202) 626-004
Email: chrisanwahfirm@ch   anwahfirm.com

March 6, 2007

Mr. John Edwards
Crosby S. Noyes Elementary School
2725 10th Street, NE
Washington, D.C. 20018

RE: ████ █████

Dear Mr. Edwards

    I received your letter dated 2/28/07 regarding the resolution for ████ █████. Unfortunately, the parent is only available at 10:00am on weekdays due to her job so she will be unable to attend a resolution meeting in the afternoon. In the alternative, I would like to propose, 3/14, 3/15, 3/16 or 3/19, or 3/20 at 10:00am. Please let me know if we can arrange the resolution meeting for one of these dates at 10:00am. Thank you very much for your cooperation in this matter. Please feel free to contact me with any questions at the number listed above.

Sincerely,

Jani Tillery, Esq.

120

# LAW OFFICES,
# CHRISTOPHER N. ANWAH, PLLC

Attorneys and Counselors at Law

Christopher N. Anwah, Esq.
(DC, MD, NJ)
Fatmata Barrie, Esq.
(DC, FL)
Georgina A. Olalokun, Esq.
(MD)
Allen Mohaber, Esq.
(MD)
Jani Tillery, Esq
(DC)

Carpenter's Building
1003 K Street, N.W.
Suite 565
Washington, D.C. 20001
Phone: (202) 626-0040
Fax: (202) 626-0048
Email: chrisanwahfirm@chrisanwahfirm.com

## FACSIMILE COVER LETTER

**DATE:** March 6, 2007

**TO:** Mr. John Edwards, Special Education Coordinator

**COMPANY:** DCPS-Noyes Elementary School

**FAX NUMBER:** (202)576-7397

**FROM:** Jani S. Tillery, Esq.

**TOTAL NUMBER OF PAGES INCLUDING COVER SHEET:** 2

**MESSAGE:** Please find the letter regarding Joshua Jenkins. Thank you.

If there is any problem with this transmission, please call as soon as possible at (202) 626-0040

### ***CONFIDENTIALITY NOTICE***

The pages that accompany this facsimile transmission contain information from CHRISTOPHER N ANWAH, PLLC, which is confidential or privileged, or both. The information is needed to be for the use of the individual or entity named on this cover letter. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this facsimile in error, please notify us by telephone immediately at 202-626-0040 so that we can arrange for the retrieval of the original documents at no cost to you.

121

Crosby S. Noyes Elementary School
2725 10th street NE
Washington, DC 20018

Jani Tillery
Law Offices, Christopher N. Anwah, PLLC
1003 K street, NW
Suite 565
Washington, DC 20001

Dear Jani Tillary,

I received your letter in regards to J█████ J█████ on February 26, 2007. Unfortunately, the new dates and times you proposed do not work for my multidisciplinary team. Moreover, I would like to propose some new dates and times for the resolution meeting, 3/06/07 at 10:00 am or 1:30pm, and 03/09/07 at 1:30pm. Please let me know if these dates and times work for you. I can be contacted at (202)281-2580 if you have any questions.

Sincerely,

John Edwards
Special Ed. Coordinator

122

TRANSMISSION VERIFICATION REPORT

```
TIME  : 02/28/2007 15:23
NAME  : NOYES
FAX   : 5767436
TEL   : 5767436
SER.# : BROF4J638713
```

```
DATE,TIME              02/28  15:22
FAX NO./NAME           92026260048
DURATION               00:00:56
PAGE(S)                02
RESULT                 OK
MODE                   STANDARD
                       ECM
```

123

*Crosby S. Noyes Elementary School*
*2725 10ᵗʰ Street, NE*
*Washington, D.C. 20018*
*(202) 281-2580    (202) 576-7397 (Fax)*

*Wayne Ryan*
*Principal*

# FAX

**To:** _Jani Tillery_    **Fax Number :** _(202) 626-0048_

**From:** _John Edwards_

**CC:** _____

**Date:** _2/28/07_

**Re:** ▬▬ ▬▬▬    **Number of pages including this page:** ___

124

**DISTRICT OF COLUMBIA PUBLIC SCHOOLS**
**SPECIAL EDUCATION**

MULTIDISCIPLINARY TEAM
(MDT)
Meeting Notice                                            Date __01/10/2006__

MDT Referral Date: _____

**Letter of Invitation**                    Re: ~~Joshua Jenkins~~ Resolution meeting

Dear _____ Ms. Fatmata _____

A multidisciplinary team (MDT) meeting is scheduled to discuss the status of your child's educational needs. Your participation is essential, and we look forward to your valuable input. The purpose and details of the meeting are printed below. You and the school may have additional individuals attend the meeting who have knowledge or special expertise regarding your child. Other invited participants are listed under MDT members.

Place/Location:                              **Please check one date for confirmation:**

| | | |
|---|---|---|
| Noyes ES | ☐ Date: 01/22/2007 | Time: 1:00 pm ; or |
| 2725 10th Street, NE | ☐ Date: 01/26/2007 | Time: 1:00 pm ; or |
| Washington, DC 20017 | ☐ Date: 01/29/2007 | Time: 1:00 pm |

If a suggested meeting time is inconvenient, please call the counselor and/or special education coordinator for a mutual time to address the concerns. Participation by teleconference may be requested if other arrangements prove to be unsuccessful.

**\*The purpose of this meeting is to:**

☒ \* \*develop/review IEP (including consideration of extended school year (ESY) services          ☐ \*\*discuss CompEd

☒ \*\*review evaluation or reevaluation information     ☒ discuss placement          ☐ \*consider transition service needs

☐ develop the student evaluation plan (SEP)     ☒ determine manifestation          ☐ discuss quarterly review

☒ discuss documented levels of service     ☒ discuss eligibility          ☐ behavior plan review

☐ \*\*review records to support the completion of services as follows:

☐ Graduated     ☐ Completed Services     ☐ Aged Out     ☐ Transferred Out of District     ☐ Dropped out

☐ Other: _____

**\*\*Placement will be discussed.**

MDT Members:
| | | |
|---|---|---|
| ☒ Principal or Designee | ☒ General Education Teacher | ☒ Psychologist |
| ☒ Parent | ☒ Special Education Teacher | ☐ Other: _____ |
| ☒ LEA Representative | ☐ Speech and Language | _____ |
| ☐ Student | ☐ Social Worker | _____ |

Any questions you may have concerning your child's program will be discussed at the above meeting. A copy of the Procedural Safeguards for parents is enclosed for your information. If the school can be of assistance to you, please contact _____ John Edwards _____ at _____ 202-2812580 _____ (school telephone number).

If the purpose of the meeting includes consideration of a transition plan, your child is invited to attend and a representative of the following agency(ies) may be invited, if appropriate

\* _____          \* _____

See attachments, when appropriate, for - EVALUATION PROCEDURES, TEST, RECORDS OR REPORTS USED

_____

\*After the third attempt to contact the parent, the meeting will be held without further notice.

_____

Please sign below and return this page to the school.

Parent/Guardian/Surrogate Signature _____

I acknowledge receipt of the Procedural Safeguards for parents (due process procedures).     ☐ Yes     ☐ No

District of Columbia Public Schools          07-02-2001          Division of Special Education          MDT Letter of Invitation to the Parent - Page 1 of 3

125

TRANSMISSION VERIFICATION REPORT

```
TIME  : 01/10/2007 15:12
NAME  : NOYES
FAX   : 5767436
TEL   : 5767436
SER.# : BROF4J638713
```

```
DATE,TIME          01/10  15:11
FAX NO./NAME       92026260048
DURATION           00:01:12
PAGE(S)            02
RESULT             OK
MODE               STANDARD
                   ECM
```

126

Crosby S. Noyes Elementary School
2725 10th Street, NE
Washington, D.C. 20018
(202) 281-2580    (202) 576-7397 (Fax)

Wayne Ryan
Principal

# FAX

**To:** Fatmata Barrie          **Fax Number :** (202)626-0048

**From:** John Edwards

**CC:** _____

**Date:** 1/10/2007

**Re:** J███ S██████          **Number of pages including this page:** ___

Resolution Meeting

1

127

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
SPECIAL EDUCATION

MULTIDISCIPLINARY TEAM
(MDT)
Meeting Notice

Date  11/08/2006

Letter of Invitation

Re:  Resolution Meeting for ~~Jordan Jenkins~~

MDT Referral Date: _____

Dear _____ Ms. Fatmata Berrie _____

A multidisciplinary team (MDT) meeting is scheduled to discuss the status of your child's educational needs. Your participation is essential, and we look forward to your valuable input. The purpose and details of the meeting are printed below. You and the school may have additional individuals attend the meeting who have knowledge or special expertise regarding your child. Other invited participants are listed under MDT members.

**Please check one date for confirmation:**

| | | | |
|---|---|---|---|
| Place/Location: | ☐ Date: 11/20/2006 | Time: 1:30 pm | ; or |
| Crosby S. Noyes Elementary | ☐ Date: 11/21/2006 | Time: 1:00 pm | ; or |
| 2725 10th street, NE | ☐ Date: 11/21/2006 | Time: 2:00 pm | . |
| Washington, DC 20018 | | | |

If a suggested meeting time is inconvenient, please call the counselor and/or special education coordinator for a mutual time to address the concerns. Participation by teleconference may be requested if other arrangements prove to be unsuccessful.

**\*The purpose of this meeting is to:**

- ☐ \* \*develop/review IEP (including consideration of extended school year (ESY) services
- ☒ \*\*review evaluation or reevaluation information
- ☒ develop the student evaluation plan (SEP)
- ☐ discuss documented levels of service
- ☐ \*\*review records to support the completion of services as follows:

- ☐ discuss placement
- ☒ determine manifestation
- ☒ discuss eligibility

- ☒ \*\*discuss CompEd
- ☐ \*consider transition service needs
- ☐ discuss quarterly review
- ☐ behavior plan review

☐ Graduated  ☐ Completed Services  ☐ Aged Out  ☐ Transferred Out of District  ☐ Dropped out
☐ Other: _____

**\*\*Placement will be discussed.**

MDT Members:
- ☒ Principal or Designee
- ☒ Parent
- ☒ LEA Representative
- ☐ Student

- ☐ General Education Teacher
- ☒ Special Education Teacher
- ☐ Speech and Language
- ☒ Social Worker

- ☒ Psychologist
- ☐ Other: _____
- _____
- _____

Any questions you may have concerning your child's program will be discussed at the above meeting. A copy of the Procedural Safeguards for parents is enclosed for your information. If the school can be of assistance to you, please contact

_____ at _____ (school telephone number).

If the purpose of the meeting includes consideration of a transition plan, your child is invited to attend and a representative of the following agency(ies) may be invited, if appropriate

\* _____    \* _____

See attachments, when appropriate, for - EVALUATION PROCEDURES, TEST, RECORDS OR REPORTS USED

**\*After the third attempt to contact the parent, the meeting will be held without further notice.**

Please sign below and return this page to the school.

Parent/Guardian/Surrogate Signature _____

I acknowledge receipt of the Procedural Safeguards for parents (due process procedures).    ☐ Yes    ☐ No

District of Columbia Public Schools        07-02-2001        Division of Special Education        MDT Letter of Invitation to the Parent - Page 1 of 3

128

The "New" Crosby S. Noyes Elementary School
2725 10ᵗʰ Street, N.E.
Washington, DC 20018
(202) 281-2580    (202) 576-7397 (Fax)

*Wayne Ryan, Principal*

# FAX

To: _Ms. Fatmata Berrie_    Fax Number: _(202) 626 - 0048_

From: _John Edwards_

Date: _11/08/2006_

Re: _Resolution Meeting for J▪▪▪ J▪▪▪_

Number of pages including this page: _2pgs_

_442-5519_
_Shelian Carter_
_Dec 19_

# STATE EDUCATION AGENCY
## DISTRICT OF COLUMBIA PUBLIC SCHOOLS

| | | |
|---|---|---|
| In the Matter of: | ) | BEFORE A SPECIAL EDUCATION |
| | ) | |
| J███████, J.          Petitioner | ) | |
| | ) | HEARING OFFICER |
| Vs. | ) | |
| | ) | |
| DCPS | ) | |
| Noyes ES | | |
| | ) | DISTRICT OF COLUMBIA |
| | | |
| Respondent | ) | PUBLIC SCHOOLS |

## SCHEDULING MEMORANDUM

1. A due process complaint notice and request for due process hearing has been received by the Student Hearing Office in the State Enforcement & Investigation Division. Pursuant to 20 U.S.C. § 1415(f)(1)(B), prior to the opportunity for an impartial due process hearing, the Local Educational Agency shall convene a resolution meeting with the parent(s) and the relevant member or members of the IEP Team who have specific knowledge of the facts identified in the complaint <u>within 15 calendar days of receiving notice of the parents' complaint.</u> The meeting shall include a representative of the Local Educational Agency who has decision-making authority. The Local Education Agency is responsible for scheduling the resolution meeting in consultation with the parent. **The Student Hearing Office does not schedule or participate in resolution meetings.**

2. The complaint notice was filed on **February 2, 2007**

3. The deadline for the resolution meeting is **February 17, 2007** unless the parent and Local Educational Agency agree in writing to waive such meeting, or agree to refer the case to a mediator for mediation.

