IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **LATONIA JENKINS, et al** | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | **Civ. Acton No. 07-1283(RWR)** |
| | * | |
| | * | |
| **DISTRICT OF COLUMBIA, et al** | * | |
| Defendants | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MOTION FOR SUMMARY JUDGMENT

COMES NOW, the Plaintiffs, J.J. and Latonia Jenkins, by and through their attorneys Fatmata Barrie and The Law Offices of Christopher N. Anwah, PLLC, hereby moves this Honorable Court for summary judgment in favor of the Plaintiff as to all counts. As reasons therefore, Plaintiffs will establish that there exist no triable issues of material fact and that Plaintiffs are entitled to judgment as a matter of law pursuant to Rule 56 of the Federal Rules of Civil Procedure. In support thereof, Plaintiffs, incorporate by reference the attached Memorandum of Points and Authorities.

WHEREFORE, Plaintiffs pray this Honorable Court to grant this Motion and enter summary judgment in favor of Plaintiffs as to all counts of the complaint.

Respectfully submitted
LAW OFFICES OF CHRISTOPHER N.
ANWAH, PLLC

By: _____/s/FatmataBarrie/s/_____
Fatmata Barrie, Bar #485122
LAW OFFICES OF CHRSTOPHER N.
ANWAH, PLLC
10 R Street, NE
Washington, D.C. 20002
Phone: (202) 626-0040
Fax: (202) 626-0048
Email: fbarrie@verizon.net

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **LATONIA JENKINS, et al** * | |
| Plaintiffs * | |
| * | |
| v. * | **Civ. Action No. 07-1283 (RWR)** |
| * | |
| * | |
| **DISTRICT OF COLUMBIA, et al** * | |
| Defendants(s) * | |
| ************************************ | |

### MEMORANDA OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

For reasons set forth herein, Plaintiffs are entitled to summary judgment as to all counts. The undisputed material facts of this case will establish, inter alia, that (i) DCPS failed to adhere to the 12/19/06 HOD and evaluate the student in all areas of suspected disability; (ii) The hearing officer erred in his decision to dismiss the case against DCPS without any credible evidence that DCPS complied or made any attempts to comply with the 12/19/06 HOD.

On these controlling points there exist no genuine issue of material facts and accordingly, Plaintiffs are entitled to summary judgment as a matter of law.

### BACKGROUND FACTS

On 03/28/06, the Mary Center issued a mental health progress report, diagnosing J.J. with a Conduct Disorder, and recommending that a psychosocial be performed, as well as further recommending that J.J. receive a placement in a highly-structured behavioral modification educational placement. The report also indicated that a psycho-educational evaluation was appropriate, considering the student's poor academic performance reflected learning disabilities.

On 06/02/06, a Hearing Officer's Determination (HOD) was issued which ordered an independent psycho-educational evaluation and a comprehensive psychological evaluation (including a clinical) for J.J. The HOD further ordered DCPS to convene an MDT meeting

2

within 15 business days of receipt of the independent evaluations to review the evaluations, determine eligibility and, if appropriate, develop an appropriate IEP, discuss and determine placement, and discuss and determine a compensatory education plan.

On 08/17/06, an independent clinical psychological evaluation was completed. This evaluation stated that J.J. was below grade level in both reading and mathematics, and that his academic performance was impaired by his severe, negative social-emotional behavior. The clinical psychologist went on to diagnose J.J. with a Conduct Disorder, and subsequently recommended that he be placed in a small, structured classroom environment, that a Functional Behavioral Assessment should be performed, and that J.J. should receive both individual and group psychological therapy.

On 09/06/06, an independent psycho-educational evaluation was complete which categorized J.J.'s overall cognitive functioning as low, with low-average scores in both verbal and nonverbal reasoning skills, as well as spelling and math reasoning. His written expression and math calculation skills fell in the borderline range, and his reading comprehension was significantly delayed and deficient. Furthermore, the evaluation noted his history of disruptive behaviors and overall poor social-emotional conduct. The evaluation recommended that J.J. receive special education services as a student with the disability of Learning Disabled.

