UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    :
J.J. a minor, by his mother                         :
and next friend, LATONIA JENKINS, et al.,           :
                                                    :
        Plaintiffs,                                 :
                                                    :        Civil Action No. 07-1283 (RWR)
               v.                                   :
                                                    :
DISTRICT OF COLUMBIA, et al.,                       :
                                                    :
        Defendants.                                 :
_____:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND IN
OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

This case was brought pursuant to the Individuals with Disabilities Education

Improvement Act of 2004, 20 U.S.C. §1400 et seq. ("IDEIA"). Plaintiffs seek to

overturn an April 20, 2007, Hearing Officer's Determination ("HOD") that dismissed

their claims, *finding* that Plaintiffs acted in bad faith when they failed to respond to

DCPS's attempts to schedule an ordered meeting, and *ordering* the parent, and not her

attorney, to contact DCPS directly in order to schedule the meeting. For the reasons

stated below, the HOD should be affirmed.

**FACTUAL BACKGROUND**

Pursuant to a June 2, 2006, HOD, J.J., an eleven year-old student at Noyes ES,

was to submit to an independent psycho-educational evaluation and a comprehensive

psychological evaluation (including a clinical evaluation), and the District of Columbia

Public Schools ("DCPS") was to convene a multidisciplinary team ("MDT") meeting

within fifteen business days of the of receipt of the evaluations to determine J.J.'s

eligibility, placement, and compensatory education. A.R. 30-44. On August 8, 2006,
an independent clinical psychological evaluation was completed. On September 6,
2006, an independent psycho-educational evaluation was completed. On October 2,
2006, the two independent evaluations were provided to DCPS. A.R. 205.

On November 8, 2006, an administrative hearing took place in which the
Plaintiffs argued that DCPS violated the June 6, 2006, HOD by failing to convene a
meeting by October 23, 2006. A.R. 38. That same day (November 8, 2008), DCPS
sent a letter of invitation *to parent's counsel* to attend a meeting and suggesting three
dates. Plaintiffs did not respond to that letter. A.R. 4 para. 3. Following the November
8, 2008 hearing, a December 19, 2006, HOD was issued finding that DCPS did not
convene the ordered meeting. A.R. 38. On January 10, 2007, DCPS sent a second
letter of invitation *to parent's counsel* with an additional three dates, and that letter also
went unanswered. AR. 4 para. 4. On February 2, 2007, in the midst of DCPS' trying to
schedule the ordered meeting, Parent's counsel filed another administrative due process
hearing complaint alleging a denial of a free appropriate public education ("FAPE")
under the IDEIA for DCPS's failure to hold the meeting ordered in the previous two
HODs. A.R. 166. Nonetheless, a *third* letter of invitation was sent *to parent's counsel*
in February, and counsel for the parent responded on February 28, 2007—indicating that
she could not make any of the three dates proposed by DCPS. A.R. 4 para. 5.

This time, however, Plaintiffs did suggest three new dates. Id. DCPS
immediately responded by suggesting two alternative dates—March 6, 2007, and March
16, 2007. *Parent's counsel did not respond until March 6, 2007*, and stated that that date
did not work. Finally, a meeting was scheduled for March 16, 2007 (but actually held on

March 19, 2007). Id. As a resolution to the hearing complaint, DCPS proposed an

"eligibility and placement meeting," the meeting it had been trying to schedule all along.

A.R. 207. Plaintiff rejected this offer. A.R. 4 para 6. On March 19, 2007, DCPS did

conduct an MDT meeting anyway, and the notes from that meeting indicate that Noyes

ES "has made at least five attempts to schedule the meeting for [J.J.]. . . ." (All attempts

were properly documented.) A.R. 22.

A hearing on the due process complaint was held on April 5, 2007. The HOD at

issue here was issued on April 20, 2007, and found that Plaintiffs acted in bad faith when

they failed to respond to DCPS's attempts to schedule an ordered meeting, *ordered* the

parent, and not her attorney, to contact DCPS directly in order to schedule the meeting,

and dismissed Plaintiffs' claims. A.R. 5.

## ARGUMENT

### I.    The standard for summary judgment.

Under Rule 56(c) of the Federal Rules of Civil Procedure, a party is entitled to

summary judgment if "there is no genuine issue of material fact and the moving party is

entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 323

(1986); Tao v. Freeh, 27 F.3d 635, 638 (D.C. Cir. 1994). Although a court should draw

all reasonable inferences from the records submitted by the nonmoving party, the mere

existence of a factual dispute, by itself, is insufficient to bar summary judgment.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To be genuine, the issue

must be supported by evidence sufficiently admissible that a reasonable trier of fact could

find for the nonmoving party; to be material, the factual assertion must be capable of

affecting the substantive outcome of the litigation. Id.; Laningham v. U.S. Navy, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987).

