**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                )
J.J., et al.,                   )
                                )
         Plaintiffs,            )
                                )
         v.                     )      Civil Action No. 07-1283 (RWR)
                                )
THE DISTRICT OF COLUMBIA        )
et al.,                         )
                                )
         Defendants.            )
_____)


## MEMORANDUM OPINION

Latonia Jenkins and her minor son, J.J., brought this action under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 et seq., as amended by the Individuals with Disabilities Education Improvement Act, Pub. L. No. 108-446, 118 Stat. 2647 (2004) ("IDEA"), and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 et seq., challenging the dismissal of their administrative complaint following a hearing officer's determination ("HOD") that the plaintiffs failed to respond to attempts by the District of Columbia Public Schools ("DCPS") to schedule a meeting and failed to work with the DCPS to advance the educational review process. The plaintiffs move for summary judgment, and the defendants cross-move for summary judgment. Because the plaintiffs have not established that the hearing officer erred, the defendants' motion for summary judgment will

be granted, and the plaintiffs' motion for summary judgment will be denied.

BACKGROUND

J.J. was a student enrolled at Noyes Elementary ("Noyes"), a public school. (Compl. ¶¶ 5-6.) He was diagnosed as having a conduct disorder. On June 6, 2006, Hearing Officer Seymour DuBow ordered an independent psycho-educational evaluation and a comprehensive psychological evaluation for J.J. The hearing officer also ordered the DCPS to convene a multi-disciplinary team ("MDT") meeting within 15 business days after the receipt of J.J.'s evaluations to review the evaluations, determine J.J.'s eligibility for compensatory education, and if warranted, determine the appropriate placement and develop a compensatory and individual education plan ("IEP").[1] (A.R. 43-44.) DCPS received the evaluations on October 2, 2006, and thus was required to hold the MDT eligibility meeting by October 24, 2006. (A.R. at 38; Defs.' Stmt. of Mat. Facts Not in Dispute ("Defs.' Stmt.") ¶ 4.) However, DCPS did not do so. (Defs.' Mem. at 2; Pls.' Mem. in Supp. of Mot. for Summ. J. ("Pls.' Mem.") at 3.) Jenkins filed an administrative due process complaint alleging

---

[1] An MDT team, which is also referred to as an "IEP Team," see 20 U.S.C. § 1415(f)(1)(B)(i), develops an IEP for a disabled student. Stanton v. Dist. of Columbia, 680 F. Supp. 2d 201, 203 n.1 (D.D.C. 2010) (citing Jones ex rel. A.J. v. Dist. of Columbia, 646 F. Supp. 2d 62, 64 (D.D.C. 2009)).

that DCPS failed to provide J.J. with special education services. (A.R. at 38.)

On November 8, 2006, the special education coordinator from Noyes sent the plaintiffs' counsel a letter inviting Jenkins to select one of three possible times that month for the DCPS to conduct an MDT meeting with MDT team members to review the evaluations, discuss placement, eligibility and compensatory education, and develop a student evaluation plan ("SEP").[2] (A.R. at 128; Defs.' Stmt. ¶ 6.) The plaintiffs did not respond to that letter (A.R. at 4; Defs.' Stmt. ¶ 7), and as a result, the DCPS did not hold the meeting. On December 19, 2006, a hearing officer found that the DCPS failed to comply with the June 6, 2006 HOD and ordered the DCPS to schedule that meeting for J.J. before the 2006 Winter Recess began three days later. (A.R. at 165-66; Compl. ¶ 12; Defs.' Stmt. ¶ 8.) However, no meeting occurred before the beginning of the 2006 Winter Recess. (Compl. ¶ 12.) On January 10, 2007, the DCPS sent a second letter of invitation to Jenkins' counsel proposing an additional three dates in that month on which to hold an MDT meeting with MDT team members to review the evaluations, discuss eligibility and

---

[2] This invitation letter, and at least two that followed it in January 2007 and March 2007 also bore the text "Resolution Meeting" inserted in a "Re:" line in the caption. Parties have a right to have a resolution meeting to try to resolve a filed due process complaint. (See A.R. at 95.)

placement, and develop an IEP.  (A.R. at 125.)  The plaintiffs
did not respond to that letter.  (Defs.' Stmt. ¶ 9.)