**RESPONSE TO THE COMPLAINT**

A. ***Prior Written Notice Not Issued by the Local Educational Agency***. If the Local Educational Agency has not sent a prior written notice to the parent regarding the subject matter contained in the parent's due process complaint notice, the Local Educational Agency shall, <u>within 10 days of receiving the complaint,</u> send to the parent a response that shall include:

1. An explanation why the Local Educational Agency proposed or refused to take action raised in the complaint;

2. A description of other options that the IEP Team considered and the reasons why those options were rejected;

3. A description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and

130

4.        A description of the factors that is relevant to the agency's proposal or refusal.

B.        Prior written notice, if not already provided to the parent, must be sent by the Local Educational Agency to the complaining party no later than **February 12, 2007**.

C.        *Deficiency Notice*.    A complaint notice shall be deemed sufficient unless the party receiving the notice notifies the Student Hearing Office and the complaining party in writing, within 15 days of receiving the notice of the complaint, that the complaint does not satisfy the notice requirements specified in 20 U.S.C. 1415(b)(7)(A).

D.        The deadline for filing a deficiency notice is **February 17, 2007**.

## DUE PROCESS HEARING

Pursuant to 20 U.S.C. § 1415(f)(1)(B)(ii) if the Local Educational Agency has not resolved the complaint to the satisfaction of the parents within 30 days of the receipt of the complaint, the due process hearing may occur, and all applicable time lines for scheduling a due process hearing will commence.    A final hearing officer's decision must be issued within 45 days from the expiration of the 30-day resolution period.

## QUESTIONS AND INFORMATION

The staff with the Student Hearing Office does not provide legal advice.    The parties should consult with legal counsel or other representative to answer any legal questions about your rights, duties, and responsibilities under the law.    The school or the Local Education Agency responsible for scheduling the meeting will provide information about the time, date, and location of the resolution meeting.

131

State Education Agency for the District of Columbia
State Enforcement and Investigation Division (SEID)
Special Education Programs



# Due Process Complaint Notice

*2007 FEB -2 AM 8:29*

- The form is used to give notice of a due process complaint to the District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office of the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting (called a "Resolution Session") with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings.**

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.  INFORMATION ABOUT THE STUDENT:

Student Name: J████ J████          Birth Date: ████-95

Address: 61█ FRANKLIN STREET, NE WASHINGTON DC 20017

Home School: NOYES ES

Present School of Attendance: NOYES ES

Is this a charter school? No          (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student: Ms. LATONIA JENKINS

1

SEID DPCN Rev'd. 07/25/06          J████ J████ ████95

132

02/01/2007   17:00   2026260048   CHRISTOPHER ANWAH PL   PAGE   02/02

Address (if different from the student's above): _____

Phone/Contact Number: 202-248-2642      Number (if applicable): _____

**B.** <u>**Individual Making the Complaint/Request for Due Process Hearing:**</u>

Name:   Ms. LaTONIA JENKINS _____

Complete Address: 612 FRANKLIN STREET, NE WASHINGTON, DC 20017 _____

Phone: (h) 202-248-2642    (w) _____   (Fax) _____   (e-mail) _____

Relationship to the Student:

| X | Parent | ☐ | Legal Guardian | ☐ | Parent Surrogate |
| ☐ | Self/Student | ☐ | Local Education Agency (LEA) ☐ | | Parent Advocate |

**C.** <u>**Legal Representative/Attorney (if applicable):**</u>

Name:   Christopher Anwah, Esq. (Law Offices, Christopher N. Anwah, PLLC)

Address:  1003 K Street, N.W., Suite. #565, Washington, DC  20001

Phone: (w)  202-626-0040      (Fax) 202-626-0048      (e-mail) _____

Will attorney / legal representative attend the resolution session?    **X** Yes        ☐ No

**D.** <u>**Complaint Made Against (check all that apply):**</u>

☒ DCPS school (name of the school if different from page one) _____
☐ Charter school (name of the charter school if different from page one) _____
☐ Non-public school or residential treatment facility (name) _____
☐ Parent

**E.** <u>**Resolution Session Meeting Between Parent and LEA:**</u>

I understand that it is my right to have a resolution meeting to resolve this complaint.  I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

2

SEID DPCN Rev'd. 0:/25/06

................95
133

**X**☐ I wish to waive the Resolution Session Meeting

**F.**  **Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

☐   I am requesting mediation as an alternative to the resolution session meeting.

☐   I am requesting mediation and a due process hearing.

☐   I am requesting mediation **only** at this time.

**G.**  **Facts and Reasons for the Complaint:**

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions. Provide complete details about all the facts supporting your claims. (You may attach additional pages if needed):

1.    What is the nature of the problem, including the facts relating to the problem that will need to be addressed at a Resolution Session meeting, a Mediation Conference, and/or a Due Process Hearing?

A.  DCPS has failed to comply with the HOD issued on 12-19-06, by failing to convene an MDT/Eligibility/IEP placement meeting for the student before the beginning of 2006 Winter Recess. The 12-19-06 HOD states that DCPS was to review the current evaluations and determine the student's eligibility for special education services.

B.  DCPS has continuously failed to provide an appropriate placement for J█████ although his Clinical Psychological evaluation of 08-17-06 recommended a full time small structured therapeutic placement so that his special academic behavior needs could be met. He is currently at Noyes and not progressing.

C.  DCPS has failed to provide J█████ with an appropriate IEP because a MDT/IEP has not been held to develop an appropriate IEP to include his recent evaluations, specifically the psycho-educational evaluation from 09-06-06 and the clinical psychological evaluation from 08-17-06.

D.  DCPS has continuously failed to complete a Functional Behavior Assessment to address his severe behavior problems and it was also recommended by the 08-17-06 clinical psychological evaluation.

E.  DCPS has continuously failed to complete a psychiatric consultation for J█████ although it was recommended by the 08-17-06 Clinical Psychological evaluation.

3

F. DCPS has continuously failed to provide J████ with all his related services including counseling although the Clinical Psychological evaluation of 08-17-06 recommended that he participate in individual and group therapy.

G. DCPS has failed to provide J████ with compensatory education for the denial of FAPE for the past two to three school years for failing to properly and timely evaluate J████ and review his evaluations, for failing to comply with the HOD of 12-19-06, for failing to provide him with an appropriate IEP, and placement to address the student's academic and behavior concerns, and provide the student with all his related services. As a result of the denial of FAPE, the student has regressed academically and behaviorally.

2.   To the extent known to you at this time, how can this problem be resolved?

A. DCPS to fund an appropriate placement at a facility of the parent's choice.

B. DCPS to convene an Eligibility/MDT/IEP/Placement meeting to discuss evaluations, assessments, placement, and develop an appropriate IEP to meet the student's special education needs.

C. DCPS to provide J████ with an appropriate IEP incorporating all the necessary evaluations and assessments.

D. DCPS to fund an independent Functional Behavior Assessment to address his behavior issues.

E. DCPS to fund an independent Psychiatric consultation for J████ as recommended by the 08-17-06 Clinical Psychological evaluation.

F. DCPS to provide J████ with all his related services including counseling and transportation.

G. DCPS to provide compensatory education for failing to convene an SEP/MDT/IEP meeting to develop an appropriate educational plan for J████ to address his academic and behavior concerns. Specifically, that DCPS provide student with compensatory education services to allow the student to progress to the level he would have been, but for the denial of FAPE.

H. DCPS to fund an independent tutor to implement the compensatory education plan.

3.   Issues presented:

A. Whether DCPS denied J████ a Free Appropriate Public Education (FAPE) when it failed to provide him with an appropriate placement?

B. Whether DCPS denied J████ FAPE when it failed to comply with the HOD issued on 12-19-06?

C. Whether DCPS denied J████ FAPE when it failed to provide him with an appropriate IEP?

4

D. Whether DCPS denied J_____ FAPE when it failed to complete and fund a Functional Behavior Assessment to address his behavior issues?

E. Whether DCPS denied J_____ FAPE when it failed to evaluate J_____ in all areas of his suspected areas by not completing a Psychiatric consultation as recommended by the 08-17-05 Clinical Psychological evaluation?

F. Whether DCPS denied J_____ FAPE when it failed to provide him with appropriate special education and all his related services including counseling and transportation?

G. Whether DCPS denied J_____ FAPE when it failed to provide him with the needed compensatory education for the past and present denial of FAPE?

**H.   Estimated amount of time needed for the hearing:** _____

Note: In the absence of a specified amount of time, the SHO schedules hearings in two hour blocks of time and will allocate two hours to conduct the hearing. Please indicate if you believe more than two hours will be needed.

**I.   Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____
- Special Communication (please describe the type) _____
- Special Accommodations for Disability (please be specific) _____
- Other _____

**J.   Waiver of Procedural Safeguards:**

☐ I (parent/guardian) waive receiving a copy of the procedural safeguards at this time.

**K.   Parent Signature and Affirmation:**

I affirm that the information provided on this form is true and correct.

_____          _____
Signature of Parent or Guardian              Date

5

136

**L.**  **Signature of Attorney/ Legal Representative:**

_____                  2-1/07
Legal Representative / Advocate                    01/30/07
                                                   Date

**M.**  **Signature of LEA Representative (if hearing requested by LEA):**

_____          _____
Representative of LEA                         Date

Mail, fax or deliver this complaint notice to:
State Enforcement and Investigation Division
For Special Education Programs (SEID)
Student Hearing Office (SHO)
825 North Capitol Street, NE, 8th Floor
Washington, DC 20002
Fax number: 202/442-5556

6

SEID DPCN Rev'd (1 /25/06

137

# LAW OFFICES OF
# CHRISTOPHER N. ANWAH, PLLC

Attorneys and Counselors at Law

Christopher N. Anwah, Esq.
(DC, MD, NJ)
Fatmata Barrie, Esq.
(DC, FL)
Georgina A. Oladokun, Esq.
(MD)
Allen Mohaber, Esq.
(MD)
Jani S. Tillery, Esq.
(DC)

Carpenter's Building
1003 K Street, N.W.
Suite 565
Washington, D.C. 20001
Phone: (202) 626-0040
Fax: (202) 626-0048
Email: chrisanwahfirm@chrisanwahfirm.com

## FACSIMILE COVER LETTER

**DATE:** 02/1/07

**TO:** SHO

**COMPANY:** SHO

**FAX NUMBER:** 202-442-5556

**FROM:** Jani S. Tillery, Esq.

**RE:** J████ J█████ Due Process Complaint

2007 FEB -2 AM 8 28
DC PUBLIC SCHOOL SYSTEM

**TOTAL NUMBER OF PAGES INCLUDING COVER SHEET** 7

**MESSAGE:** Please find the Due Process Complaint for J████ J█████, DOB ███-95. If you have any questions, please contact me at the number above. Thank you.

138

Complaint Intake Unit
825 North Capitol Street, NE- 8th Fl.
Washington, DC 20002
(202) 724-6556

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
State Enforcement & Investigation Division
For Special Education Programs

# Fax 

## Time Sensitive Materials Attached

**Prompt Attention: Attorney:Christopher Anwah, Esq.**
**Parent: Latonia Jenkins**

Telephone Number: **(202) 626-0040**        Pages: **3**
Fax Number: **(202) 626-0048**             Date: **February 2, 2007**

---

**Please find attached a copy of a Scheduling Memorandum regarding:**

Student: J█████ J██████
School:  **Noyes ES**

The Complaint Intake Unit is responsible for providing parties with
information notice that a Due Process Complaint has been filed with the
Student Hearing Office.  If you have questions about the attached Notice,
please contact the Complaint Intake Unit at (202) 724-6556.  Otherwise, if
you have questions about the content of the compliant you should contact
your legal counsel for further advice.