On 10/02/06, the two independent evaluations were provided to DCPS via facsimile. Upon receipt of the evaluations, DCPS still failed to adhere to the 06/06/06 HOD because they did not convene the MDT / IEP meeting within the 15 business days to discuss J.J.'s eligibility or devise an IEP, discuss placement, or discuss and determine a compensatory education plan.

On 12/19/06, a second HOD was issued. In this HOD, the hearing officer ruled that DCPS violated the 06/02/06 HOD, by failing to convene an MDT meeting within 15 days of receipt of the independent evaluations. The HOD then ordered DCPS to convene such a meeting

before the beginning of the 2006 winter recess.  However, despite a second HOD requiring DCPS to convene an MDT / IEP meeting, DCPS still neglected to schedule a meeting.  No MDT meeting occurred before the winter recess, in violation of the 12/19/06 HOD.   Additionally, no further evaluation of the student, such as a Functional Behavioral Assessment or a psychological consultation, both of which were recommended by the independent evaluations, was conducted.

As a result of all the above violations and denials of appropriate services, the parent through counsel filed a due process complaint.  This complaint alleged that DCPS failed to comply with the 12/19/06 HOD, failed to provide J.J. with an appropriate placement, failed to provide him with an appropriate IEP or related services (including individual and group therapy), failed to complete a psychiatric consultation or a Functional Behavioral Assessment, and failed to provide J.J. with compensatory education for its denial of FAPE for the past two to three school years.

On 04/05/07, a hearing was convened and for the hearing the parent through counsel disclosed the due process complaint, the 06/02/06 and 12/19/06 HODs, the 08/7/06 clinical evaluation, the 09/06/06 psycho-educational, the 10/02/06 facsimile confirmation to DCPS re: evaluations, the 03/28/06 Mary Center mental health progress report, J.J.'s 2006 SY grade report cards, suspension notices, an 03/23/06 letter from his school counselor, 03/29/06 document request letters, and 04/13/06 certificate of no records.

## STATEMENT OF UNDISPUTED FACTS

1. J. J. is an 11-year old student African American male residing in the District of Columbia.

2. J.J. has attended DC public schools his entire educational career and his report card reflect below level scores and his evaluations reflect major regression. J.J. attended Noyes and Tubman ES for his elementary years.

3. On 03/28/06, the Mary Center issued a mental health progress report, diagnosing J.J. with a Conduct Disorder, and recommending that a psychosocial be performed, as well as further recommending that J.J. receive a placement in a highly-structured behavioral modification educational placement. The report also indicated that a psycho-educational evaluation was appropriate, considering the student's poor academic performance reflected learning disabilities. (AR at 62-64).

4. On 06/02/06, a Hearing Officer's Determination (HOD) was issued which ordered an independent psycho-educational evaluation and a comprehensive psychological evaluation (including a clinical) for J.J. The HOD further ordered DCPS to convene an MDT meeting within 15 business days of receipt of the independent evaluations to review the evaluations, determine eligibility and, if appropriate, develop an appropriate IEP, discuss and determine placement, and discuss and determine a compensatory education plan. (AR. at 40-44)

5. On 08/17/06, an independent clinical psychological evaluation was completed. This evaluation stated that J.J. was below grade level in both reading and mathematics, and that his academic performance was impaired by his severe, negative social-emotional behavior. The clinical psychologist went on to diagnose J.J. with a Conduct Disorder, and subsequently recommended that he be placed in a small, structured classroom environment, that a Functional Behavioral Assessment should be performed, and that J.J. should receive both individual and group psychological therapy. (AR. at 45-50)

6. On 09/06/06, an independent psycho-educational evaluation was complete which categorized J.J.'s overall cognitive functioning as low, with low-average scores in both verbal and nonverbal reasoning skills, as well as spelling and math reasoning. His written expression and math calculation skills fell in the borderline range, and his reading comprehension was significantly delayed and deficient. Furthermore, the evaluation noted his history of disruptive

5

behaviors and overall poor social-emotional conduct. The evaluation recommended that J.J. receive special education services as a student with the disability of Learning Disabled. (AR at 51-59)