In cases such as this, the IDEIA dictates that "the court [ ] shall receive the records of the administrative proceedings; [ ] shall hear additional evidence at the request of a party; and [ ] basing its decision on the preponderance of the evidence, shall grant such relief as the court determines appropriate." 20 U.S.C. §1415(i)(2)(B). When neither party has requested the court to hear additional evidence, the "motion for summary judgment is simply the procedural vehicle for asking the judge to decide the case on the basis of the administrative record." Heather S. v. Wisconsin, 125 F.3d 1045, 1052 (7th Cir. 1997).

## II.    The HOD on the issues specified was based on, and supported by, the record.

If a Plaintiff is aggrieved by a Hearing Officer's decision, an appeal of the decision may be brought under the IDEIA. 20 USC §1415(i)(2)(B)(iii). "The review is independent but deference is still due to a state's administrative proceedings. . ." Board of Educ. of Hendrick Hudson Central Sch. Dist. v. Rowley, 458 U.S. 176, 206 (1982). The party challenging the Hearing Officer's determination bears the burden of persuading the court that the Hearing Officer's determination was incorrect. Schaffer v. Weast, 546 U.S. 49 (2005); 5 DCMR 30 § 3030.3 (July 1, 2006). The court may, "basing its decision on the preponderance of the evidence, [ ] grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(B)(iii).

A.    **The Hearing Officer correctly determined that Plaintiffs interfered with DCPS' attempts to schedule and convene an MDT meeting pursuant to the June 6 and December 19, 2006, HODs.**

In this case, the Hearing Officer addressed whether the parent met her burden of proof that DCPS denied FAPE to the student by failing to convene an MDT eligibility meeting. A.R. 171 lines 18-21.  At hearing, Plaintiffs argued that the student's evaluations had been completed, that DCPS had failed to convene an MDT meeting pursuant to two earlier HODs, and that due to DCPS' failure, private placement was warranted. A.R. 162.  DCPS argued that Plaintiffs (through counsel) failed to respond to five invitations to attend a meeting, and that any decision as to placement was premature because the student had not yet been found eligible for special education services.  A.R. 148 and 163.  The Hearing Officer dismissed Plaintiffs' claims, finding that to the detriment of the student, Plaintiffs failed in good faith to respond to DCPS' attempts to convene the ordered meeting. A.R. 5.

In support of his finding of bad faith, the Hearing Officer relied on documentary evidence that showed DCPS did invite Plaintiffs (through counsel) to a meeting, and that Plaintiffs did not respond to those invitations.  A.R. 4.  In his decision, the Hearing Officer cites Lesesne v. District of Columbia, Civ. No. 04-0620 (D.D.C July 26, 2005), Memorandum Opinion, p. 19, dismissing plaintiff's claims where it found that plaintiff avoided an ordered meeting in order to hold out for a hearing.

Plaintiffs' Motion seeks to distinguish Lesesne, arguing that in Lesesne the meeting notices were sent *before* the hearing complaints were filed, and in this case, the notices were sent *as a response to* the hearing complaints.  Motion p. 11-12.  While true, that difference is inconsequential, and the basic point in Lesesne nonetheless applies:

overturning an HOD's dismissal of a plaintiff's case is not appropriate where plaintiffs focused their energy on litigation rather than facilitating DCPS' efforts to comply with the procedural requirements of the Act.  Lesesne v. District of Columbia, 447 F. 3d 828, 831, and 834 (D.C.Cir. 2006). See also Memorandum Opinion supra at 19.  Thus, Plaintiffs' actions here—refusing to work with DCPS to schedule the ordered meeting and instead focusing on litigation— is exactly what the court rejected in Lesesne.[1]

Even more problematic is Plaintiffs' failure here to make any showing that they attempted to work with DCPS to schedule the ordered meeting.  Rather, they seek to justify not responding to DCPS' invitations by stating that the wording of the invitations indicated that DCPS was scheduling "resolution meetings" and not "MDT meetings." Motion p. 12.  Notwithstanding that this is true, Plaintiffs fail to provide any argument regarding the decisional significance of such wording.[2]  Motion p. 12.

What is clear from the record is that Plaintiffs' immediately filed administrative due process hearing requests instead of working with DCPS to schedule a meeting, impairing DCPS's ability to resolve this matter, and ignoring the intent of the IDEIA, which requires a resolution session before proceeding to hearing where "the local educational agency is provided the opportunity to resolve the complaint. . . ."  20 U.S.C. §1415(f)(1)(B)(i).  Recently, Judge Friedman observed how troubled he was by such behavior (plaintiff's counsel refusing to attend the MDT meeting scheduled by DCPSand

---

[1] On page 12 in their Motion, Plaintiffs also argue that the meeting invitations introduced by the Defendants should not have been allowed into evidence by the Hearing Officer because those documents predated the HODs that ultimately found that the meeting was not held. Plaintiffs' point is a mere distraction. First, they failed to raise this argument at hearing, and ultimately it is incorrect. The Defendants offered this evidence not to show that the meeting was held, but to show that the Plaintiffs were invited. (Plaintiffs incorrectly state the year of the January invitation as 2006, a close reading of the invitation makes it clear that the invitation was sent in January 2007.)