In February 2007, Jenkins filed two administrative due
process complaints, alleging that the DCPS denied J.J. a free
appropriate public education ("FAPE") in part because the DCPS
failed to hold the MDT eligibility meeting ordered on
December 19, 2006.  (A.R. at 94-98, 132-37; Defs.' Stmt. ¶ 10;
Compl. ¶ 15.)  DCPS in February sent another letter of invitation
to Jenkins' counsel proposing three more dates for a meeting.  On
February 26, 2007, Jenkins responded by proposing three
additional dates because she could not attend a meeting on any of
the dates proposed by the DCPS.  (A.R. at 4; Defs.' Stmt. ¶¶ 11-
12.)  The DCPS responded by fax on February 28, 2007, informing
Jenkins that the dates she suggested would not work and instead
proposing two additional dates.  (A.R. at 4; Defs.' Stmt. ¶ 13.)
Jenkins responded one week later, proposing a date in March that
worked for DCPS.  The next day, DCPS sent Jenkins another letter
of invitation for that date to meet with MDT team members to
review the evaluations, discuss placement, eligibility and
compensatory education, and develop the SEP.  (A.R. at 4, 117-19;
Defs.' Stmt. ¶ 14.)

The parties met on March 19, 2007.  To resolve the
complaint, DCPS offered to hold an eligibility and SEP meeting at
Jenkins' next available date, after which any educational

services and compensatory education and placement could be
provided if they were warranted.  Jenkins and her counsel
rejected that offer.  (A.R. at 4, 109; Defs.' Stmt. ¶¶ 14-16;
Pls.' Stmt. ¶ 10.)  Jenkins "wanted a new placement . . . in
addition to the meeting and evaluations."  (Pls.' Reply at 5.)
She claims that "not all issues raised by the [due process]
complaint could be resolved," so Jenkins "elected to move forward
with the due process hearing."  (Pls.' Stmt. ¶ 10)[3].

On April 5, 2007, Hearing Officer DuBow conducted a hearing
regarding the plaintiffs' February 2, 2007 due process complaint.
(A.R. at 2.)  On April 20, 2007, that hearing officer issued an
HOD dismissing the plaintiffs' due process complaint against the
defendants.  (Defs.' Stmt. ¶¶ 18; Pls.' Stmt. ¶ 14.)  The issue
that the HOD addressed was whether "DCPS den[ied] a Free
Appropriate Public Education . . . to [J.J.] by failing to
convene an MDT/Eligibility Meeting[.]"  (A.R. at 3.)  The hearing
officer found, among other things, that DCPS made multiple
attempts to schedule a resolution meeting for J.J. between
October 2006 and the April 2007 hearing.  (A.R. at 4.)  The
hearing officer ruled:

> Counsel for the parent has not met her burden of proof
> that DCPS denied a FAPE to [J.J.] by failing to convene
> an MDT eligibility meeting.  The . . . DCPS tried on

---

[3] According to the DCPS, DCPS conducted an MDT meeting for
J.J. on March 19, 2007 anyway, despite Jenkins' decision to
continue with the due process complaint.  (Defs.' Stmt. ¶ 17.)

-6-

several occasions to convene an MDT meeting to review
evaluations and determine eligibility. . . . [S]everal
Letters of Invitation were faxed to counsel for the
parent offering various dates to convene an MDT
meeting. . . . [M]any of the delays in convening an
MDT meeting were caused by a lack of response or
unavailability of counsel for the parent and the
parent. . . . This hearing officer finds that counsel
for the parent engaged in the same type of troubling
conduct of holding out for a hearing instead of going
through the MDT educational review process that the
. . . federal courts [have] found further delays the
educational process to the detriment of the student and
fails to give the school district an opportunity to
rectify the situation. At this stage, it is in the
best interests of the student for counsel for the
parent to directly contact counsel for DCPS to arrange
a mutually agreeable date to hold an MDT Eligibility
Meeting at Noyes Elementary School.

(A.R. at 4-5.)

The plaintiffs filed this three-count complaint challenging

the hearing officer's dismissal. They allege that the DCPS

failed to provide J.J. with a FAPE in violation of the IDEA and

Section 504 of the Rehabilitation Act, that DCPS' failure to

comply with the three-day deadline for holding an MDT eligibility

meeting set forth in the December 19, 2006 order violated the

IDEA and deprived J.J. of a FAPE, and that the hearing officer

erred since there was no evidence that DCPS made any attempts to

comply with the December 19 order. (Compl. ¶¶ 23-28.)