                                        **Thank You**
                                        **Marica Brown**

The document(s) accompanying this telecopy transmission contains confidential information that Is legally privileged.  The information is intended only for use of the individual or entity named Above, if you are not the intended recipient you are hereby notified that any disclosure, copying, Distribution or the taking of any action in reliance of the contents of this copied information is Strictly prohibited.  If you receive this telecopy in error, please immediately notify us by telephone For return of the original document to us.

139

Complaint Intake Unit
825 North Capitol Street, NE- 8th Fl.
Washington, DC 20002
(202) 442-5693



# Fax

# Time Sensitive Materials Attached

**Prompt Attention: Principal/Administrator**
               **Special Education Coordinator**

Telephone Number: **(202) 281-2580**          Pages: **10**
      Fax Number: **(202) 576-7397**          Date: **February 2, 2007**

**Please find attached a copy of a Scheduling Memorandum and a copy of the Due Process Complaint Notice regarding:**

Student: J█████ J█████

School:  **Noyes ES**

**The complaint Intake Unit is responsible for only providing parties with information notice that a Due Process Complaint has been filed with the Student Hearing Office.  If you have questions about the attached Notice, regarding any fax errors or discrepancies, please contact the Complaint Intake Unit @ (202) 724-6556.**

Thank You,
**Marica P. Brown**
**Staff Assistant**

The document(s) accompanying this telecopy transmission contains confidential information that Is legally privileged.  The information is intended only for use of the individual or entity named Above, if you are not the intended recipient you are hereby notified that any disclosure, copying, Distribution or the taking of any action in reliance of the contents of this copied information is Strictly prohibited.  If you receive this telecopy in error, please immediately notify us by telephone For return of the original document to us.

140

1

GOVERNMENT OF THE DISTRICT OF COLUMBIA
DEPARTMENT OF PUBLIC SCHOOLS
OFFICE OF STUDENT HEARINGS



In the Matter of

J▬▬▬, J▬▬▬▬

Washington, D.C.

April 5, 2007

The above-entitled matter came on
for hearing, pursuant to notice.

BEFORE:

Seymour Dubow, Hearing Officer

APPEARANCES:

On Behalf of the Student/Parent:

Ellen Dalton, ESQ.

On Behalf of D.C. Public Schools:

Quinne Harris-Lindsey, ESQ.

This transcript was produced from
an audio CD provided by D.C. Public Schools.

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433        WASHINGTON, D.C. 20005-3701        www.nealrgross.com

141

2

# TABLE OF CONTENTS

WITNESSES

| Petitioner's | DIRECT | CROSS | RE-DIRECT |
|---|---|---|---|
| Latanya Jenkins | 33 | 38 | 52 |
| Dean Weeks | 54 | 58 | 62 |

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433    WASHINGTON, D.C. 20005-3701    www.nealrgross.com

142

3

1           P-R-O-C-E-E-D-I-N-G-S

2                                (3:04 p.m.)

3           HEARING  OFFICER  DUBOW:     Okay,

4    we're on the record.  Today is April 5, 2007,

5    Administrative Hearing for J██████ J██████ and

6    I'll ask the parties to introduce themselves.

7           MS.   HARRIS-LINDSEY:        Quinne

8    Harris-Lindsey, Attorney Advisor, on behalf of

9    DC Public Schools.

10           MS.  DALTON:     (Inaudible)  Dalton

11    (phonetic), Attorney for Parent.

12           MS.  WILSON:  Rasheeda Wilson, DCPS

13    observer.

14           MS.  BERRY:     (Inaudible)  Berry

15    (phonetic), Attorney for the parent.

16           HEARING  OFFICER  DUBOW:     Second

17    chair, third chair, fourth chair?

18           MS.  BERRY:  Oh, second chair.

19           HEARING OFFICER DUBOW:   All right.

20    This  is  an  Administrative  Hearing  being

21    conducted pursuant to the Indivi -- what?

22           MS.  BERRY:    If  I  may,  I  may  be

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433        WASHINGTON, D.C. 20005-3701        www.nealrgross.com

143

1    leaving before the hearing is over.

2             HEARING OFFICER DUBOW:    You can

3    leave now, if you wish.

4             MS. BERRY:  No.

5             HEARING OFFICER DUBOW:  This is an

6    Administrative  Hearing  for  J██████ J███████,

7    being conducted pursuant to the IDEIA and its

8    Amendments   in   2004   and   '97   and   DCPS

9    regulations to determine whether or not DCPS

10    acted in accordance with the special ed laws

11    with  regard  to  J██████ J███████.    I'm  Sy

12    (phonetic)  Dubow,  impartial  Hearing  Officer.

13    I'm not an employee of DCPS, nor am I related

14    to  or  a  close  acquaintance  to  the  student,

15    other  than  through  the  hearing  process,  so

16    I'll  hear  both  sides  in  (inaudible)  on  the

17    evidence presented.   Is the formal reading of

18    rights waived?

19             MS. DALTON:  Yes, sir.

20             HEARING   OFFICER   DUBOW:    Formal

21    reading  of  rights  is  waived  and  my  decision

22    will  be  within  ten  days,  if  not  sooner.    All

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433          WASHINGTON, D.C. 20005-3701          www.nealrgross.com

144

1   matters discussed today are confidential.   The

2   hearing is being recorded.   Either party may

3   request this CD or a written transcript by

4   writing to the Student Hearing Office.

5               A   preliminary   matter,   I   have

6   documents   labeled   DCPS   1   through   3   and

7   goodbye, Ms. Berry.

8               MS. BERRY:   I'm going to check on

9   the parent.

10              HEARING   OFFICER   DUBOW:   And   for

11  the Parent, documents labeled 1 through 13.

12  Oh, they surprise me.   Up they come, 1 through

13  13.   Okay.   All right.   And now is there any -

14  - are there any preliminary matters?   Yes?

15              MS. HARRIS-LINDSEY:   Yes.   Yes.

16              HEARING   OFFICER   DUBOW:       Yes.

17  Let's hear them.

18              MS.   HARRIS-LINDSEY:       All   right.

19  Well, DCPS is moving -- filed a -- on the --

20              HEARING OFFICER DUBOW:   Motion for

21  pre-hearing summary decision.

22              MS. HARRIS-LINDSEY:   Decision, and

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433          WASHINGTON, D.C. 20005-3701          www.nealrgross.com

145

1    I am -- now I think I'm even more confused,

2    but I will go on my motion first.

3              MS. DALTON:    If I may -- that's

4    probably why you're confused.

5              MS. HARRIS-LINDSEY:      Yes,  see,

6    because the complaint I have --

7              MS. DALTON:    And that's why my

8    objection to the -- the motion to be allowed

9    into these because she filed the -- a response

10   or a motion on a complaint that is not due

11   yet.   The hearing for it is not two weeks --

12   until two weeks from today, so this is not for

13   this complaint.   This was her complaint filed

14   February 14.   We're here today for a complaint

15   filed February 1 on a totally different issue.

16             MS. HARRIS-LINDSEY:    See, I have -

17   - this is --

18             MS. DALTON:    And my disclosure to

19   this case has the complaint.

20             MS. HARRIS-LINDSEY:    Okay.    You

21   know what?   I -- my complaint -- I think my

22   motion still is relevant to the complaint and

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433          WASHINGTON, D.C. 20005-3701          www.nealrgross.com

146

1    I'll tell you why.

2              I filed a motion to -- to dismiss

3    and based on the complaint, which I believe

4    was why we were.  I guess we have to see the

5    calendar, but I guess you -- let me see my

6    hearing notice.  Do you have your hearing

7    notice?

8              MS. DALTON:    I have discovery

9    memorandum.

10             MS. HARRIS-LINDSEY:  Anyway, I can

11   look at the calendar.

12             MS. DALTON:  (Inaudible.)

13             MS. HARRIS-LINDSEY:  Oh, this I

14   have.  Can you check the calendar and it'll

15   say the date of the complaint?

16             MS. DALTON:  Sure.

17             MS. HARRIS-LINDSEY:  (Inaudible),

18   but this complaint, I think still the motion

19   is still dispositive because the allegations

20   in the complaint are that DCPS didn't hold a

21   meeting, that the -- there was not -- there

22   was inappropriate placement, DCPS wouldn't

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433         WASHINGTON, D.C. 20005-3701         www.nealrgross.com

147

1    convene an MDT meeting, didn't complete an

2    FBA, failed to complete the psychiatric

3    consultation, and is requesting Comp Ed.  What

4    my summary hearing decision motion goes to is

5    what DCPS has done and --

6              MS. DALTON:  (Inaudible.)

7              MS. HARRIS-LINDSEY:  If I might

8    finish -- if I might finish -- let me finish.

9              If I might -- and what it goes --

10   what it goes to show is that DCPS attempted

11   and provided documentation of attempts to

12   bring the parent to the table, that it

13   attempted efforts to bring in offers to hold

14   an MDT meeting, to do the FBA, review the

15   psycho-ed (phonetic) and clinical that were

16   done in October and September, to discuss Comp

17   Ed, and to all those allegations and those

18   that are in this complaint, it says Ms.

19   (Inaudible) did not want to address this

20   concern at the time and all the offers for

21   what Counsel is here seeking now were offered,

22   to which parent's counsel declined the offer.

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433          WASHINGTON, D.C.  20005-3701          www.nealrgross.com

148

1    So I think still that the motion is still

2    relevant even to this complaint.

3            MS. DALTON:    Okay.    Well, if I

4    may, the complaint that was filed that we're

5    here to address today is a complaint filed

6    February 4 of '07, and that's what

7    (inaudible).  Now, the motion that DCPS filed

8    is for complaint filed February 14, which

9    we're not here for, as of today.    That's

10    number one.

11           Number one, while what this case

12    is (inaudible) for the complaint from -- for

13    this particular hearing filed for today and as

14    (inaudible) indicated in her own document,

15    there is, you know, she says that they have

16    proof that they've offered to have -- or to

17    resolve whatever is in our complaint; however,

18    that resolution meeting was not resolved, and

19    there's no proof in DCPS's document sent to us

20    or in that resolution of any attempt to cure

21    (inaudible), which is a HOD violation.

22           HEARING OFFICER DUBOW:    Do you

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433    WASHINGTON, D.C. 20005-3701    www.nealrgross.com

149

1    have anything to add to that, Ms. Wilson?

2              MS. WILSON:  I do.

3              MS. HARRIS-LINDSEY:    That's what

4    it is?

5              MS. WILSON: Yes.

6              MS. HARRIS-LINDSEY:    Okay,  the

7    complaint that we're here for is 2 --

8              MS. WILSON:  According to --

9              MS. HARRIS-LINDSEY:    According  to

10   the  Student  Hearing  Officer  calendar  --  oh,

11   you  can  go  ahead  and  offer  that  into  the

12   record.

13             MS.    WILSON:      Good    afternoon,

14   Rasheeda  Wilson  for  DCPS.    According  to  the

15   Student   Hearing   Office,   the   complaint   is

16   February  15,  January  7  --  I  mean,  excuse  me,

17   2007.

18             MS. HARRIS-LINDSEY:   So here's the

19   complaint.

20             MS. DALTON:  That's not in our --

21             MS. HARRIS-LINDSEY:    Based  on  the

22   Student  Hearing  Office  calendar,  the  complaint

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433         WASHINGTON, D.C. 20005-3701         www.nealrgross.com

150

1    that we're here to address today is the 02 --

2    well, it's 02/15, but it's 02/16.

3              HEARING OFFICER DUBOW:    It's

4    (inaudible).

5              MS. DALTON:  No.

6              HEARING OFFICER DUBOW:    It's not

7    the 02/01/07?

8              MS. HARRIS-LINDSEY:  No.

9              MS. DALTON:  No, it's 02 -- what

10   we have says 02/01/07.  Do you have the --

11             MS. HARRIS-LINDSEY:    It's on the

12   calendar.  The calendar is on the wall.

13             MS. WILSON:   I just went to the

14   Student Hearing Office and had them pull it up

15   in the computer.

16             MS. DALTON:   Because that's not

17   until the (inaudible).