7. On 10/02/06, the two independent evaluations were provided to DCPS via facsimile. Upon receipt of the evaluations, DCPS still failed to adhere to the 06/06/06 HOD by not convening the MDT / IEP meeting within the 15 business days to discuss J.J.'s eligibility or devise an IEP, discuss placement, or discuss and determine a compensatory education plan. (AR at 60-61)

8. On 12/19/06, a second HOD was issued. In this HOD, the hearing officer ruled that DCPS violated the 06/02/06 HOD, by failing to convene an MDT meeting within 15 days of receipt of the independent evaluations. The HOD then ordered DCPS to convene such a meeting before the beginning of the 2006 winter recess. (AR. 35-39) However, despite a second HOD requiring DCPS to convene a MDT / IEP meeting, DCPS still neglected to schedule a meeting. No MDT meeting occurred before the winter recess, in violation of the 12/19/06 HOD. Additionally, no further evaluation of the student, such as a Functional Behavioral Assessment or a psychiatric consultation, both of which were recommended by the independent evaluations, was conducted.

9. As a result of all the above violations and denials of appropriate services, the parent through counsel filed a due process complaint on 02/14/07 (AR at 94-98). This complaint alleged that DCPS failed to comply with the 12/19/06 HOD, failed to provide J.J. with an appropriate placement, failed to provide him with an appropriate IEP or related services (including individual and group therapy), failed to complete a psychiatric consultation or a Functional Behavioral Assessment, and failed to provide J.J. with compensatory education for its denial of FAPE for the past two to three school years. (AR. 94-98).

6

10.    On 03/19/07, a resolution meeting was held between the parties. However as not all issues raised by the complaint could be resolved, parent, through counsel elected to move forward with the due process hearing.  (AR. 99)

11.    On 04/05/07, a hearing was convened and for the hearing, the parent through counsel disclosed the due process complaint, the 06/02/06 and 12/19/06 HODs, the 08/7/06 clinical evaluation, the 09/06/06 psycho-educational, the 10/02/06 facsimile confirmation to DCPS re: evaluations, the 03/28/06 Mary Center mental health progress report, J.J.'s 2006 SY grade report cards, suspension notices, an 03/23/06 letter from his school counselor, 03/29/06 document request letters, and 04/13/06 certificate of no records.

12.    For the hearing, DCPS disclosed the 03/19/07 resolution meeting notes but did not disclose any documentation to show attempts to adhere with the HODs or with IDEIA.

13.    During the said hearing, DCPS did not provide any documentation to show that they had made any attempts to comply with the previous HODs, to convene the eligibility meeting.  In fact according to the transcripts (herein after cited as Tr.) DCPS' attorney stated that there was no documentation to show that DCPS made attempts to comply with the three different HODs ordering DCPS to convene a meeting to make an eligibility decision.  (Tr. at 157 & 163, 166-167)

14.    On 04/20/07, the hearing officer issued a HOD in which he dismissed the claim against DCPS, even though DCPS had yet to convene an MDT meeting for the student to discuss and determine his eligibility, develop an IEP, discuss placement or discuss and determine a compensatory education plan.  (AR at 2-6)

# ARGUMENT
## STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment shall be entered for the moving party when there is no genuine issue of material fact. In ruling on a motion for summary judgment, the trial court addresses two issues: (1) whether the pleading, depositions, answers to interrogatories, admissions and affidavits show that there is no genuine dispute as to any material fact and (2) whether the movant is entitled to judgment as a matter of law. In addition, inferences to be drawn from underlying facts must be viewed in the light most favorable to the opposing party, and even if it is unlikely that the opposing party will not prevail at trial. *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

In decision interpreting Rule 56, the United States Supreme Court has disapproved any continued reluctance by trial courts to grant summary judgment in appropriate cases stating:

> Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the [rules of procedure] which are designed "to secure the just, speedy and inexpensive determination of every action."

*Celotex Corp. v. Cartarett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555 (1986)(citations omitted).