[2] Plaintiffs' Motion (p 12 and throughout) also refers to the record as being "devoid" of any invitation to a meeting ordered in the HOD.  This is not true. Again, Plaintiffs' argument is based on the wording of the invitations to a resolution meeting, and not an MDT meeting.  See exhibit 1.

ordered in the HOD): "The special education bar should not flatly refuse to cooperate with Defendants, either out of frustration, or out of the hope that it will enable their clients to obtain a private placement from this Court or any other." Blackman v. District of Columbia, Civ. No. 97-1629 (D.D.C., February 1, 2008), Memorandum Opinion, p. 6.

Accordingly, because the Plaintiffs have failed to show by a preponderance of the evidence the HOD finding that Plaintiffs acted in bad faith was wrong, the administrative Hearing Officer's determination should be affirmed.[3]

**B.    Any discussion of placement is not appropriate here.**

**1.    The Hearing Officer correctly stated that any argument as to placement at hearing was premature.**

In their Motion, Plaintiffs seem to argue that DCPS defaulted on its obligation to hold a meeting, and as a result this Court should order placement at the High Road Academy.  Motion p. 13.  However, as the Hearing Officer correctly noted at the hearing, *this student has not been found eligible for special education, a key component to any rights that he may have under the IDEIA*, and without a finding of eligibility (and an Individualized Education Plan ("IEP")), a decision as to placement is premature. A.R.161 and 172, lines 7-10.

---

[3] Plaintiffs' Motion (pp. 9-10) references the consent decree issued in Blackman v. District of Columbia, 454 F. Supp. 2d 1 (D.D.C. 2006), for its legal standard, and as the basis for asserting injuries to the student in this appeal.  However, this case was brought under the IDEIA, and the standards specific to the Blackman class are irrelevant here.

Additionally, while Plaintiffs' Motion (p. 11 the last paragraph in section A) seems to assert that the meeting eventually held by DCPS somehow violated the IDEIA, this argument is undeveloped and lacking any citation to the record.

Earlier this week in <u>Wilkins v. District of Columbia</u>, Civ. No. 07-0808,

(D.D.C., August 18, 2008), Memorandum Opinion, pages 1-2, this Court described

the IDEIA this way:

> In order to receive federal funds for education, a state must ensure that "a free
> appropriate public education is available to all children with disabilities
> residing in the State." 20 U.S.C. § 1412(a)(1)(A). A FAPE is provided
> through the development and implementation of an Individual Education
> Program ("IEP") for each student. See <u>generally</u> <u>Winkelman v. Parma City</u>
> <u>Sch. Dist.,</u> 550 U.S. --, 127 S. Ct. 1994, 2000-01 (2007). The IEP describes
> the student's present academic level, determines the student's educational
> goals, and sets out required educational and related services, including the
> extent of the student's participation in a regular classroom. 20 U.S.C. §
> 1414(d)(1)(A); 34 C.F.R. § 300.320(a). A student's IEP is developed by a
> team that includes the student's parents, a regular education teacher, a special
> education teacher, a representative of the school district, an individual who
> can interpret evaluation results, personnel with particular knowledge of the
> student if applicable, and sometimes the student herself. 20 U.S.C. §
> 1414(d)(1)(B); 34 C.F.R. § 300.32 1(a). . . .
>
> Once developed, the IEP is then implemented through appropriate placement in
> an educational setting suited to the student's needs. See <u>Roark ex rel. Roark v.</u>
> <u>Dist. of</u> <u>Columbia,</u> 460 F. Supp. 2d 32, 35 (D.D.C. 2006). The IDEIA requires
> that the parents of a student with a disability be members of any group making a
> decision regarding the student's placement. 20 U.S.C. § 1414(e); 34 C.F.R. §
> 300.327. The placement decision, in addition to conforming to a student's IEP,
> should also consider the least restrictive environment and a setting closest to the
> student's home. 34 C.F.R. § 300.116(a), (b).