Both parties have moved for summary judgment. The

plaintiffs argue that the "DCPS provided no documentation" to the

hearing officer to show that it attempted to convene an MDT

eligibility meeting to comply with the previous HODs. The

plaintiffs further argue that "courts generally find irreparable harm" when school districts fail to implement a hearing officer's decision, and therefore, because the DCPS did not provide J.J.'s mother the opportunity to participate in an eligibility and placement meeting, it denied J.J. a FAPE. (Pls.' Mem. at 9-11.) The defendants argue that the hearing officer correctly determined that the plaintiffs failed to carry their burden of proving that DCPS denied J.J. a FAPE because they failed to respond to DCPS' invitations to attend an MDT eligibility meeting and held out to J.J.'s detriment for litigating rather than advancing the educational review process. (Defs.' Mem. at 5-6.)

## DISCUSSION

"Rule 56(c) provides for entry of summary judgment if . . . 'there is no genuine issue as to any material fact and . . . the movant is entitled to a judgment as a matter of law.'" J.N. v. Dist. of Columbia, 677 F. Supp. 2d 314, 319 (D.D.C. 2010) (quoting Fed. R. Civ. P. 56(c)); see also Moore v. Hartman, 571 F.3d 62, 66 (D.C. Cir. 2009). "The plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In an action challenging a hearing officer's decision under the IDEA where both parties move

for summary judgment, the motions are treated as motions for judgment based on the evidence in the record if neither party introduces additional evidence.  <u>Stanton v. Dist. of Columbia</u>, 680 F. Supp. 2d 201, 205 (D.D.C. 2010).

The IDEA "'ensure[s] that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living.'"  <u>J.N.</u>, 677 F. Supp. 2d at 319 (quoting 20 U.S.C. § 1400(d)(1)(A)).  The statute gives parents the ability to file administrative complaints and "request due process hearings 'with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child.'"  <u>J.N.</u>, 677 F. Supp. 2d at 319 (quoting <u>Wright v. Dist. of Columbia</u>, Civil Action No. 05-990 (RWR), 2007 WL 1141582, at *2 (D.D.C. April 17, 2007) (quoting 20 U.S.C. § 1415(b)(6)(A))).  A court reviewing an administrative determination made in an IDEA case reviews the administrative record and may grant relief it determines to be appropriate, based upon the preponderance of the evidence.  <u>J.N.</u>, 677 F. Supp. 2d at 319 (citing <u>Wright</u>, 2007 WL 1141582, at *2).  The court must give the administrative officer's findings due weight, although less deference than would normally be accorded an

administrative decision.  J.N., 677 F. Supp. 2d at 319 (citing
Kerkam v. McKenzie, 862 F.2d 884, 887 (D.C. Cir. 1988)).  "The
burden of proof falls upon the party challenging the
administrative determination, who must 'at least take on the
burden of persuading the court that the hearing officer was
wrong.'"  Suggs v. Dist. of Columbia, 679 F. Supp. 2d 43, 48
(D.D.C. 2010) (quoting Hawkins v. Dist. of Columbia, 539 F. Supp.
2d 108, 112 (D.D.C. 2008)).  A reviewing court's primary
consideration is compliance with the procedural requirements of
IDEA; reviewing courts should avoid substituting their own
judgment for that of school agencies regarding the best
educational interests of a student.  Bd. of Educ. of Hendrick
Hudson Cent. Sch. Dist. v. Rowley, 458 U.S. 176, 206-07 (1982).

"The IDEA attempts to guarantee children with disabilities a
FAPE by requiring states and the District of Columbia to
institute a variety of detailed procedures."  D.S. v. Dist. of
Columbia, 699 F. Supp. 2d 229, 233 (D.D.C. 2010).  The procedural
safeguards present in the IDEA encourage parents to participate
fully in decisions affecting their childrens' education by
guaranteeing parents of disabled children the opportunity to
participate in their childrens' evaluation and placement.  See
Rowley, 458 U.S. at 183 n.6; see also Holland v. Dist. of
Columbia, 71 F.3d 417, 421 (D.C. Cir. 1995); LeSesne v. Dist. of
Columbia, Civil Action No. 04-0620 (CKK), 2005 WL 3276205, at *2

(D.D.C. July 26, 2005); 20 U.S.C. §§ 1414(f), 1415(b)(1).
Procedural inadequacies that deleteriously affect parents'
opportunity to participate in the IEP formulation process can
result in the denial of a FAPE.  See A.I. v. Dist. of Columbia,
402 F. Supp. 2d 152, 163-64 (D.D.C. 2005).