18             HEARING OFFICER DUBOW:    Wait a

19   minute.

20             MS. DALTON:  Okay, this was filed

21   beforehand.

22             HEARING OFFICER DUBOW:    This is

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433          WASHINGTON, D.C. 20005-3701          www.nealrgross.com

151

1    the one you're --

2              MS. HARRIS-LINDSEY:    That's  the

3    one I filed on, which is the one I believe we

4    were here to deal with.

5              HEARING  OFFICER  DUBOW:    02/01 --

6    02/14/07.

7              MS. HARRIS-LINDSEY:    Yes,  and  if

8    you look at the front of it --

9              MS. DALTON:  That's DCPS's --

10             MS.  HARRIS-LINDSEY:    If  you  look

11   at the front, Mr. Dubow, the complaint, it has

12   stamp and dates, the 15th, which is the date

13   the Student Hearing Office has identified --

14             HEARING OFFICER DUBOW:  Right.

15             MS.  HARRIS-LINDSEY:       --  on  the

16   calendar.

17             MS.  DALTON:    And  if  you  look  at

18   the complaint that we have for today and that

19   is in our disclosure, this was a hearing that

20   was filed on February 2, '07, which precedes

21   this complaint.

22             HEARING  OFFICER  DUBOW:    Why  did

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433        WASHINGTON, D.C. 20005-3701        www.nealrgross.com

152

1    you file two?

2         MS. DALTON:  I'm sorry?

3         HEARING  OFFICER  DUBOW:   I  don't

4    understand.

5         MS. HARRIS-LINDSEY:   I  can  go  get

6    the hearing notice.

7         HEARING  OFFICER  DUBOW:   Yeah, but

8    I  don't  understand  it.   You  filed  one  on

9    February 2 and then you filed another one on

10   February 14?

11        MS.  DALTON:   Yes, because  there

12   were  two  issues  and  (inaudible)  that  we  can

13   file two separate complaints, and the attorney

14   filed  this  complaint  February  2  (inaudible)

15   and  this  precedes  that  one, and  so  this  one

16   actually convened before.

17        HEARING  OFFICER  DUBOW:   All  right.

18    So I  have  to  see  what  the  hearing  notice  is

19   for which one.

20        MS.  HARRIS-LINDSEY:   Right.   She's

21   going  to  get  the  actual  hearing  notice  that  we

22   received  for  this  complaint.

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433      WASHINGTON, D.C. 20005-3701      www.nealrgross.com

153

1          HEARING OFFICER DUBOW:  Correct.

2          MS. HARRIS-LINDSEY:  Okay.  Can we

3   go off the record?  I see my -- somebody's

4   calling from my house.

5          HEARING OFFICER DUBOW:  Whatever

6   you want.

7          (Whereupon, the proceeding in the

8   foregoing matter went off the record at 3:12

9   p.m. and went back on the record at 3:16 p.m.)

10          HEARING OFFICER DUBOW:  We're back

11   on the record.  The case today is to hear the

12   complaint of 02/02/07.

13          MS.  HARRIS-LINDSEY:     Yes.     So

14   there's a third -- there are four complaints?

15          MS. DALTON:   No, and he made a

16   typo.  It's supposed to be February 2.  He

17   typed in March, so the resolution meeting, the

18   one that says March 2 should be February 2,

19   but he's made a typo.

20          MS. HARRIS-LINDSEY:  Okay.  Well,

21   at    least    the    resolution    meeting    was

22   consistent.   So  there's  --  there  are  two

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433        WASHINGTON, D.C. 20005-3701        www.nealrgross.com

154

15

1    complaints or three complaints?

2            MS. DALTON:   Two, ma'am.   Just

3    this  and  this  one  and  this  is  the  one  that

4    we're here for today.

5            HEARING OFFICER DUBOW:   Well, all

6    I'm supposed --

7            MS.  HARRIS-LINDSEY:      We   can

8    consolidate them.

9            HEARING  OFFICER  DUBOW:      --  to

10   hear is the one from February 2.

11           MS. DALTON:  Yes.

12           MS. HARRIS-LINDSEY:  Okay.

13           HEARING OFFICER DUBOW:  Isn't that

14   right?  That's all (inaudible).

15           MS. HARRIS-LINDSEY:  Okay.

16           HEARING OFFICER DUBOW:  So as I

17   understand your motion is there were several

18   letters and invitation to come from a meeting

19   and they didn't.

20           MS. DALTON:  Well --

21           HEARING  OFFICER  DUBOW:   Wait  a

22   minute.   I haven't said -- I'm just getting

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433     WASHINGTON, D.C. 20005-3701     www.nealrgross.com

155

1    her side.  Okay?

2              MS. DALTON:  Yes.

3              HEARING OFFICER DUBOW:  So is that

4    right?

5              MS. HARRIS-LINDSEY:  Yes.

6              HEARING  OFFICER  DUBOW:    There's

7    several meetings.  Did we have any indication

8    of letters and invitation to these meetings?

9              MS. HARRIS-LINDSEY:  That would be

10   -- no, I don't have those documents in the

11   record, in my record.

12             HEARING  OFFICER  DUBOW:    And  I

13   believe the parent just walked in.  If she

14   could identify herself for the record.

15             MS. HARRIS-LINDSEY:  Okay.

16             MS.    JENKINS:      Yes.     Good

17   afternoon, I'm Latanya (phonetic) Jenkins,

18   parent of J███████ J███████.

19             HEARING OFFICER DUBOW:  Good.  I

20   think there's a sign-in sheet here for you to

21   sign.  That's not it.  I'll find it.  Here you

22   go.  All right.  So this complaint is filed

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433        WASHINGTON, D.C. 20005-3701        www.nealrgross.com

156

1    February 2, '07.

2            MS. HARRIS-LINDSEY:  Right.

3            HEARING OFFICER DUBOW:  All right.

4    I  have  the  resolution  meeting  that's  to  be

5    introduced  to  indicate  that  they  made  five

6    attempts  to  schedule  a  resolution  meeting

7    since his enrollment, right?

8            MS. HARRIS-LINDSEY:  Yes.

9            HEARING  OFFICER  DUBOW:    Is  there

10    any  support  for  that,  resolution  meeting

11    notes?

12            MS.    HARRIS-LINDSEY:            No

13    documentation, sir.

14            HEARING  OFFICER  DUBOW:   You  have

15    no  documentation.    Okay.    I've  read  the

16    resolution  meeting  notes  and  forgive  me  if  I

17    don't  understand,  but  DCPS  seems  to  be

18    offering you what you want.

19            MS. DALTON:  Okay.  For starters -

20    -

21            HEARING  OFFICER  DUBOW:   What's  the

22    problem?

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433        WASHINGTON, D.C.  20005-3701        www.nealrgross.com

157

1          MS.  DALTON:   Well,  for  starters,

2     we  usually  object  to  resolution  meetings

3     because  they're  not  allowed  in.   So  my

4     question  for  you  is  are  you  allowing  it  in  if

5     I  respond  to  it?

6          HEARING  OFFICER  DUBOW:   Well,  I  --

7     if  the  --  I  don't  understand  why  you're  here

8     at  a  hearing  if  they  gave  you  everything  you

9     wanted.

10          MS.  DALTON:   Okay.   Well,  are  you

11     allowing  it  in,  the  resolution  meeting  in  --

12          HEARING  OFFICER  DUBOW:   Well,  I

13     don't  know  --  I  don't  know  --  what  are  you

14     asking  me  to  do  here  today?

15          MS.  DALTON:   Okay.   Well,  the  case

16     that  we're  here  today  for  is  an  HOD  violation,

17     as  well  as  other  issues,  and  if  you  look  at

18     the  HOD  --

19          HEARING  OFFICER  DUBOW:   I  know,  I

20     did  the  first  one.

21          MS.  DALTON:   Okay.   Well,  the  --

22     we  had  an  HOD  --

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433          WASHINGTON, D.C. 20005-3701          www.nealrgross.com

158

1          HEARING OFFICER DUBOW:  The first

2     one I did, I ordered some evaluations.  Then

3     Mr. St. Clair ordered they hold the

4     eligibility meeting.

5          MS. DALTON:  Yes, and we have the

6     -- we have the HOD from December again, when

7     we came back in December, (inaudible) --

8          HEARING OFFICER DUBOW:  You're

9     going to have to slow down --

10          MS. DALTON:  We had a hearing --

11          HEARING OFFICER DUBOW:        --

12     because I cannot understand a word you are

13     saying --

14          MS. DALTON:  Okay.  Well --

15          HEARING OFFICER DUBOW:    -- and

16     neither can the machine, so slow down.

17          MS. DALTON:  We have an HOD --

18          HEARING OFFICER DUBOW:  This is

19     not the Federal Express commercial, slow down.

20          MS. DALTON:  There was an HOD that

21     was issued 12/19/06 (inaudible).

22          HEARING OFFICER DUBOW:  By Mr. St.

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433          WASHINGTON, D.C. 20005-3701          www.nealrgross.com

159

1    Clair, I read that.

2             MS. DALTON:    -- before    school

3    starts, be during the winter break.  This case

4    did not convene (inaudible), so when we go to

5    the  resolution  meeting,  DCPS  is  offering  to

6    convene an eligibility meeting.   There was no

7    timeframe  indicating  when  they're  going  to

8    convene this meeting.  Keep in mind, this is a

9    HOD  that  we've  been  coming  to  DCPS  about.

10   This  is  the  second  or  third  time.   We  have

11   evaluations  that  date  back  to  '06  and  these

12   evals  have  not  been  reviewed.    No  timeframe

13   given, no -- we are supposed to take the fact

14   that  they're  going  to  convene  a  meeting  when

15   we  have  two  HODs  ordering  that  they  convene

16   meeting  and  they  don't  convene  a  meeting,  and

17   besides  the  resolution  meeting  is  meant  to

18   resolve  the  issues  in  the  parent's  complaint

19   to  parent's  satisfaction.   The  parent  doesn't

20   feel  like  it's  resolved  and  she  doesn't  have

21   the  right  to  accept  it  if  she  doesn't  want  to

22   accept  it.

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433         WASHINGTON, D.C. 20005-3701         www.nealrgross.com

160

1           In addition, the complaint lists

2    all the issues that we're looking for, as well

3    as (inaudible).  All DCPS is offering is to

4    convene an MDT meeting.  The other issues in

5    this complaint that we ask for that -- is not

6    resolved.    For  example,  we're  asking  for

7    placement.  That was not offered.  All that

8    was offered was --

9           HEARING  OFFICER  DUBOW:    How  can

10   you  have  --  has  this  child  ever  been

11   determined eligible?

12          MS.  DALTON:    Well,  the  child  has

13   not been determined eligible --

14          HEARING  OFFICER  DUBOW:    Okay.    If

15   he has not been --

16          MS.  DALTON:      --  but  it's  not

17   through the parent's fault.

18          HEARING  OFFICER  DUBOW:    I  didn't

19   say that.  Ma'am, you have to listen to me.

20   If the child has not been determined eligible,

21   then there's no placement issue before me.

22          MS.  DALTON:    Well,  there  can  be

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433          WASHINGTON, D.C. 20005-3701          www.nealrgross.com

161

1    placement issue because the (inaudible) says

2    that there's been a (inaudible) violation --

3            HEARING OFFICER DUBOW:   Tell me

4    about the law, but I don't -- you know, I've

5    been doing this a long time, so I need to know

6    the facts, so I'm trying to understand what

7    the facts are in this case.   So as I

8    understand it, the student goes to Noyes.   We

9    all agree on that.

10           MS. WILSON:  Yes.

11           HEARING OFFICER DUBOW:   Okay, and

12   I understand I ordered some evaluations and I

13   understand evaluations were done.   That is

14   correct.  Is that not right?

15           MS. WILSON:  Yes, sir.

16           HEARING OFFICER DUBOW:   So all

17   evaluations have been done, but they have not

18   had an MDT (inaudible) convened; is that

19   right?

20           MS. DALTON:  That's right.

21           HEARING OFFICER DUBOW:   All

22   together or --

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433        WASHINGTON, D.C. 20005-3701        www.nealrgross.com

162

1          MS. WILSON:  Yes.

2          HEARING OFFICER DUBOW:    -- or one

3    at a time or whatever.