The IDEA provides for judicial review in state and federal court for "[a]ny party aggrieved by the findings and decision" rendered in a due process hearing. See 20 U.S.C. §1415(i)(2)(A). 20 U.S.C. §1415(e)(2) states that "the court shall review the records of the administrative proceedings, shall hear additional evidence at the request of the party, and basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." District Court's review of a challenge to an administrative ruling brought under the Individuals with Disability Education Act (IDEA) base its decision on "preponderance of the evidence" in exercising its independent judgment at arriving at an appropriate placement and

8

programming decision. 20 U.S.C. §1415(i)(2)(B); See <u>Lenn v. Portland School Committee</u>, 998 F.2d 1083 (1st Cir. 1993).

The district court reviewing an HOD should "defer to the hearing officer's factual findings based on credibility judgment unless the non-testimonial, extrinsic evidence on the record would justify a contrary conclusion." <u>S.H. v. State-Operated School Dist. Of the City of Newark</u>, 336 F.3d 260, 269-71 (3rd Cir. 2003) (citations omitted).

### A. THE COURT SHOULD REVERSE THE HEARING OFFICER'S DETERMINATION THAT DISMISSED THE CASE EVEN THOUGH DCPS DID NOT COMPLY WITH THE 12/19/06 HOD AND DCPS DID NOT MAKE A DETERMINATION AS TO ELGIBILITY AND DID NOT PROVIDE JJ WITH SPECIAL EDUCATION SERVICES

Pursuant to the Consent Decree entered in *Blackman v. District of Columbia, Civil Action No. 97-1629 (D.D.C. Aug. 24, 2006)*, there is a rebuttable presumption of harm when a student is denied timely hearings or HOD and for students who failed to receive timely implementation of HODs and SAs. (Blackman/Jones Consent Decree, ¶ 74 at 39). In the instant case, DCPS failed to rebut this presumption of harm but yet the Hearing Officer dismissed Plaintiffs' complaint based on his erroneous interpretations of the facts and failure to take into consideration the fact that the record is devoid of any evidence that DCPS made any attempts to convene the meeting. According to the 12/19/06 HOD, DCPS was to convene a meeting to determine eligibility and complete an IEP if eligible and to determine placement and compensatory education. Although DCPS has had the evaluations in their possession since 10/02/06, DCPS did not convene the meeting. *AR at 60-61.* As a result, the student did not have an appropriate IEP because the team did not meet and as a result, the student did not receive any special education services. However, J.J.'s evaluations determined that he was a student in need of special education services. Therefore, from October 2006 when DCPS was put on notice of the student's need until the

9

filing of the due process complaint in February, DCPS did not provide the student with an IEP or any services. Therefore, DCPS has failed to provide the student with a Free Appropriate Public Education (FAPE)

Additionally, where a school district has refused to implement a hearing officer's decision, courts generally find irreparable harm. *See e.g.*, *Olson, et al. v. Robinsdale Area Schools, et al.*, *2004 U.S. Dist. LEXIS 9858 (D. Minn. 2004)*; *Kantak v. Board of Educ., Liverpool Central School Dist.*, *1990 U.S. Dist. LEXIS 20986, 1990 WL 36803, at 2 (N.D.N.Y. 1990)* (holding that the "continued deprivation of the service . . . determined to be necessary to serve [the] individual education requirements . . . produce(s) a sufficient injury"). The "injury is actual and imminent because [the student] is currently being deprived of the free appropriate public education to which [he or] she is entitled under the IDEA." *Olson, et al v. Robinsdale Area Schools, et al* 2004 U.S. Dist. LEXIS 9858 at n8 (*citing* *A.T. v. New York State Educ. Dept.*, *1998 U.S. Dist. LEXIS 23275, 1998 WL 765371, at \*10 (E.D.N.Y. 1998*)).  In this case the fact that DCPS admitted on the record that there was no documentation to show that attempts were made to convene the meeting shows that J.J. was "being deprived of the free appropriate public education to which [he or] she is entitled under the IDEA." *See Olson*

The right to have a hearing officer's decision carried out is a right "secured by the laws of the United States." *Robinson v. Pindwerhughes*, 810 F.2d 1270, 1275 (4th Cir. 1987). Additionally, a hearing officer's decision, save for appeal, "shall be final." 20 U.S.C. § 1415(i)(1)(A). In this case DCPS made no attempts to appeal the 12/19/06 HOD decision and as a result was required to comply with it; since DCPS did not comply with it they have violated the HOD. Therefore, J.J.'s right to have the order carried out in it's entirety was violated and as a result, he has been denied a FAPE.