In this case, the meeting at issue was to determine the results of J.J.'s recent

evaluations, and to prescribe an IEP (including an academic placement) based on those

results.  As the Court observed above (and Federal and DC regulations require),

educational placement decisions under the IDEIA are required to be "based on the child's

IEP."  <u>Roark ex rel. Roark v. Dist. of Columbia,</u> 460 F. Supp. 2d 32, 43 (D.D.C. 2006)

citing 34 C.F.R. § 300.552 and D.C. Mun. Regs. Tit. 5, § 3013.  Plaintiffs' own witness

testified at hearing that this student did not have an IEP (A.R. 195 and 201):

> Q: Are you aware that [J.J.] does not have an IEP at this time?
> A: Yes
> Q: Now, you indicated that he was appropriate for your program, but you know
> he has no IEP and no diagnosis?
> A: Yes.

The December 19, 2006, HOD also acknowledges that this student had not yet been found eligible for special education services, and that an eligibility determination (and if necessary the development of an IEP) was the purpose of the ordered meeting. A.R. 39.

Thus, without a finding that this student is eligible for special education services, the Hearing Officer was correct in stating that he could not reach a decision as to placement, and Plaintiffs have failed to show by a preponderance of the evidence why the Hearing Officer was wrong.

2.    **Plaintiffs failed to demonstrate that the High Road Academy is an appropriate educational placement for J.J.**

Should this Court nonetheless find that a decision as to placement is ripe—and, moreover, that such a determination by the Court in the first instance would be appropriate— Plaintiffs have failed to demonstrate that a placement at the High Road Academy would be appropriate. In their Motion, Plaintiffs argue that when a school system defaults on its obligations under the IDEIA, reimbursement for private placement is appropriate under the Act if the education provided by the private placement is reasonably calculated to enable the child to receive an educational benefit, citing Burlington Sch. Comm. v. Massachusetts Dep't of Educ., 471 U.S. 359 (1985), and Florence County Sch. Dist. Four v. Carter, 510 U.S. 7 (1993). Motion, pp. 12-13. In support of their claims, Plaintiffs allege that their witness at hearing testified that the High Road Academy could provide J.J. with an educational benefit. Id. Plaintiffs'

argument is wholly inadequate, and their reliance on <u>Florence</u> and <u>Burlington</u> is misplaced.

While Plaintiffs' hearing testimony identified the High Road Academy as the preferred placement for J.J., there was *absolutely nothing* before the Hearing Officer on which a proposed placement at High Road Academy could properly have been based. Even assuming it would have been proper for the Hearing Officer to evaluate such things in the first instance, there was *no information whatsoever* on (or from) the High Road Academy concerning how its classes, teachers or capabilities would meet the determined needs of J.J.

While Plaintiffs' witness opined that the High Road Academy could provide an educational benefit to J.J.,  A.R. 198,  he could not recall whether any of the evaluations recommended a specific disability.  In other words, it was uncertain whether the student was learning disabled or emotionally disabled, and because Plaintiffs' witness was unsure of such a classification, he could not indicate whether "his school" or another location would enroll J.J.  A.R. 199-200.

Generalized assertions of appropriateness are plainly insufficient to justify a private school placement.  For placement decisions under IDEIA must be informed by specific information concerning both the student and the proposed school. Such a record-based decision is required at the administrative level, witness <u>Roark v. District of Columbia,</u> 460 F. Supp.2d 32, 44 (D.D.C. 2006), where the Court found inadequate to justify a placement just the kind of generalized testimony offered at the hearing in this case.

In Branham v. District of Columbia, 427 F.3d 7 (D.C. Cir. 2005), the Court reversed a District Court's private school placement for lack of appropriate supporting evidence. As there stated, 427 F.3d at 11-12:

> [P]lacement awards . . . must be tailored to meet the child's specific needs. . . .
>
> To inform this individualized assessment, "courts fashioning discretionary equitable relief under IDEA must consider all relevant factors." Florence County Sch. Dist. Four v. Carter, 510 U.S. 7, 16, 126 L. Ed. 2d 284, 114 S. Ct. 361 (1993); see also Reid, 401 F.3d at 523-24. Specifically, courts have identified a set of considerations "relevant" to determining whether a particular placement is appropriate for a particular student, including the nature and severity of the student's disability, the student's specialized educational needs, the link between those needs and the services offered by the private school, the placement's cost, and the extent to which the placement represents the least restrictive educational environment. . . .
>
> The record in this case contains none of the required information. . . . The record provides no insight about the precise types of educational services [the student] needs to progress. Still less does the record reveal what services High Road [the private placement ordered] would provide, the cost of those services, whether those services would meet [the student's] needs, or whether the school would provide the least restrictive appropriate educational environment. To be sure, at the April 15 status conference the Branhams' lawyer told the district court that High Road provided full-time special education services and had a contract with DCPS. But even assuming for the sake of argument that these unsupported assertions could be considered evidence, they tell us next to nothing about High Road's program or how it might serve [the student's] specific educational needs. In short, the district court knew so little about [the student's] needs and High Road's services that its placement order could not have amounted to "an informed and reasonable exercise of discretion." . . .