Furthermore, even where an educational entity denies a
student a FAPE, "courts can nevertheless deny [relief] if a
parent's own actions frustrated the school district's efforts."
Dorros v. Dist. of Columbia, 510 F. Supp. 2d 97, 100 (D.D.C.
2007) (citing Loren F. v. Atlanta Indep. Sch. Sys., 349 F.3d
1309, 1312-13 (11th Cir. 2003); MM v. Sch. Dist. of Greenville
County, 303 F.3d 523, 533-35 (4th Cir. 2002) (finding that a
child was not denied a FAPE where the school district attempted
to offer the child a FAPE but was unable to because the child's
parents failed to attend an IEP meeting and failed to notify the
school district of a suitable time to schedule the meeting); and
Doe v. Defendant I, 898 F.2d 1186, 1189 n.1 (6th Cir. 1990)).

The applicable regulations provide that an educational
entity is required to involve a student's parent at an initial
eligibility meeting:

> Upon completion of the administration of assessments
> and other evaluation measures[, a] group of qualified
> professionals **and the parent of the child** determines
> whether the child is a child with a disability . . . .

* * *

> In interpreting evaluation data for the purpose of
> determining if a child is a child with a disability
> under § 300.8, and the educational needs of the child,
> each public agency must . . . [d]raw upon information
> from a variety of sources, including aptitude and
> achievement tests, **parent input**, and teacher
> recommendations, as well as information about the
> child's physical condition, social or cultural
> background, and adaptive behavior[.]

34 C.F.R. § 300.306(a), (c) (emphasis added). Parents must also

be allowed to attend each IEP meeting:

> Each public agency must take steps to ensure that one
> or both of the parents of a child with a disability are
> present at each IEP meeting or are afforded the
> opportunity to participate, including (1) [n]otifying
> parents of the meeting early enough to ensure that they
> will have an opportunity to attend; and (2)
> [s]cheduling the meeting at a mutually agreed upon time
> and place.

34 C.F.R. § 300.322(a). However, "[a] meeting may be conducted

without a parent in attendance if the public agency is unable to

convince the parents that they should attend" and the DCPS makes

detailed records of the attempts to contact the student's

parents. Id.

Here, the plaintiffs' argue essentially that DCPS violated

the previous HODs and denied J.J. a FAPE by failing to timely

convene the MDT eligibility meeting. The hearing officer

dismissed the complaint upon determining that the behavior of

J.J.'s parent and counsel caused much of the delay in DCPS timely

convening that meeting. The hearing officer relied in part on

the opinion in Lesesne. In Lesesne, the plaintiff brought a due

process complaint on behalf of her son, alleging that the DCPS

denied her son a FAPE because the DCPS had made no attempt to

convene a meeting to develop an IEP.  Lesesne, 2005 WL 3276205,

at *3.  The hearing officer dismissed the parent's due process

complaint with prejudice "because DCPS had made reasonable

efforts before the hearing to schedule an MDT meeting, and those

efforts were frustrated by Plaintiff's counsel."  Id. at *4.

> On February 24, 2004, [a special education coordinator]
> faxed a Letter of Invitation to Plaintiff's counsel,
> proposing three dates, February 27, March 1, or
> March 3, for a MDT/IEP meeting.  Defs.' Stmt. of Mat.
> Facts ¶ 20.  Plaintiff's counsel rejected all dates by
> fax on February 26, 2004, stating that at least one
> week's notice was required and asked for three more
> dates.  Id. ¶ 21.  That same day, after receiving the
> fax, [the special education coordinator] responded by
> suggesting March 8, 9, or 10 -- all of which met the
> timing condition set by Plaintiff's counsel.  Id. ¶ 24.
> Plaintiff offered no response before an administrative
> hearing was held on March 5, 2004, by an independent
> H.O.