4          MS. DALTON:  They have not.

5          MS. WILSON:  Yes.

6          HEARING OFFICER DUBOW:  So there's

7    been no eligibility meeting.  Now, it is the

8    position of DCPS, is it not, that the parent

9    and   the   counsel   have   been   invited   to

10   eligibility   meetings   five   times;   is   that

11   correct?

12         MS.   WILSON:    There   have   --   yes.

13   There's been --

14         HEARING OFFICER DUBOW:  I have no

15   documentation   in   the   record   of   any

16   invitations.

17         MS. WILSON:  Right, other than --

18         HEARING OFFICER DUBOW:  Other than

19   the statement made in the resolution meetings.

20         MS. WILSON:  Yes.

21         MS. DALTON:  And if I may correct,

22   the   statement   made   in   the   resolution   meeting

24

1   only states that they were invited to a

2   resolution meeting, not an MDT IEP meeting and

3   --

4           HEARING OFFICER DUBOW:  Well, that

5   could be a mistake.  I don't know, but the

6   point is that -- the point is that I need to

7   know whether or not the parent was invited to

8   eligibility meetings pursuant to Mr. St.

9   Clair's order.

10          MS. DALTON:  The parent was not.

11          HEARING OFFICER DUBOW:  You have

12   the burden of proof, ma'am.

13          MS. DALTON:  That's fine and I'm

14   ready to proceed with my case.  That's why

15   asked the Hearing Officer in the beginning is

16   he letting the resolution meeting in.  That

17   way I could know if that's going to be an

18   issue, then I can address that and then put my

19   witness on the stand.

20          HEARING OFFICER DUBOW:  I haven't

21   said I'm going to let it in, but I want to

22   know what you're asking me to do here.  I want

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433          WASHINGTON, D.C. 20005-3701          www.nealrgross.com

164

25

1    to know what the status is.  So you're saying

2    that your position is they haven't held a

3    meeting to determine eligibility.  Is that the

4    issue, you're saying?

5            MS. DALTON:   My position is they

6    violated the HOD.   They haven't convened an

7    MDT meeting.

8            HEARING OFFICER DUBOW:   I know.

9    Okay, slow down.  Okay, whether they violated

10   the HOD, I understand, but the HOD ordered

11   they hold an eligibility meeting, right?

12           MS. DALTON:   That's one of the

13   issues, yes.

14           HEARING OFFICER DUBOW:   Okay.

15   That's one of the issues that I'm going to

16   address first because that's the threshold

17   issue, is it not?   You can't go to other

18   issues until you first determine whether the

19   child is eligible.  So evaluations are in.

20           MS. DALTON:  Yes.

21           HEARING OFFICER DUBOW:   And Mr.

22   St. Clair ordered that -- where's that?

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433          WASHINGTON, D.C. 20005-3701          www.nealrgross.com

165

1    That's document number --

2              MS. DALTON:  It's Parent's 02.

3              HEARING  OFFICER  DUBOW:    02  in

4    December.   So he ordered before the winter

5    recess, schedule an MDT eligibility meeting.

6    What did he give you, three days?  December 19

7    was his order.  The recess already on --

8              MS.  HARRIS-LINDSEY:    Was  on  the

9    22nd.

10             HEARING  OFFICER  DUBOW:    --  the

11   22nd.

12             MS. DALTON:  Yes.

13             HEARING  OFFICER  DUBOW:    Well,

14   that's not very -- that's not possible.

15             MS.  DALTON:   Well,  DCPS  has  had

16   the time to object or to file a motion saying

17   (inaudible) and they didn't do that.

18             HEARING  OFFICER  DUBOW:    I

19   understand.  Okay.  So Mr. St. Clair gave them

20   three days.  Okay, but since that time -- all

21   right.   So  then  I  have  a  complaint  that's

22   filed February 2, right?  No meeting is held

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433         WASHINGTON, D.C. 20005-3701         www.nealrgross.com

166

1  in January; is that right?  There's nothing on

2  the record of any meeting?

3            MS. HARRIS-LINDSEY:  None that I'm

4  aware of.  Not that I'm aware of, no.  No.

5            HEARING OFFICER DUBOW:  Well, in -

6  - on your motion, if you don't have

7  documentation as to the invites, I'm going to

8  go ahead and she has the burden of proof to

9  show.

10           MS. HARRIS-LINDSEY:  Okay.

11           HEARING OFFICER DUBOW:  So I'll

12  deny that motion at this time.

13           MS. HARRIS-LINDSEY:  Okay.

14           HEARING OFFICER DUBOW:  All right.

15   Go ahead and present your evidence at this

16  time.  If you wish to make an opening

17  statement, you will -- you can, but I

18  understand in the preliminary what the issue

19  is.

20           MS. DALTON:  Okay.  Well, at this

21  point, I'm going to make my opening

22  statements.

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433        WASHINGTON, D.C. 20005-3701        www.nealrgross.com

167

1          HEARING OFFICER DUBOW:  All right,

2     go ahead.

3          MS.  HARRIS-LINDSEY:    I'm  sorry.

4     Before she begins, I just wanted to make a

5     preliminary -- well, it's not in writing, so

6     based on the facts, I just want to indicate

7     that DCPS has a standing objection, which I

8     understand this Hearing Officer's position on

9     it is, is that the question of jurisdiction to

10    rehear issues, HOD issues, implementation or

11    compliance issue --

12         HEARING  OFFICER  DUBOW:    Did  you

13    file a motion pursuant to the --

14         MS. HARRIS-LINDSEY:  I did not.

15         HEARING   OFFICER   DUBOW:         --

16    standard operating procedures?

17         MS. HARRIS-LINDSEY:  I did not.

18         HEARING  OFFICER  DUBOW:    Then  I

19    can't entertain that motion.

20         MS. HARRIS-LINDSEY:  Okay.  I just

21    wanted to make -- just put that on the record.

22         HEARING  OFFICER  DUBOW:    I  know,

1    but you have to do it in writing five days --

2                    MS. HARRIS-LINDSEY:  Okay.

3                    HEARING  OFFICER  DUBOW:    --  from

4    the time of disclosure.  Therefore, I don't

5    have  to  go  into  all  of  the  distinctions.

6    Okay.

7                    MS. HARRIS-LINDSEY:  Okay.

8                    HEARING  OFFICER  DUBOW:    Opening

9    statement.

10                   MS. DALTON:  Well, parents filed a

11   complaint  against  DCPS  for  they  failed  to

12   comply  with  the  HOD  issued  on  12/19/06  by

13   failing  to  convene  an  MDT  eligibility

14   placement  meeting  before  the  beginning  of  the

15   school  year  of  2006,  winter  recess  school

16   year,  to  review  the  evals  on  the  kid,  as  well

17   as  to  determining  the  child's  eligibility  for

18   special  ed  services.   DCPS  has  also  failed  to

19   provide  him  with  an  appropriate  placement

20   because  the  clinical  evaluation  dated  08/17/06

21   recommended  a  full-time  placement  for  J█████

22   and  currently,  he's  at  Noyes  Elementary

1    School, which is not a full-time specialized

2    placement.

3              In addition, the evals that have

4    been   completed   indicate   a   need   for   an

5    appropriate   IEP   to   be   developed   for   the

6    student.   As of now, he does not have an IEP

7    and the evaluations that we completed in '06

8    have not been reviewed.   In addition, there is

9    a  recommendation  for  an  FBA  evaluation  that

10   was   recommended   by   the   psycho-ed   evaluation,

11   as well as a clinical dated 08/17/06.   Those

12   evaluations   have   not   been   completed.   The

13   clinical   evaluation   dated   08/17/06,   it's

14   Parent's JJ04.   The psycho-ed evaluation is

15   Parent's   JJ05.   They've   also   failed   to

16   complete a psychiatric evaluation recommended

17   by the clinical evaluation dated 18/17/06 --

18   or 08/17/06, and again, that's Parent's JJ04.

19             As  such,  because  they  have  failed

20   to  develop  an  IEP,  J████  is  currently  not

21   receiving  all  the  services  that  he  would  be

22   receiving,   including   related   services   and

1    special ed services, and at this time, parent

2    is going to table or reserve the issue of Comp

3    Ed until all the evals have been completed and

4    the IEP developed.

5              HEARING OFFICER DUBOW:  All right.

6     DCPS?

7              MS.  HARRIS-LINDSEY:  Sure.  The

8    basis   of   the   request   for   additional

9    evaluations,  DCPS  would  ask  the  Hearing

10   Officer to find that they're premature under

11   IDEIA Regulations 300.305.  The obligation is

12   to review existing evaluation data first and

13   it's   the   teams   to   determine   whether

14   evaluations  or  recommendations made  in those

15   evaluations  warrant  or  warrant  a  need  for

16   those  evaluations.   So  recommendation  and

17   evaluation --

18              HEARING OFFICER DUBOW:  You know,

19   the   only   issue   here   that's  before  me  is

20   whether or not they held an MDT eligibility

21   meeting and what's the reasons for the delay -

22   -

1          MS. HARRIS-LINDSEY:  Yes.

2          HEARING OFFICER DUBOW:     -- to

3    comply with Mr. St. Clair's order.

4          MS. HARRIS-LINDSEY:  Yes, because

5    at this point, there's been no eligibility

6    determination.

7          HEARING OFFICER DUBOW:  Right.  I

8    mean until there's an eligibility meeting, I

9    can't address the IEP issues.  I can't address

10   the placement issues.

11         MS. HARRIS-LINDSEY:  Exactly.

12         MS. DALTON:     Well, (inaudible)

13   request for the record.

14         HEARING OFFICER DUBOW:  A request

15   for the record of what?  I can't go -- this is

16   an orderly process.

17         MS. DALTON:  I'm sorry?

18         HEARING OFFICER DUBOW:     As the

19   Spielberg (phonetic) case points out, I can't

20   jump and look at placement before I have an

21   IEP in front of me.  So the first thing I have

22   to see is the eligibility issue.

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433          WASHINGTON, D.C. 20005-3701          www.nealrgross.com

172

1              MS. DALTON:  And --

2              HEARING OFFICER DUBOW:    So that's

3    the burden on you now to present to me why

4    DCPS   was   (inaudible)   in   not   providing   an

5    eligibility meeting.  Call your first witness.

6              MS. DALTON:    All right.   I call

7    Ms. Latanya Jenkins, the parent of J█████

8    J██████, to the stand.

9    WHEREUPON,

10                   LATANYA JENKINS

11   was called for examination by Counsel for the

12   Student and, having been first duly sworn, was

13   examined and testified as follows:

14             HEARING   OFFICER   DUBOW:      All

15   right.   Your   attorney   will   ask   you   some

16   questions that will be followed by Counsel for

17   DCPS.

18                 DIRECT EXAMINATION

19      BY MS. DALTON:

20      Q    Please  state  your  name  for  the

21   record.

22      A    Latanya Jenkins.

NEAL R. GROSS
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433          WASHINGTON, D.C.  20005-3701          www.nealrgross.com

173

1      Q      And  how  are  you  related  to  the

2  Petitioner?

3      A      I'm his mother.

4      Q      Okay.    Have  you  received  any

5  notice from DCPS regarding an MDT meeting?

6      A      No.

7      Q      Has  there  been  any  attempt  to

8  contact  you  via  telephone  regarding  an  MDT

9  meeting?

10      A      No.

11      Q      Has  there  been  any  attempt  to

12  contact  you from DCPS --

13      A      No.

14      Q      --  via  letter  regarding  an  MDT

15  meeting?

16      A      No.

17      Q      Has  DCPS ever attempted to contact

18  you  in  person  about  completing  an  MDT  IEP

19  meeting?

20      A      No.

21      Q      Is  --  since  J███████  attended  DC

22  Public School, how is his behavior?

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433          WASHINGTON, D.C.  20005-3701          www.nealrgross.com

174

1        A       No improvement.  He just returned

2    back   to   school   last   week.     He's   been

3    suspended.   The teacher has been calling on a

4    regular basis complaining of his behavior in

5    school.

6        Q       What about his academics?

7        A       He's falling very behind.

8        Q       Have  you  made  any  complaints  to

9    the school?

10       A       No.

11       Q       What about to DC Public School --

12               HEARING   OFFICER   DUBOW:     You're

13   going to have to speak up, ma'am.  Speak in --

14               THE WITNESS:  Oh.

15               HEARING OFFICER DUBOW:  No, you're

16   fine.   Your attorney is -- has to speak up

17   clearly so it can be recorded.