In the instant case, J.J. was harmed because DCPS did not comply with the 06/02/06 and the 12/19/06 HODs because although all his evaluations indicated that he qualifies for special education services, DCPS failed to convene a meeting to implement the recommendations in the evaluations. Pursuant to 34 CFR §300.306(a)(1), upon the completion of evaluations, "a group of qualified professionals and the parent of the child determines whether the child is a child with a disability…." In this case despite several HODs and their receipt of the evaluations, DCPS failed to meet upon completion of the evaluations and failed to determine whether J.J. was a child with a disability and as a result failed to adhere to IDEIA and as such has failed to provide J.J. with a FAPE.

In the instant case, there is clear documentations of the several letters and communications to the school system by the parent's attorney requesting evaluations and requesting the reconvening of the meeting since DCPS unilaterally held the meeting without the mother. However, as the evidence shows, DCPS did not comply with providing the parent with the opportunity to participate.

### B. THE COURT SHOULD REVERSE THE DETERMINATION BECAUSE THE HEARING OFFICER ERRED IN HIS DECISION AS HE DID NOT HAVE ANY EVIDENCE TO SHOW THAT DCPS COMPLIED WITH THE HOD OR PROVIDED THE STUDENT WITH THE RECOMMENDED SERVICES

According to the record, DCPS provided no documentation to show that they made any attempts to convene a meeting prior the filing of the complaint. On several different occasions during the hearing DCPS counsel admitted that there was no documentation to show that the attempts were made to convene the meeting. (Tr. at 157 & 163, 166-167) However, for whatever reason the Hearing Officer erroneously made the decision to dismiss the case and made a finding that the parent's attorney delayed the process. The hearing officer applied *Lesesne v. D.C. (Civil Action*

*No. 04-0620, July 26 2005)* erroneously. The Hearing Officer has listed facts that do not apply to this case because although the Hearing Officer continues to refer to DCPS-4 there is no such document in the record. The only documents in record dealing with a meeting are notices that deal with convening the resolution session meeting and those documents were provided post-hearing and were not provided in the 5-day disclosure. In fact all the invitations and responses from parent's attorney are in reference to the resolution session meeting. (AR at 110-129)

    Furthermore, this case is very different from *Lesesne* because in *Lesesne* the school system sent notices to the parent's attorney prior the attorney filing the complaint but instead of attending the meeting, they filed for a due process hearing. According to the evidence that the Hearing Officer is relying on, these notices only came about after the filing of the complaint and theses notices were for a resolution session meeting. Additionally, the January 2006(AR at 125) meeting notice pre-dates the June 2, 2006 HOD and the November 8, 2006 (AR at 128) meeting notice pre-dates the December 19, 2006 HOD and as a result, cannot be used as evidence to show that DCPS attempted to convene the meeting per the 12/19/06 HOD.
According to the record, the Hearing Officer seems determined to rule in favor of DCPS even if he had to apply facts that do not relate to this case. This fact is clear because how could he have found that the parent's attorney delayed the process when DCPS counsel herself proffered that there was no documentation that attempts were made to convene the meeting prior to the filing the complaint. (Tr. at 157 & 163, 166-167) Although the Hearing Officer outlines when the school system received the evaluation and the so-called attempts that were made, he has misconstrued the facts and slanted them to fit into his ruling.