A court granting equitable relief under IDEIA must, like any other court doing so under any other statute, make adequate factual findings that are properly supported by the record. In Kerkam v. McKenzie, 862 F.2d 884 (D.C. Cir. 1988), the court reversed and remanded the District Court's order directing DCPS to fund a private placement for a student. Reversal was required, the Court held, because the District Court failed adequately to explain and support its determination that DCPS' proposed placement was

not appropriate, and that the private placement proposed by the parents was. <u>Kerkam</u>, 862

F.2d at 888-89.   In this case, any decision as to placement should also be denied because

Plaintiffs failed to show why the High Road Academy is appropriate.

Plaintiffs' reliance on <u>Florence</u> and <u>Burlington</u> for the proposition that failures of

the school system warrant private placement (Motion, p. 13) is of no help.   In <u>Florence</u>,

the Court held that requiring school district reimbursement of private school tuition was

permissible "only if a federal court concludes both that the public placement violated

IDEA and that the private school placement was proper under the Act." 510 U.S. at 15.

In <u>Burlington,</u> the court did not deal with placement issues, holding generally that IDEA

required states to provide "some educational benefit" on handicapped students, not "to

maximize the potential of each handicapped child," 471 U.S. at 200, and finding the

provision of services in that case to have been adequate under the statute.   Accordingly,

private placement cannot be awarded where Plaintiffs failure to demonstrate that the

preferred placement is appropriate under the IDEIA.

## <u>CONCLUSION</u>

Plaintiffs have failed to show by a preponderance of the evidence that they did not

act in bad faith by failing to respond to meeting invitations by DCPS, or that the High

Road Academy is the appropriate placement for J.J.  Therefore, the relief requested by

the Plaintiff should be denied, and the Hearing Officer's determination should be

affirmed.

Respectfully submitted,

PETER J. NICKLES
Acting Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

*/s/ Amy Caspari*
AMY CASPARI [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
August 20, 2008                                Washington, D.C. 20001

# DEFENDANT'S REPLY

# EXHIBIT 1

The "New" Crosby S. Noyes Elementary School
2725 10ᵗʰ Street, N.E.
Washington, DC 20018
(202) 281-2580    (202) 576-7397 (Fax)

*Wayne Ryan, Principal*

# FAX

To: Ms. Fatmata Berrie    Fax Number: (202) 606-0048

From: John Edwards

Date: 11/08/2006

Re: Resolution Meeting for J███ J███

Number of pages including this page: 2 pgs

442-5519
Shelia a Carter
Dec 19

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
SPECIAL EDUCATION

MULTIDISCIPLINARY TEAM
(MDT)
Meeting Notice

*Letter of Invitation*

Date __11/08/2006__

Re: Resolution Meeting for ~~Jenkins Jenkins~~

MDT Referral Date: _____

Dear ____Ms. Fatmata Berrie____

A multidisciplinary team (MDT) meeting is scheduled to discuss the status of your child's educational needs. Your participation is essential, and we look forward to your valuable input. The purpose and details of the meeting are printed below. You and the school may have additional individuals attend the meeting who have knowledge or special expertise regarding your child. Other invited participants are listed under MDT members.

**Please check one date for confirmation:**

Place/Location:

Crosby S. Noyes Elementary
2725 10th street, NE
Washington, DC 20018

☐ Date: 11/20/2006    Time: 1:30 pm _____ ; or

☐ Date: 11/21/2006    Time: 1:00 pm _____ ; or

☐ Date: 11/21/2006    Time: 2:00 pm _____

If a suggested meeting time is inconvenient, please call the counselor and/or special education coordinator for a mutual time to address the concerns. Participation by teleconference may be requested if other arrangements prove to be unsuccessful.

**\*The purpose of this meeting is to:**

☐ \* \*develop/review IEP (including consideration of extended school year (ESY) services     ☒ \*\*discuss CompEd

☒ \*\*review evaluation or reevaluation information     ☐ discuss placement     ☐ \*consider transition service needs

☒ develop the student evaluation plan (SEP)     ☒ determine manifestation     ☐ discuss quarterly review

☐ discuss documented levels of service     ☒ discuss eligibility     ☐ behavior plan review

☐ \*\*review records to support the completion of services as follows:

☐ Graduated   ☐ Completed Services   ☐ Aged Out   ☐ Transferred Out of District   ☐ Dropped out

☐ Other: _____

**\*\*Placement will be discussed.**

MDT Members:
☒ Principal or Designee     ☐ General Education Teacher     ☒ Psychologist

☒ Parent     ☒ Special Education Teacher     ☐ Other: _____

☒ LEA Representative     ☐ Speech and Language     _____

☐ Student     ☒ Social Worker     _____

Any questions you may have concerning your child's program will be discussed at the above meeting. A copy of the Procedural Safeguards for parents is enclosed for your information. If the school can be of assistance to you, please contact

_____ at _____ (school telephone number).

If the purpose of the meeting includes consideration of a transition plan, your child is invited to attend and a representative of the following agency(ies) may be invited, if appropriate

\* _____     \* _____

See attachments, when appropriate, for - EVALUATION PROCEDURES, TEST, RECORDS OR REPORTS USED

**\*After the third attempt to contact the parent, the meeting will be held without further notice.**

Please sign below and return this page to the school.