Id. (footnote omitted).  The district court, stating that "[i]f

there is an impetus to create an IEP on the part of the public

school system, asking the district court to intervene before one

exists appears premature" upheld the hearing officer's decision

because of the plaintiff's uncooperative behavior, and because

the plaintiff's attorney appeared to frustrate efforts to

schedule the IEP meeting in order to obtain attorneys fees.  Id.

at *7; see also Dorros, 510 F. Supp. 2d at 101 (affirming hearing

officer's decision dismissing a plaintiff's complaint alleging

that the DCPS denied the plaintiff a FAPE by failing to hold an

eligibility meeting within the statutory deadline, where

"plaintiffs, by their own conduct, delayed" the process by failing to agree on the dates for the meeting proposed by the DCPS).

The plaintiffs attempt to distinguish <u>Lesesne</u> by arguing that in <u>Lesesne</u>, the DCPS sent its invitations to convene the MDT meeting before the parent filed a due process complaint, while here the DCPS sent its meeting invitations after the plaintiffs filed due process complaints. (Pls.' Mem. at 12.) It is true that the first unanswered invitation was issued fifteen days beyond the first HOD's meeting deadline, and the second unanswered invitation was issued not within the three-day period before the winter recess began as required by the second HOD, but rather was issued only in the days after the recess ended. However, the distinction raised by the plaintiffs does not undermine two core determinations of the hearing officer - - that the plaintiffs interfered with the DCPS' eventual attempts, while technically belated, to schedule the eligibility meeting, and that it was in J.J.'s best interests for his counsel to directly contact DCPS to schedule an MDT meeting at that time. Plaintiffs neither dispute nor justify their failure to respond to the early invitations. Nor have plaintiffs provided any basis for this court to second-guess Hearing Officer DuBow's judgment that convening the MDT meeting that DCPS had been proposing was in J.J.'s best educational interests.

The plaintiffs also argue that the HOD was flawed because the record is "devoid of any evidence that the DCPS attempted to convene [a] meeting to determine Eligibility." (See Pls.' Reply at 9.) However, the record is otherwise. The DCPS provided to the hearing officer the meeting notes from the March 19, 2007 resolution meeting, which contained a narrative description of the efforts the DCPS made to schedule the eligibility meeting. (A.R. at 108-109.) In addition, at least three of the invitations sent to the plaintiffs' attorney contained in the administrative record clearly demonstrated DCPS' attempts to schedule an eligibility meeting. (See A.R. at 116-119, 124-129.) Lastly, while the plaintiffs argue that the hearing officer wrongly ignored their argument that J.J. should have already been deemed eligible to receive services, the plaintiffs have provided no authority showing that such a determination would have been appropriately made by the hearing officer. See Dorros, 510 F. Supp. 2d at 110 (affirming hearing officer's decision that an eligibility determination was premature where the DCPS had not yet conducted an eligibility meeting).[4]

---

[4] Judgment will be entered for the defendants on the plaintiffs' claim under Section 504 of the Rehabilitation Act. Section 504 of the Rehabilitation Act "prohibits programs and entities that receive federal funding from denying benefits to, or otherwise discriminating against, a person 'solely by reason' of that individual's handicap." Robinson v. Dist. of Columbia, 535 F. Supp. 2d 38, 42 (D.D.C. 2008). "In the context of cases involving children who receive benefits pursuant to the IDEA, courts have consistently recognized that in order to establish a

<u>CONCLUSION</u>

Because the plaintiffs have not demonstrated that the April 2007 HOD was contrary to law, the defendants' motion for summary judgment will be granted, and the plaintiffs' cross-motion for summary judgment will be denied.  An appropriate order accompanies this Memorandum Opinion.

SIGNED this 8th day of March, 2011.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge

---

violation of § 504, 'something more than a mere failure to provide the free appropriate education required by [the IDEA] must be shown.'" <u>Taylor v. Dist. of Columbia</u>, 683 F. Supp. 2d 20, 22 (D.D.C. 2010) (quoting <u>Walker v. Dist. of Columbia</u>, 157 F. Supp. 2d 11, 35 (D.D.C. 2001)).  Plaintiffs may pursue a denial of a FAPE under § 504 where the plaintiffs show bad faith or gross mismanagement on behalf of the school district.  <u>Torrence v. Dist. of Columbia</u>, 669 F. Supp. 2d 68, 72 (D.D.C. 2009).  The plaintiffs' complaint does not allege, nor do the motion papers present, sufficient facts to establish bad faith or gross misconduct, and thus judgment will be entered for the defendants on that claim.