18       BY MS. DALTON:

19       Q       Have  you  made  any  request  to  DC

20   Public  Schools  about  --  have  you  made  any

21   complaints to DC Public School about your --

22               MS. HARRIS-LINDSEY:   Objection.   I

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433        WASHINGTON, D.C. 20005-3701        www.nealrgross.com

175

1    didn't mind the leading, but now we're getting

2    deeper in to it and --

3            HEARING OFFICER DUBOW:  Sustained.

4        BY MS. DALTON:

5        Q    Have you made any requests to DC

6    Public Schools about your son's academics and

7    behavior?

8        A    Yes, I have.  I mean I've asked

9    them since he was -- become always suspended -

10   - this was 2006.  He was constantly suspended,

11   constantly skipping classes, running through

12   the halls.  So I asked them if we could, you

13   know, have him evaluated to see was there are

14   any disabilities involved or is there any

15   medication that may be needed for him to stay

16   focused and to stay seated in his classroom.

17       Q    Well, when -- what happened after

18   you made your request?

19       A    I got, you know, no feedback or

20   anything, no calls, no -- nothing in the mail

21   stating, you know, "This we can look in to,"

22   or I can send him one place.  I did send him

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433          WASHINGTON, D.C. 20005-3701          www.nealrgross.com

176

1    for testing.  That was the Marie (phonetic)

2    Center over on Kalorama Road, and that was,

3    you know, sent through public school.

4            Q    Do you feel that J████ current

5    placement is appropriate?

6            A    Me, as his mom, I really feel that

7    -- I mean DC Public School is a good place,

8    but  right  now,  for  my  son,  he's  not

9    succeeding.  He's acting out more and I just

10   want to see if I can get him in a smaller

11   setting, you know, a smaller classroom because

12   my son is a follower and, I mean, I just want

13   him  to  succeed  academically  and  if  his

14   behavior is interfering with his grades, then

15   I want to get him taken out of DC Public

16   School if there's always complaints and him

17   always being suspended, and I just want to,

18   you know, see if something -- some other type

19   of school that he's qualified for would, you

20   know, enhance his growth.

21           Q    Do you think J████ is performing

22   on grade level?

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433        WASHINGTON, D.C. 20005-3701        www.nealrgross.com

177

1          A     No, not with is behavior.    No,

2     he's not.

3          Q     No more questions at this time.

4                HEARING OFFICER DUBOW:  Cross?

5                     CROSS EXAMINATION

6     BY MS. HARRIS-LINDSEY:

7          Q     Okay.  Ms. Jenkins, I just have a

8     few  questions  on  follow-up  based  on  the

9     information  that  you  provided.    When  did

10    J█████ began at Noyes?

11         A     October the 27th.

12         Q     Okay.

13         A     September -- no, not October.   I

14    mean, like, probably a couple of days after

15    the school because he's not, you know, in the

16    home right now.

17         Q     He's not with you?

18         A     Huh?

19         Q     He's not with you?

20         A     Right.

21         Q     Oh, I'm sorry.  Where is he now?

22         A     He's in the Harambe House.

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433    WASHINGTON, D.C. 20005-3701    www.nealrgross.com

178

1      Q      Harambe House.  Is that -- is this

2      a matter  --  and I don't want to be too

3      intrusive, but is there a -- is he involved in

4      an open Family Court matter?

5      A      No, not child -- he's in Juvenile

6      Court.  He's in Juvenile Court.

7      Q      Oh, okay.

8      A      You know, it has to do with him

9      following older, much older guys --

10      Q      Okay.

11      A      -- and that's why, I mean --

12      Q      Is this a group home?

13      A      Yes, it is.

14      Q      Okay.  How long is he going to be

15      there?

16      A      He's there until April 23.

17      Q      April 23, okay.

18      HEARING OFFICER DUBOW:  So what's

19      the answer to the question when he began at

20      Noyes?

21      THE WITNESS:  He began at Noyes,

22      when did school start?

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433        WASHINGTON, D.C. 20005-3701        www.nealrgross.com

179

1              MS. HARRIS-LINDSEY:  October 27.

2              THE WITNESS:  No, it was --

3              MS.  HARRIS-LINDSEY:    It  started

4    August 28, 2000 --

5              THE WITNESS:  Right.  He attended

6    probably August 29 due to one shot he had to

7    receive.  So he couldn't start on that day

8    until that shot was complete.

9         BY MS. HARRIS-LINDSEY:

10        Q    Oh, okay.

11        A    Yes, that's all.

12        Q    Oh, okay.  So if it started on the

13   28th, he came the next day?

14        A    Right, yes.

15        Q    Okay.  And he has, with the

16   exception  of  suspensions,  he's  attended

17   consistently?

18        A    Yes.

19        Q    Okay.

20        A    Yes.

21        Q    Now, you said you asked the school

22   to evaluate Jonathan.

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433        WASHINGTON, D.C. 20005-3701        www.nealrgross.com

1      A    Yes.

2      Q    I mean J███████.

3      A    J███████.

4      Q    In 2006.  Were you talking 2006 of

5 this year or 2006 the end of last year?

6      A    The end of last school year.

7      Q    Last school year?

8      A    Yes.

9      Q    Okay.  So where was he then?

10      A    Harriet Tubman.

11      Q    Okay.  And when he enrolled, and

12 just bear with me for a -- when you enrolled

13 at Noyes, did you tell them you had

14 outstanding requests for evaluations pending?

15      A    No.

16      Q    Okay.  Who have you communicated

17 with at Noyes about following through on this

18 process?

19      A    No one.  I mean I figured it would

20 be transferred with his file from Tubman.

21      Q    Okay.  Do you know Mr. Edwards

22 (phonetic), the Special Ed Coordinator?

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433    WASHINGTON, D.C. 20005-3701    www.nealrgross.com

181

1          A     No.

2          Q     Okay.    Who   is   J██████   present

3     classroom teacher?

4          A     Ms.   Doles   (phonetic),   which   I

5     believe  he  had  a  meeting  to  return  back  to

6     school   off   of   suspension,   so   Mr.   Crosby

7     (phonetic)  had  mentioned  she  was  out  on  some

8     type of leave or something like that.  So --

9          Q     And what's her name, Ms. --

10         A     Ms. Doles.

11         Q     D-O-Y-L-E-S?

12         A     I  think  it's  D-O-L-E-S.   It  may  be

13    spelled Y.

14         Q     Okay.   Okay,  that's  fine.    And

15    that's his current teacher?

16         A     Yes.

17         Q     Okay.   Prior  to  his  suspension,

18    had   you   communicated   with   her   about   any

19    meetings that you --

20         A     Yes.

21         Q     --  believed   were   supposed   to

22    happen?

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433        WASHINGTON, D.C. 20005-3701        www.nealrgross.com

182

1    A    Yes.

2    Q    What's --

3    A    No, I mean not communicate about

4    any meetings, just J████ personally, you

5    know, and his behavior, how they're, you know,

6    going to work with me, and, you know, make

7    sure he follows through with what he's

8    supposed to do.

9    Q    What did Ms. Doles tell you about

10    working with you and with J████?

11    A    I mean she wasn't going to, you

12    know, give up on him.  I mean I can't really

13    remember because it's been a while and it was

14    only, you know, over the phone.  It wasn't,

15    you know, physical, personal contact.

16    Q    Okay.

17    A    It was a phone call that she made

18    on several attempts.

19    Q    Okay.  Let me ask you this

20    question.  You attended the resolution meeting

21    back in March for this case?  Do you recall

22    going to the school?

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433          WASHINGTON, D.C. 20005-3701          www.nealrgross.com

183

1        A     No.

2        Q     And  you  weren't  --  you  didn't

3   participate  in  the  resolution  that  --  where

4   the school --

5        A     March?

6        Q     March 19, 2007.

7        A     No.

8        Q     Were  you  aware  that  a  meeting  was

9   held for your -- on this complaint for -- that

10  the school met about your student?

11       A     No.

12       MS.  HARRIS-LINDSEY:    So  if  you  could

13  show her what is marked DCPS2.

14            MS.  DALTON:    Yes,  that's  what  --

15  that's what I wanted to clarify.  That was --

16            MS.  HARRIS-LINDSEY:    No,  no,  I

17  don't want you to clarify.

18            MS. DALTON:  Oh, okay.

19            MS.  HARRIS-LINDSEY:    No,  I  don't

20  want you to clarify.  I'm asking if you could

21  show her --

22            MS. DALTON:  Okay.  Just show her

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433        WASHINGTON, D.C. 20005-3701        www.nealrgross.com

184

1    -- okay.

2            MS. HARRIS-LINDSEY:  DCPS2.

3     BY MS. HARRIS-LINDSEY:

4     Q    Can you -- if you could do me a

5    favor, if you could read this document for me

6    if that's okay with the Hearing Officer.  If

7    you could read that and tell me if you were --

8    if any of that looks familiar or you're aware

9    of a meeting taking place in March on behalf

10    of your son.

11     A    Read from the beginning or --

12     Q    You don't have to read it out

13    loud.  Just you can read it to yourself --

14     A    Oh.

15     Q    -- because based on what -- if you

16    could -- what I'm asking -- yes, if you could

17    read that document because your testimony is

18    that you don't recall any meetings taking

19    place about J██████ this year, and (inaudible)

20    there's a document in the record that's

21    admitted that's about J██████.  So I want you

22    to read that and tell me if anything in here

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433    WASHINGTON, D.C. 20005-3701    www.nealrgross.com

185

1    jogs your memory or looks familiar.

2              MS. DALTON:    I have an objection

3    to that because I asked in the beginning when

4    we started are you admitting the resolution

5    meeting notes and you have yet to make a

6    decision on that, so object --

7              HEARING OFFICER DUBOW:    Well,

8    she's not asking about the content.  She just

9    wanted to know if she attended this meeting or

10   not.

11             MS. DALTON:    Yes, but she asked

12   her to read from the meeting notes.  So what

13   I'm trying to ask -- find out is are you --

14             HEARING OFFICER DUBOW:    She's

15   asking her to read it by herself, I assume.

16             MS. HARRIS-LINDSEY:    Yes, I'm not

17   asking her to read it into the record.    I'm

18   asking her to read it to tell me if she's

19   aware if this -- if any of this sounds

20   familiar.

21             MS. DALTON:    Okay.  So do we have

22   a decision on the resolution meeting notes?

1    Is it something that you're accepting into the

2    record or are you not?

3                HEARING OFFICER DUBOW:    Well, it

4    hasn't, at this time, been -- well --

5                MS. HARRIS-LINDSEY:    The Federal

6    Court has already ruled that resolution

7    meeting notes are not privileged conversation

8    and it's not -- they're not settlement

9    negotiations, so they're no different than MDT

10   IEP notes.  So I -- my position is -- my

11   position on behalf of my client is that these

12   are not a protected documents.

13               MS. DALTON:    Still don't have the

14   cases when it was ruled and that's why I asked

15   the Hearing Officer what's his ruling on this.

16               HEARING OFFICER DUBOW:    Well, but

17   that is -- all she's asking her is to read the

18   -- if she attended this meeting.    That's all.

19    She's not asking her about the content.    So

20   she could read it and if it helps to her

21   recollection, then that's fine.

22               MS.    DALTON:        Again,    Hearing

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433        WASHINGTON, D.C. 20005-3701        www.nealrgross.com

187

1    Officer, I have a question.  Are you allowing

2    the motion on the resolution meeting notes

3    into record?

4            HEARING OFFICER DUBOW:  I don't --

5    I'm reserving judgment on it right now.  Just

6    asking her to rule on what -- just asking her

7    if she remembers if she attended this meeting

8    or not, not what the subject matter of the

9    meeting is.

10           THE WITNESS:  Okay.  So the date -

11   - the question I'm getting to --

12           HEARING    OFFICER    DUBOW:       The

13   question is did you go to this meeting.

14   That's all.  Did you attend such a meeting?

15           THE  WITNESS:    I  mean  over  the

16   phone, if this is the meeting that occurred

17   last month some time.

18           HEARING  OFFICER  DUBOW:     It's  a

19   meeting that occurred in March.

20           THE WITNESS:  Right.

21           HEARING  OFFICER  DUBOW:     So  you

22   participated by telephone?  Is that -- did you

1    recall participating --

2              THE WITNESS:  By phone.  Yes, over

3    the phone (inaudible) meeting.