    During the hearing the Hearing Officer told the parent's attorney that he is not sure why they were at the hearing because as far he was concerned, the school system has offered the parent what she wanted. (Tr. at 212-213) Although the parent's attorney tried to explain to the

12

hearing officer the fact that there were several issues in the complaint that include the allegation that J.J. should have already been determined eligible, he should have an IEP and an appropriate placement, the Hearing Officer did not listen.  (Tr. at 207)  According to *Christine Davis v. DC,* Civil Action No. 05-2176, a parent is not required to accept the school system's offer in a resolution session meeting if he or she is not satisfied.  In the *Christine Davis* case, the hearing officer dismissed the case, stating that the DCPS had provided the parent with a good offer but the district court disagreed, stating that even if attorney fees were the issues, if the parent was not satisfied with the offer she does not have to accept.  Therefore, the HOD should be overturned as it is based on incorrect information and is based on biased.

      According to 20 U.S.C. §1415(f)(3)(E), ". . . a decision made by a hearing officer shall be made on substantive grounds based on a determination of whether the child received a free appropriate public education."  In this case, J.J. showed extreme inappropriate behaviors, and his evaluations indicated that he needed special education services.  However, tht did not happen and so was denied a FAPE.  According to Florence *County School District Four, et al. v. Shannon Carter*, 510 U.S. 7, 'when a public school system had defaulted on its obligations under the Act, a private school placement is "proper under the Act" if the education provided by the private school is "reasonably calculated to enable the child to receive educational benefits."'  As a result, since J.J. was not provided with services per his evaluations, DCPS has defaulted on their obligation.  Tuition reimbursement for a denial of FAPE is appropriate if the parent's choice of school can meet the child's needs. *Sch. Comm. Of Burlington v. Dep't of Ed.*, 471 U.S. 359, 368, 105 S. Ct. 85 L. Ed. 2d 385 (1985)  During the hearing the witness from High Road testified to the accommodations that they can provide J.J.  High Road testified that they can provide J.J. with with educational benefit and can meet his needs.

During the hearing, the DCPS did not present any evidence or testimony to indicate that they made any attempts to convene a meeting or to provide him with services. In fact DCPS rested on the record, (Tr. at 203) which did not include any documentation that DCPS made any attempts to comply with the 12/19/06 HOD.

## CONCLUSION

**WHEREFORE**, the Plaintiffs respectfully request this Honorable Court to grant plaintiff's motion for summary judgment and vacate the Hearing Officer's Decision entered April 20, 2007 and place the student at High Road. In addition, the court should grant the Plaintiffs' request for attorneys' fees and costs for this action and the administrative proceedings.

>Respectfully Submitted,
>THE LAW OFFICES OF CHRISTOPHER N. ANWAH, PLLC
>
>By: _____/s/FatmataBarrie/s/_____
>Fatmata Barrie, Bar #485122
>LAW OFFICES OF CHRISTOPHER N. ANWAH, PLLC
>10 R Street, NE
>Washington, D.C. 20002
>Phone: (202) 626-0040
>Fax: (202) 626-0048
>Email: fbarrie@verizon.net

## CERTIFICATE OF SERVICE

I HEREBY certify that copies of the foregoing motion were electronically filed on July 7, 2008 and the court would notify parties using Court's e-file system.

>_____/s/FatmataBarrie/s/_____
>Fatmata Barrie

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

**LATONIA JENKINS, et al**     *
                               *
    **Plaintiff**     *
                               *
                               *     **Civil Action No. 07-1283 (RWR)**
**v.**                         *
                               *
**DISTRICT OF COLUMBIA, et al**  *
                               *
    **Defendants**     *
_____

## ORDER

**UPON CONSIDERATION** of Plaintiffs' Motion for Summary Judgment and Defendant's Oppositions thereto, it is hereby this _____ day of _____ 2008:

**ORDERED** that Plaintiffs' Motion be and is hereby GRANTED, and it is

**FURTHER ORDERED** Defendants' Motion is hereby Denied and it

**FURTHER ORDERED** that the April 20, 2007 Hearing Officer's Determination is hereby reversed, and it is

**FURTHER ORDERED** that the student is placed at High Road

**FURTHER ORDERED** that the hearing officer exceeded his authority in overturning another hearing officer's decision

**FURTHER ORDERED** that Plaintiff is awarded attorney fees for this action and the administrative action

**FURTHER ORDERED** _____

_____ **SO ORDERED**

                                  _____
                                      JUDGE