Parent/Guardian/Surrogate Signature _____

I acknowledge receipt of the Procedural Safeguards for parents (due process procedures).     ☐ Yes     ☐ No

District of Columbia Public Schools     07-02-2001     Division of Special Education     MDT Letter of Invitation to the Parent - Page 1 of 3

128

TRANSMISSION VERIFICATION REPORT

```
TIME  : 01/10/2007 15:12
NAME  : NOYES
FAX   : 5767436
TEL   : 5767436
SER.# : BROF4J638713
```

```
DATE,TIME          01/10  15:11
FAX NO./NAME       92026260048
DURATION           00:01:12
PAGE(S)            02
RESULT             OK
MODE               STANDARD
                   ECM
```

126

*Crosby S. Noyes Elementary School*
*2725 10ᵗʰ Street, NE*
*Washington, D.C. 20018*
*(202) 281-2580    (202) 576-7397 (Fax)*

*Wayne Ryan*
*Principal*

# FAX

**To:** Fatmata Barrie    **Fax Number :** (202) 626-0048

**From:** John Edwards

**CC:**

**Date:** 1/10/2007

**Re:** ▮▮▮ ▮▮▮    **Number of pages including this page:** ___
Resolution Meeting

1

127

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
SPECIAL EDUCATION

MULTIDISCIPLINARY TEAM
(MDT)
Meeting Notice

Date __01/10/2006__

MDT Referral Date: _____

Letter of Invitation

Re: __Joshua Jenkins__ Resolution meeting

Dear _____ Ms. Fatmata

A multidisciplinary team (MDT) meeting is scheduled to discuss the status of your child's educational needs. Your participation is essential, and we look forward to your valuable input. The purpose and details of the meeting are printed below. You and the school may have additional individuals attend the meeting who have knowledge or special expertise regarding your child. Other invited participants are listed under MDT members.

**Please check one date for confirmation:**

Place/Location:

Noyes ES
2725 10th Street, NE
Washington, DC 20017

| | | |
|---|---|---|
| ☐ Date: 01/22/2007 | Time: 1:00 pm | ; or |
| ☐ Date: 01/26/2007 | Time: 1:00 pm | ; or |
| ☐ Date: 01/29/2007 | Time: 1:00 pm | |

If a suggested meeting time is inconvenient, please call the counselor and/or special education coordinator for a mutual time to address the concerns. Participation by teleconference may be requested if other arrangements prove to be unsuccessful.

**\*The purpose of this meeting is to:**

☒ \* \*\*develop/review IEP (including consideration of extended school year (ESY) services    ☐ \*\*discuss CompEd

☒ \*\*review evaluation or reevaluation information    ☒ discuss placement    ☐ \*consider transition service needs

☐ develop the student evaluation plan (SEP)    ☒ determine manifestation    ☐ discuss quarterly review

☒ discuss documented levels of service    ☒ discuss eligibility    ☐ behavior plan review

☐ \*\*review records to support the completion of services as follows:

    ☐ Graduated    ☐ Completed Services    ☐ Aged Out    ☐ Transferred Out of District    ☐ Dropped out

    ☐ Other: _____

**\*\*Placement will be discussed.**

MDT Members:    ☒ Principal or Designee    ☒ General Education Teacher    ☒ Psychologist

    ☒ Parent    ☒ Special Education Teacher    ☐ Other: _____

    ☒ LEA Representative    ☐ Speech and Language    _____

    ☐ Student    ☐ Social Worker    _____

Any questions you may have concerning your child's program will be discussed at the above meeting. A copy of the Procedural Safeguards for parents is enclosed for your information. If the school can be of assistance to you, please contact

_____ John Edwards _____ at ___ 202-2812580 ___ (school telephone number).

If the purpose of the meeting includes consideration of a transition plan, your child is invited to attend and a representative of the following agency(ies) may be invited, if appropriate

    \* _____    \* _____

See attachments, when appropriate, for - EVALUATION PROCEDURES, TEST, RECORDS OR REPORTS USED

\*After the third attempt to contact the parent, the meeting will be held without further notice.

Please sign below and return this page to the school.