4              HEARING OFFICER DUBOW:  Okay.  So

5    you attended over the telephone?

6              THE WITNESS:  Yes.

7              HEARING OFFICER DUBOW:  All right.

8     Does that answer your question?

9              MS. HARRIS-LINDSEY:  Okay.  That

10   does.  That does.

11        BY MS. HARRIS-LINDSEY:

12        Q    And so you -- other than -- is

13   this the first time you've seen this document?

14        A    Yes, yes.

15        Q    And did you recall discussions

16   about attempts to convene a meeting and that

17   the documents were sent to your counsel?  Do

18   you recall that part of the conversation?

19        A    No.

20        Q    You don't recall that?

21        A    No.

22        Q    Okay.  Were you on the phone for

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433          WASHINGTON, D.C. 20005-3701          www.nealrgross.com

189

1    the whole meeting or just a part of the

2    meeting?

3        A    Part of the meeting.    Another

4    thing, I don't know if the room was hot, but

5    it was a fan going, so some of this stuff, I

6    could not hear clearly because they said it

7    was a fan going in the background.

8        Q    Okay.  Okay.

9        A    So --

10       Q    And -- now, how long has J███████

11   been at the Harambe House?

12       A    Three weeks now.

13       Q    Three weeks, okay.

14       A    Yes.

15       Q    Okay.    And you indicated he was

16   also suspended from school?

17       A    Yes.

18       Q    How long is he -- how long has he

19   been suspended?

20       A    He was suspended for about three

21   days and we had to go to a meeting last

22   Tuesday.

1      Q      A meeting at the school?

2      A      Yes, because he was on -- Mr.

3  Crosby was to the point he was about to just,

4  I guess, expel him from school, DC Public

5  School.

6      Q      And Mr. Crosby, if you could just

7  identify him for the record.

8      A      He's the principal of Noyes

9  Elementary.

10      Q      Okay.  So aside from the meeting

11  that you attended last week and the meeting

12  you participated in partially by phone last

13  month, you've had no other meetings with the

14  school or communications with school staff

15  about J▬▬?

16      A      You said attend two meetings.  I

17  only did one meeting by phone, that --

18      Q      Right.  The one --

19      A      Okay.

20      Q      -- and then -- and the last

21  meeting you went to, you actually went there.

22      A      Oh, for him to be returned back to

52

1    school.

2         Q    Yes.

3         A    Yes.

4         Q    Okay.    Okay.    I    have    nothing

5    further.

6                   HEARING OFFICER DUBOW:    Redirect?

7                   REDIRECT EXAMINATION

8         BY MS. DALTON:

9         Q    You testified that J█████ started

10   Noyes beginning of the school year, which is

11   August 29.

12        A    Yes.

13        Q    So if that's the case, is it safe

14   to  say  that  in  December  of  2006,  he  was

15   attending Noyes Elementary School?

16        A    December 2006?

17        Q    Yes.   He started -- you testified

18   that he started Noyes August 29, 2006; is that

19   correct?

20        A    Yes.

21        Q    Okay.   So is it safe to say if he

22   started August 29, 2006, by December of 2006,

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433          WASHINGTON, D.C. 20005-3701          www.nealrgross.com

192

53

1    he was attending Noyes Elementary School?

2         A    Yes.

3         Q    It's safe to say that?

4         A    Yes.

5         Q    No further questions.

6              HEARING OFFICER DUBOW:    Call your

7    next witness.  Is that your case?

8              MS. DALTON:    I'll call Mr. Weeks

9    (phonetic).

10              HEARING OFFICER DUBOW:  Mr. who?

11              MS. DALTON:  Dean Weeks.

12              HEARING OFFICER DUBOW:    Dean --

13    oh, okay.  High Roads?

14              MS. DALTON:  Yes.

15              HEARING OFFICER DUBOW:    We'll go

16    off the record until you contact your witness.

17              (Whereupon, the proceeding in the

18    foregoing matter went off the record at 3:48

19    p.m. and went back on the record at 3:52 p.m.)

20    WHEREUPON,

21                   DEAN WEEKS

22    was called for examination by Counsel for the

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433          WASHINGTON, D.C. 20005-3701          www.nealrgross.com

193

1    Student and, having been first duly sworn, was

2    examined and testified as follows:

3                HEARING OFFICER DUBOW:  State your

4    name again for the record.

5                THE WITNESS:  Sure.  Dean, D-E-A-

6    N, last name Weeks, W-E-E-K-S.

7                HEARING OFFICER DUBOW:  And your

8    position is?

9                THE WITNESS:  Currently serving as

10   Student Director of High Road Middle School

11   located 15 31st Street Southwest.

12               HEARING OFFICER DUBOW:  All right.

13    Your witness.

14                    DIRECT EXAMINATION

15       BY MS. DALTON:

16       Q     Mr. Weeks, are you aware of J███████

17   J███████?

18       A     Yes, I am.

19       Q     Have you received or reviewed his

20   documents?

21       A     Yes, I have received two documents

22   -- four documents relating to J██████.

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433          WASHINGTON, D.C. 20005-3701          www.nealrgross.com

194

55

1     Q     What documents did you review and

2  receive?

3     A.    I     actually    reviewed    the

4  psychological evaluation.   The date of that

5  report was 09/06/06.   I have a clinical psych

6  eval.   The date of that one is 08/20/06.   And

7  one other document that I think was just --

8  it's from Mary's Center for Maternal and Child

9  Care, which is just some notes from that

10  center.

11     Q     After you reviewed the documents,

12  do you think you can provide J█████ with

13  services indicated in the IEP?

14     A     Yes, I think we can.

15     Q     Are you aware that he does not

16  have an IEP at this time?

17     A     Yes.

18     Q     Do you have a school program in

19  place for a kid his age?

20     A     Yes, I do.

21     Q     What is the student to teacher

22  ratio in the classroom that J██████ going to

1    be in?

2         A    In that classroom, I think they

3    have six kids.   He would be the seventh

4    student, and there's a teacher and a teaching

5    assistant in that classroom and that classroom

6    is supported by a social worker.

7         Q    Do you have certified special ed

8    teachers?

9         A    Yes.

10         Q    Can you provide him with

11    individualized counseling as indicated in his

12    clinical evaluation?

13         A    Yes, ma'am.

14         Q    What about group counseling?

15         A    Yes, group and individual.

16         Q    Can you provide him with the

17    structured setting that he requires?

18         A    Yes.

19         Q    If he's placed in your program,

20    are you willing to accept him now?

21         A    Yes, I would, ma'am.

22         Q    Do you have a behavior

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433        WASHINGTON, D.C. 20005-3701        www.nealrgross.com

196

1    modification plan or program in your school?

2        A    Yes, we do.

3        Q    Can you describe your program for

4    the Hearing Officer?

5        A    Sure.   Currently, we service as a

6    full-time separate day program.   At this

7    particular site, we service kids that are on

8    the ED spectrum, those kids that are typically

9    ED.   We (inaudible) ADHD, OHI, some MR

10   students.   The students are with us all day

11   long and all the services are provided for the

12   students in a classroom setting.   The

13   classroom is a self-contained classroom, so

14   they stay and they maintain their classroom

15   setting for the entire day with pull-outs

16   throughout the day (inaudible) whether it's

17   related services, whether it's speech and

18   language, occupational therapy or individual

19   or group counseling.

20       Q    Okay.

21           HEARING OFFICER DUBOW:   Anything

22   further?

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433    WASHINGTON, D.C. 20005-3701    www.nealrgross.com

197

1          MS. DALTON:   No questions for him

2     (inaudible).

3          HEARING OFFICER DUBOW:   Questions

4     for  --  move  the  microphone  for  you

5     (inaudible).

6                CROSS EXAMINATION

7     BY MS. HARRIS-LINDSEY:

8     Q     Hi, Mr. Weeks.

9     A     Good afternoon.

10     Q     Hi, this is Quinne Lindsey.   I

11     have some follow-up questions for you.

12     A     Oh, yes, Ms. Lindsey.   How are

13     you?

14     Q     I'm good.   Thank you.   Let me ask

15     you a question.   Do you --

16     A     Sure.

17     Q     -- have regular education students

18     in your school?

19     A     Say it again.

20     Q     Do you service regular education

21     students?

22     A     No, ma'am.

1       Q    Can   you   repeat   for   me   the

2   disabilities  of  the  students  you  say  you

3   service?

4       A    At this particular site, students

5   would have to be on the ED spectrum.

6       Q    Yes.

7       A    So it would be ED, those students

8   with ADHD, OHI, students that are also MR, and

9   then in those cases, those students that are

10   showing any type of disruptive behaviors.

11   They are the kids that we support at the

12   middle school.

13       Q    Okay.  You indicated that you had

14   reviewed a psychological, a clinical psych,

15   and Mary Center notes?

16       A    That's correct.

17       Q    Okay.  Do you recall -- do you

18   have those evaluations in front of you?

19       A    Yes, ma'am.

20       Q    Okay.  Don't look at them.

21       A    Oh, okay.

22       Q    I just want to ask you a question.

1      A      Yes.

2      Q      Do you recall what disability

3  classification was recommended for J█████ in

4  any of those evaluations?

5      A      No, I don't recall them

6  recommending a specific disability.

7      Q      Okay. So if I had told you that

8  J█████ was recommended -- if there was a

9  consideration -- if there was a determination

10 that school should consider LD as a diagnosis

11 --

12     A      Yes.

13     Q      -- and you would still recommend

14 he participate in your program?

15     A      It would be in one of our other

16 programs, but it wouldn't be in mine

17 specifically.

18     Q      And what -- how old is J█████?

19     A      J█████ is 11 years old.

20     Q      And what program would he be in?

21     A      Well, currently we're looking at

22 the middle school at 15 31st Street, is what

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433      WASHINGTON, D.C. 20005-3701      www.nealrgross.com

200

1    we're looking at.

2         Q    Yes.    Okay.    Now,    you    indicated

3    that J██████ was appropriate for your program,

4    but you know he has no IEP and no diagnosis?

5         A    Yes.

6         Q    He has not been found eligible for

7    special education.

8         A    Yes.

9         Q    And    yet,    you    believe    that    you

10   could service him?

11        A    Yes.

12        Q    Okay.

13             HEARING    OFFICER    DUBOW:    Anything

14   further?

15             MS. DALTON:    (Inaudible.)

16             MS.    HARRIS-LINDSEY:    No,    nothing

17   further.

18             HEARING    OFFICER    DUBOW:    Okay.

19   Thank you very much, Mr. Weeks.

20             MS. DALTON:    I have a question.

21             THE    WITNESS:    Okay.    Thank    you

22   very much.

62

1             MS.   DALTON:    Mr.  Weeks?    Mr.

2    Weeks?

3             THE WITNESS:  Yes?

4             MS.  DALTON:   I have one question

5    for you.

6                    REDIRECT EXAMINATION

7        BY MS. DALTON:

8        Q    Why do you think you can service

9    J▆▆▆▆?

10       A    Well, based on the documentation,

11   this -- I mean when we looked at -- even if we

12   just look at the Mary's notes, he has some

13   disruptive episodes in his past and even

14   presently, and one of the things on there in

15   this Axis I diagnosis is conduct disorder, and

16   this kid needs help.  He needs a structured

17   environment that will support him with some

18   counseling, and if he doesn't get that, this

19   kid is going to continue to deteriorate at 11.

20       Q    Okay.

21            HEARING  OFFICER DUBOW:   Thank you

22   very much.  Thank you, Mr. Weeks.

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433        WASHINGTON, D.C. 20005-3701        www.nealrgross.com

202

1          THE WITNESS:  Okay.  Thank you.

2          HEARING OFFICER DUBOW:    Is that

3    your case?  Do you rest?

4          MS. DALTON:  Yes.  No, not rest.

5    I have to do my closing.

6          HEARING OFFICER DUBOW:    What did

7    you say?

8          MS. DALTON:  No, I rest.

9          HEARING OFFICER DUBOW:  You rest?

10          MS. DALTON:  Yes.

11          MS. HARRIS-LINDSEY:    DC submits on

12    the documentation in the record.