Parent/Guardian/Surrogate Signature _____

I acknowledge receipt of the Procedural Safeguards for parents (due process procedures).    ☐ Yes    ☐ No

District of Columbia Public Schools    07-02-2001    Division of Special Education    MDT Letter of Invitation to the Parent - Page 1 of 3

125

*Crosby S. Noyes Elementary School*
*2725 10ᵗʰ Street, NE*
*Washington, D.C. 20018*
*(202) 281-2580    (202) 576-7397 (Fax)*

*Wayne Ryan*
*Principal*

# FAX

To: ____Jani Tillery____    **Fax Number :** (202) 626-0048

**From:** ____John Edwards____

**CC:** _____

**Date:** ____3/07/2007____

**Re:** S_____ S_____ Res. Meeting    **Number of pages including this page:** ___

118

**DISTRICT OF COLUMBIA PUBLIC SCHOOLS**
**SPECIAL EDUCATION**

**MULTIDISCIPLINARY TEAM**
**(MDT)**
**Meeting Notice**

Date 03/05/2007

MDT Referral Date: _____

**Letter of Invitation**

Re: Resolution Meeting for J~~ j~~

Dear _____ Jani Tillary _____

A multidisciplinary team (MDT) meeting is scheduled to discuss the status of your child's educational needs. Your participation is essential, and we look forward to your valuable input. The purpose and details of the meeting are printed below. You and the school may have additional individuals attend the meeting who have knowledge or special expertise regarding your child. Other invited participants are listed under MDT members.

**Please check one date for confirmation:**

Place/Location:

Noyes ES
2725 10th street, NE
Washington, DC 20016

[X] Date: 03/16/2007  Time: 10:00 am  ; or
[ ] Date: _____  Time: _____ ; or
[ ] Date: _____  Time: _____

If a suggested meeting time is inconvenient, please call the counselor and/or special education coordinator for a mutual time to address the concerns. Participation by teleconference may be requested if other arrangements prove to be unsuccessful.

**\*The purpose of this meeting is to:**

[ ] \* \*develop/review IEP (including consideration of extended school year (ESY) services   [X] \*\*discuss CompEd
[X] \*\*review evaluation or reevaluation information   [ ] discuss placement   [ ] \*consider transition service needs
[X] develop the student evaluation plan (SEP)   [X] determine manifestation   [ ] discuss quarterly review
[ ] discuss documented levels of service   [X] discuss eligibility   [ ] behavior plan review
[ ] \*\*review records to support the completion of services as follows:

   [ ] Graduated  [ ] Completed Services  [ ] Aged Out  [ ] Transferred Out of District  [ ] Dropped out
   [ ] Other: _____

\*\*Placement will be discussed.

MDT Members:  [X] Principal or Designee   [X] General Education Teacher   [X] Psychologist
   [X] Parent   [X] Special Education Teacher   [ ] Other: _____
   [X] LEA Representative   [ ] Speech and Language   _____
   [ ] Student   [X] Social Worker   _____

Any questions you may have concerning your child's program will be discussed at the above meeting. A copy of the Procedural Safeguards for parents is enclosed for your information. If the school can be of assistance to you, please contact _____ at _____ (school telephone number).

If the purpose of the meeting includes consideration of a transition plan, your child is invited to attend and a representative of the following agency(ies) may be invited, if appropriate
   \* _____   \* _____

See attachments, when appropriate, for – EVALUATION PROCEDURES, TEST, RECORDS OR REPORTS USED

\*After the third attempt to contact the parent, the meeting will be held without further notice.

Please sign below and return this page to the school.

Parent/Guardian/Surrogate Signature _____

I acknowledge receipt of the Procedural Safeguards for parents (due process procedures).   [ ] Yes   [ ] No

District of Columbia Public Schools   07-02-2001   Division of Special Education   MDT Letter of Invitation to the Parent - Page 1 of 3

117

TRANSMISSION VERIFICATION REPORT

```
                                    TIME  : 03/19/2007 13:49
                                    NAME  : NOYES
                                    FAX   : 5767436
                                    TEL   : 5767436
                                    SER.# : BROF4J638713
```

```
DATE,TIME                  03/19  13:45
FAX NO./NAME               92024425097
DURATION                   00:04:19
PAGE(S)                    23
RESULT                     OK
MODE                       STANDARD
                           ECM
```

114

TRANSMISSION VERIFICATION REPORT

```
                                    TIME  : 03/19/2007 08:44
                                    NAME  : NOYES
                                    FAX   : 5767436
                                    TEL   : 5767436
                                    SER.# : BROF4J638713
```

```
        DATE,TIME                   03/19  08:44
        FAX NO./NAME                92026260048
        DURATION                    00:00:55
        PAGE(S)                     02
        RESULT                      OK
        MODE                        STANDARD
                                    ECM
```

113

8- 2-05;12:09PM;HARDY MIDDLE SCHOOL                    ;202+282+2383                # 12/ 12

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
OFFICE OF ACADEMIC SERVICES

RESOLUTION MEETING CONFIRMATION
(RMC)
PUBLIC SCHOOLS

_Noyes Elementary School_
School

Dear Parent/Guardian:

Pursuant to the Individuals With Disabilities Education Improvement Act of 2004 § 615 (f)(1)(B), this is a confirmation of your meeting to discuss your pending due process complaint and the facts that support it. The goal of the resolution meeting is to discuss the complaint and provide an opportunity for DCPS to resolve it. The IDEA 2004 requires that prior to an impartial due process hearing a resolution meeting must be held within 15 (fifteen) days of your filing your complaint.