13          HEARING        OFFICER        DUBOW:

14    (Inaudible)    Closing   argument,   go   ahead,

15    Counsel for Parent.

16          MS. DALTON:  Well, this is a kid

17    that   we   have   here   that   has   been   having

18    behavioral  problems,  not  just  last  year  or

19    '04.  It's going back as far as '03 and we

20    have  documents  in  the  parent's  disclosure  and

21    I'll  direct  the  Hearing  Officer  to  look  at

22    Parent's  JJ10,  which  is  a  letter  given  to

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433        WASHINGTON, D.C. 20005-3701        www.nealrgross.com

203

1    parent at (inaudible), which is a school

2    counselor at the child's elementary school,

3    indicating how severely -- how her son has a

4    lot of (inaudible) emotional issues, and she

5    went as far as indicating that the child is a

6    flight risk, that he got escorted by the

7    police out of the school. He has a recent and

8    past history of being verbally and physically

9    explosive.      He    fights    in   schools.      He

10   indicated to the parent he's going to kill her

11   on more than one occasion. It just indicates

12   a lot of issues with this student and this was

13   written by the school counselor given -- and

14   CC'd to the principal of the school and given

15   to parent, as well as sent to Children's

16   Hospital to have the child evaluated.      DCPS

17   failed to evaluate the child promptly.      We

18   came to a hearing. We had the hearing back in

19   June and part of the HOD DCPS was ordered

20   (inaudible) evaluations.      (Inaudible) the

21   evaluations and forward (inaudible) to DCPS

22   and that is Parent's JJ12, that has all the

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433          WASHINGTON, D.C. 20005-3701          www.nealrgross.com

204

1    letters -- I'm sorry, JJ10, that has letters

2    sent to DCPS indicating that the evals have

3    been completed and forwarded to DCPS.  Parent

4    request that DCPS convene a meeting to review

5    these evaluations and determine this child

6    eligible because as indicated in the

7    evaluations, this child has a lot of emotional

8    issues, has a lot of behavior concerns, has

9    academic problems.  If you look in the psycho-

10   ed currently, this child is performing at a

11   fourth grade level in some instances and in

12   the (inaudible) fourth grade level.    In

13   reading comprehension, he's at a fourth grade

14   level (inaudible).  In spelling, he's third

15   grade level.  At the time this evaluation was

16   done, J█████ was supposed to be in the -- he

17   was supposed to be ten years old at that

18   point, in the fifth grade.  So he's more than

19   -- he's more than two, three years behind, and

20   DCPS is aware (inaudible) provided to them.

21   They refused to have the meeting.   We came

22   back to a hearing in December.   At that

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433        WASHINGTON, D.C. 20005-3701        www.nealrgross.com

205

1    hearing, DCPS stipulated to the fact that they

2    determined that they never convened a meeting

3    -- or never attempted to convene a meeting and

4    they stipulated to the fact in that HOD as

5    well as in their disclosure and they promised

6    that they would convene an MDT meeting for the

7    student.   The hearing officer gave them one

8    more chance, requesting that they convene this

9    meeting   to   review   this   evaluation   and

10   determine the child eligible because his evals

11   show  that  he's  eligible.   His  behavior  and

12   academic  problems  in  school  show  that  he's

13   eligible.   His  current  suspensions  at  school

14   show  that  he's  eligible.   Yet,  DCPS  still

15   failed  to  convene  this  meeting.   School

16   started.   We're  now  in  March.   These  evals

17   have  been  completed  since  '06  and  we're  here

18   in  March,  almost  the  end  of  the  school  year,

19   which  is  almost  over  a  year  the  evals  are

20   completed  and  they  have  yet  to  convene  a

21   meeting.   They  can't  prove  they've  attempted

22   to   contact   parent   regarding   MDT   meeting.

1    They've called parent for a resolution meeting

2    and we've had the resolution meeting, but then

3    again, they're offering the same thing that

4    they kept promising to offer, which is an MDT

5    meeting, and if you won't comply with an HOD

6    which orders you to convene a meeting, what's

7    to say that you're going to comply with just

8    an argument or a statement made by (inaudible)

9    that you won't convene a meeting.  The parent

10   was not satisfied with that (inaudible) issue.

11   We're here now, and yet, DCPS has (inaudible)

12   since March 19, when this resolution meeting

13   was held.  Today is April 5 and DCPS has yet

14   not to contact parent or counsel for parent to

15   convene an MDT meeting for this student and we

16   are here today.  Still nothing has been done

17   for this child and DCPS had so many chances to

18   comply with this and fulfill -- or determine

19   the child eligible and they have yet to do

20   that.

21            HEARING OFFICER DUBOW:  Thank you,

22   Ms. Berry.

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433        WASHINGTON, D.C. 20005-3701        www.nealrgross.com

207

1          MS. BERRY:   I was trying to sneak

2     out.  I'm sorry.  Bye.

3          MS. DALTON:    And  the  concerns

4     (inaudible) HOD violation with a presumption

5     of (inaudible), especially it's for an HOD

6     violation, the Hearing Officer can place a

7     child  appropriately  if  there's  been  a

8     (inaudible) violation.  I direct the Hearing

9     Officer to Florence County School District v.

10    Shannon,  as  well  as  the  Supreme  Court

11    decision.  We have a case here (inaudible)

12    IEP,  not  through  the  child's  fault,  but

13    through DCPS's fault.  So it's continued to

14    give them more time to convene a meeting, when

15    they haven't done so.

16          HEARING  OFFICER  DUBOW:    Counsel

17    for DCPS?

18          MS. HARRIS-LINDSEY:  Sure.  If the

19    Hearing Officer reviews the evaluations and

20    we've talked about conduct disorders and the

21    like, what the Hearing Officer will find is

22    that  a  lot  of  the  recommendations  that  are

1    made for J████ are social.  They want him to

2    be in a structured, disciplined environment as

3    a group home.  That's home.  Family therapy

4    with the mom.  That's home.  They want a small

5    structured   classroom   receiving   special

6    attention.   There  is  no  recommendation  of

7    special   ed   instruction    specialized

8    instruction.   They  do  recommend  individual

9    therapy, drug education, group therapy.   So

10   it's  fine  that  there  are  these  sweeping

11   allegations and recommendations and the like,

12   but  what  is  evident  is  that  they're  here

13   asking the Hearing Officer to give them what

14   they  already  --  what  the  school  offered

15   before.  Everything that they're asking for,

16   DCPS proposed and they rejected, yet they say

17   DCPS  hasn't  convened  a  meeting.   Well, why

18   would DCPS even try to do anything else after

19   Parent's  Counsel  said,  "I  don't  want  to

20   address  this  concern,"  at  the  time  and

21   declined the offer?  And contrary to whatever

22   representations are being made, in the record

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433    WASHINGTON, D.C. 20005-3701    www.nealrgross.com

209

70

1    it  indicates  that  although  they're  not

2    disclosed, they haven't been disclosed.  There

3    was an exchange of documentation.  The parent

4    wasn't at the meeting, so she would not have -

5    - she wouldn't be able to testify to what was

6    provided and not provided.

7            HEARING  OFFICER  DUBOW:    Well,

8    that's what bothers me and without getting to

9    the substance of the resolution meeting notes,

10   the fact that specific dates are mentioned by

11   Mr. Edwards of attempts to copies five times

12   with  Letters  of  Invitation  and  no  response

13   from the parent is troubling.

14           MS. DALTON:  And I --

15           HEARING OFFICER DUBOW:  And so --

16   do  you  have  something  you  want  to  say?   I'd

17   like to finish my thought --

18           MS. DALTON:  Yes.

19           HEARING   OFFICER   DUBOW:         --

20   because  I  tend  to  lose  thought  if  I  don't

21   finish my thought because I'm old, very old.

22           Anyway,  so  if  --  and  I  know  it's

210

1    spring break, but I've asked that -- I'm going

2    to leave the record open for you to provide me

3    with documentation from Mr. Edwards whether or

4    not these documents that he shared with Ms.

5    Tilley -- Tillary (phonetic), if he has copies

6    of that.  If I see documentation of Letters of

7    Invitation and related correspondence and the

8    counsel for the parent didn't respond, I'm

9    going to dismiss this case because they've

10   made an offer to go ahead on several times and

11   if you don't participate, that's not showing

12   good faith.  It was one of the things that Mr.

13   St. Clair talked about.

14        Mr. St. Clair, by the way, didn't

15   say -- he just said to schedule a meeting

16   before the winter recess.  He didn't say to

17   hold the meeting.  So I think it's important,

18   and everybody agrees, you need to have an MDT

19   eligibility meeting before you can do anything

20   else.  I'm not sending this child to any

21   placement, especially a placement when one of

22   your own evaluations says he's LD, I'm not

1    going to send him to a place that's only for

2    ED students.

3          So that's -- but that's jumping

4    way ahead, putting the cart before the horse.

5    I'm not going to be looking at placement until

6    the professionals involved with this child

7    have an opportunity to -- including the parent

8    and their advocate, to get together, review

9    evaluations, and discuss whether the child,

10   one, is eligible, and if they determine the

11   child is eligible, then to develop an IEP and

12   determine what is necessary to meet this

13   child's needs.  Then when they get done with

14   that to discuss placement.  That is the order

15   in IDEIA.  That's what the law requires.  So

16   I'm not jumping ahead to even talk about

17   placement.  It's premature, but it seems to me

18   that the elementary school is saying that they

19   want to meet to hold an eligibility meeting

20   and it seems to say that -- I'm not seeing a

21   response from the -- I don't understand why

22   there's no agreement from Counsel to do that.

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433    WASHINGTON, D.C. 20005-3701    www.nealrgross.com

212

1    Instead, you have to come here to a hearing.

2    So I'm going to leave the record open and --

3    for -- to provide, once they come back from

4    spring break, this documentation that Mr.

5    Edwards said he has shown, and if he did, in

6    fact, have documentation of faxing/mailing to

7    counsel, as well as the parent, Letters of

8    Invitation -- he may have sent it to counsel

9    and not to -- which would be pursuant to the

10   HODs.  He may have done that.  I don't know

11   what he did, but I'd like to see what this

12   documentation is, and then I will make a

13   ruling on the case and I think we need to have

14   an eligibility meeting held, and if that's

15   what everybody's interested in, that's what

16   should be done, but it seems that was offered.

17          Anyway, so the case is submitted

18   and I'll hold it open -- the record open until

19   we'll get that documentation.

20          MS. HARRIS-LINDSEY:  Okay.

21          MS. DALTON:  You didn't set a date

22   when you're holding -- how long -- until when?

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433    WASHINGTON, D.C. 20005-3701    www.nealrgross.com

213

1          HEARING OFFICER DUBOW:    Well, I

2    told you, next week.   They are on spring break

3    this week, so she needs time to --

4          MS. DALTON:   Next week?   Friday or

5    --

6          HEARING OFFICER DUBOW:    -- she

7    needs until next week, the end of next week.

8          MS. DALTON:   Okay.   And then, if I

9    may --

10          HEARING OFFICER DUBOW:   I will

11    turn a decision around very quickly, but I

12    need to review that and we'll send copies of

13    it to counsel, correct?

14          MS. HARRIS-LINDSEY:   I will.

15          MS. DALTON:   And if I may just

16    have the record reflect accurately that the

17    notes indicate that they invited parent to a

18    resolution meeting and he puts the date, which

19    is October 27.   Keep in mind that there was a

20    hearing in December, so it would make sense

21    for him to invite us to a resolution, not an

22    eligibility meeting, and this --

1        HEARING OFFICER DUBOW:  Be that as

2   it may, I want to see the documentation.

3        MS. DALTON:  That's fine, and DCPS

4   has a document that they sent on December 1 to

5   counsel that --

6        MS.  HARRIS-LINDSEY:     There's   a

7   record -- we're (inaudible) argument.

8        MS. DALTON:  It's not an argument,

9   but I just want the record to reflect that

10  this was also indicated and they accepted

11  (inaudible) failed to comply with the HOD by

12  failing to convene a meeting, so for them to

13  say in December that they didn't convene a

14  meeting and then try to say back in October

15  that they tried to convene a meeting, it's not

16  --

17       HEARING OFFICER DUBOW:  Well, the

18  documents will speak for themselves when I've

19  had an opportunity to review them.  Thank you.

20       (Whereupon,   at   4:10   p.m.   the

21  hearing in the above-entitled matter was

22  concluded.)

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVE., N.W.
(202) 234-4433        WASHINGTON, D.C. 20005-3701        www.nealrmmss.com

215