Your participation is essential in an attempt to resolve your concerns and the school hopes that you will make every effort to attend this meeting that is required prior to a due process hearing. Please be advised that failure to attend this meeting may result in a waiver of your right to due process hearing.

The date, time and place of the meeting are printed below.

_March 19, 2007_
Date

_11:30 am_
Time

_2725 10th Street, NE._
Location
_Washington DC, 20017_

_John Edwards_
Sent By

RMC Letter of Confirmation to the Parent
6-14-05

110

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

## MEETING NOTES

### HOD

Student: J███████        J██████        ID: 9060907        Case Number: 200700000397        Date: 3/19/2007 12:

This is a Resolution Meeting to respond to the most recently filed complaint filed March 2, 2007 in regards to J██████ J██████.

All parties are present. The regular education teacher was officially excused from this resolution meeting

Mr. Edwards states that DCPS/Noyes Elementary school has made at least five attempts to schedule a resolution meeting for J██████ J██████ since his enrollment in October 2006. Noyes Elementary has provided copies of the documentation of letters of invitation and related correspondences faxed to the law of Offices Christopher Anwah, PLLC dated October 27, 2006 through March 19th, 2007 to Ms. Jani Tillery, ESQ on behalf of the parent.

In keeping with the resolution relief requested by the parent, Noyes has offered to assess J██████ J██████ for a Functional Behavioral assessment to be performed by the MDT. Noyes has also offered to hold an eligibility Meeting/IEP to review the psycho-educational and clinical evaluations done in October and September of 2006. Also, Noyes has offered to discuss compensatory education and placement at the eligibility meeting. In addition, Noyes has offered to discuss related services such as, counseling and therapy at the eligibility meeting. Noyes also wanted to discuss the need for an psychiatric consultation because the clinical was not specific in explaining the need for a consultation. Ms. Tillery didn't want to address this concern at this time.

The MDT explained that services, if warranted, could not be provided to J██████ without the eligibility meeting in order to review the results of the evaluations, nor could additional assessments be ordered until the parent has given consent through the Student Evaluation Plan. Noyes offered to schedule the eligibility and SEP meeting at the parent's next available date. The Parent's advocate, Ms. Tillery, declined the offer.

The resolution meeting is unresolved at this time.

Due Processing Hearing requested by the advocate Ms. Hillary

District of Columbia Public Schools        04-05-2005        Division of Special Education

☐ Additional Form Needed

Meeting Notes

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          :
J.J. a minor, by his mother               :
and next friend, LATONIA JENKINS, et al., :
                                          :
        Plaintiffs,                       :
                                          :        Civil Action No. 07-1283 (RWR)
        v.                                :
                                          :
DISTRICT OF COLUMBIA, et al.,             :
                                          :
        Defendants.                       :
_____ :

## DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

1.      Defendant disputes that J.J. is eleven years old at this time.  The remaining allegations are undisputed. A.R. 1.

2.      Defendants dispute that J.J. is currently enrolled in DCPS.  The remaining allegation are undisputed.

3.      Undisputed.

4.      Undisputed.

5.      Undisputed.

6.      Undisputed.

7.      Undisputed.

8.      Defendants dispute that the December 9, 2006 HOD ordered that a meeting be convened before the break. A.R. 38-39.  Defendants dispute that "it still neglected to schedule a meeting."  A.R. 4 para 3.  Defendants dispute that it violated the December 19, 2006, HOD by not convening a meeting before the break. A.R. 38-39.  Defendants dispute that any other evaluations were due at that time. A.R. 38-39.

9.      Disputed that DCPS committed denials of services, J.J. had not been found eligible.  A.R. 38-39.  The remaining allegations are undisputed.

1

10.   Undisputed.

11.   Disputed.  There is no discussion in the record or transcripts of these documents.  Record throughout.

12.   Disputed. A.R. 109-128.

13.   Disputed. A.R. 109-128.

14.   Undisputed.

Respectfully submitted,

PETER J. NICKLES
Acting Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

*/s/ Amy Caspari*
AMY CASPARI [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
August 20, 2008                               Washington, D.C. 20001

2